# Exhibit 1

Selendy & Gay PLLC
1290 Avenue of the Americas
New York NY 10104
212 390 9000

Jennifer Selendy
Managing Partner
212 390 9003
jselendy@selendygay.com



May 4, 2020

<u>Via E-mail</u>

Jeffrey A. Rosenthal
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006

Re: ***In re: Application of Vale S.A., Vale Holdings B.V., and Vale International S.A. for an Order Pursuant to 28 U.S.C. §1782 to Conduct Discover for Use in Foreign Proceedings***

Dear Mr. Rosenthal,

I represent Fine Arts NY LLC ("Fine Arts") and Marcos Camhis and write concerning the Application of Vale S.A., Vale Holdings B.V., and Vale International S.A. (collectively "Vale") for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings filed on April 24, 2020 (the "1782 Application").

Any legitimate purpose for the 1782 Application is obscured and undermined by the fact that Vale has cast a net so wide, without any good faith factual basis, that it recklessly ensnares and taints innocent third parties with no connection to any Steinmetz-related entities listed in the 1782 Application. We write to request that Vale take prompt measures to correct falsehoods in the 1782 Application by removing allegations relating to Fine Arts and Mr. Camhis.

As I am sure you know, HFZ Capital Group ("HFZ") is a prominent New York development company that has more than 100 large real estate development projects in New York and beyond, and therefore works with countless investors with no knowledge of, or connection to, the Steinmetz entities or the long-standing dispute between Vale and BSG Resources. By falsely, and without foundation, accusing Fine Arts and Mr. Camhis of acting for Steinmetz, and thus being involved in the acts described in your allegations

Jeffrey A. Rosenthal
May 4, 2020

against Steinmetz, Vale has inflicted serious and immediate harm on them. Likewise, we have reason to believe that Vale has provided the names of Fine Arts, Mr. Camhis, and related individuals to the press in connection with your filing of the 1782 Application, again, without any legitimate factual basis for suggesting that they have any relationship whatsoever to Steinmetz or any of his related entities as you allege in the 1782 Application. This has caused further harm to Fine Arts and Mr. Camhis and we ask that Vale take prompt steps to see that false information about these innocent third parties is not further disseminated to or by the press.

In particular, the 1782 Application incorrectly describes Mr. Camhis as a "known agent[] and nominee[] of Steinmetz's". This is a pure fabrication and without any reference to fact. In support of this falsehood, footnote 31 of the 1782 Application merely states that "Camhis is a director of Niron Metals Plc, the entity that is to be awarded valuable Guinean mining rights as a result of BSGR's purported entry into a settlement of a separate ICSID arbitration negotiated between Steinmetz and the Government of Guinea". On its face, this footnote does nothing to support the outrageous and false statement that Mr. Camhis is an agent or nominee of Steinmetz. To the extent that this footnote tries to imply that Mr. Camhis' involvement with Niron Metals Plc is in service of Steinmetz, it is wrong.

Vale's 1782 Application also falsely states that Fine Arts is "affiliated with Steinmetz" merely because it – like other innocent third parties – has an investment in 500 North Michigan Avenue in Chicago. The only support for this falsehood is Vale's equally false statement that Mr. Camhis, who represented Fine Arts in the 500 North Michigan Avenue investment, is an "agent" of Steinmetz. Vale's shoddy analysis and reasoning does not hold up and does not constitute a good faith basis for requests under 28 U.S.C § 1782 relating to Fine Arts and Mr. Camhis.

In reality, Fine Arts was established in 2012 and invested in New York real estate for many years with no connection whatsoever to HFZ. In or around 2017, Fine Arts invested in certain real estate transactions with HFZ on a purely arms-length basis and with no knowledge of, or involvement with, Steinmetz or any Steinmetz-related entity. The connections Vale attempts to draw in its 1782 Application are grossly speculative and lack any good faith basis.

Whatever merit the 1782 Application may have where directed to other third parties, it is meritless and vexatious to the extent that it is directed to Fine Arts or references Mr. Camhis *See In re RSM Prod. Corp.*, 2018 WL 1229705, at *3 (S.D.N.Y. Mar. 9, 2018) ("The fourth *Intel* factor permits the denial of a § 1782 application that is vexatious and made in bad faith."); *In re Okean B.V. & Logistic Solution Int'l*, 60 F. Supp. 3d 419, 432 (S.D.N.Y. 2014)

(denying § 1782 application where production would be intrusive and the "probative value ... [was] conjectural at best").

      Vale must immediately retract false and injurious statements made regarding Fine Arts and Mr. Camhis in the 1782 Application and must correct false information disseminated to the press. Please let us know by close of business tomorrow, Tuesday, May 5, whether you will or will not correct the 1782 Application with respect to Fine Arts and Mr. Camhis.

Sincerely,

Jennifer Selendy
Partner