UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of Vale S.A., Vale Holdings B.V., and Vale International S.A. for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings | Case No. 1:20-mc-00199-JGK-OTW |

**DECLARATION OF MARCOS CAMHIS IN SUPPORT OF FINE ARTS NY LLC'S OPPOSITION TO THE APPLICATION OF VALE S.A., VALE HOLDINGS B.V., AND VALE INTERNATIONAL S.A. FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS**

I, Marcos Camhis, hereby declare under penalty of perjury, pursuant to section 1746 of title 28 of the United States Code, as follows:

1. I submit this declaration (the "Declaration") on behalf of Fine Arts NY LLC ("Fine Arts") in support of Fine Arts' *Memorandum of Law in Opposition to the Application of Vale S.A., Vale Holdings B.V., and Vale International S.A. for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery For Use in Foreign Proceedings* ("Opposition"). I am an authorized officer of Fine Arts and have been since its formation in 2012. I am a citizen of Greece and a permanent resident of Switzerland.

2. Except as otherwise indicated herein, all facts set forth in this declaration are based upon my personal knowledge of the matters set forth herein. I am over eighteen (18) years of age and I am authorized to submit the Declaration on behalf of Fine Arts. If called upon to testify, I could and would competently testify to the facts set forth herein from my own personal knowledge, except as otherwise stated.

3. Fine Arts is organized under the laws of the State of New York for the sole purpose of investing in real estate in the United States. The sole beneficiary of such investments is a private family trust organized under the laws of New Zealand. I serve as trustee to that trust and, at all relevant times, have acted solely as an agent of the trust and, by extension, of the trust beneficiaries with respect to the activities of Fine Arts.

4. I am a banking and investment professional with over 20 years of experience across various sectors, including private equity, real estate, metals, and mining.

5. I have never conducted business on behalf of Benjamin Steinmetz or any Steinmetz-related entity mentioned in the *Application of Vale S.A., Vale Holdings B.V., and Vale International S.A. for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery For Use in Foreign Proceedings* ("1782 Application"). I have never been employed by Benjamin Steinmetz or any Steinmetz-related entity mentioned in the § 1782 Application. I have never acted as an agent, nominee or trustee of Benjamin Steinmetz or any Steinmetz-related entity mentioned in the § 1782 Application.

6. Fine Arts was established to invest in New York real estate and first invested in a Manhattan property at 232 East 59th Street in 2013. Fine Arts is, and always has been, funded solely by the private family on whose behalf it invests.

7. In 2017, Fine Arts divested its interest in 232 East 59th Street property and, through a valid IRC § 1031 exchange, invested in 500 North Michigan Avenue in Chicago, a project currently managed by HFZ Capital Group. I represented Fine Arts in this transaction in my capacity as authorized officer of Fine Arts and as the trustee of the family trust that is the ultimate beneficial owner of these real estate investments.

Prior to this transaction in 2017, Fine Arts had no business relationship with HFZ Capital Group.

8. I am aware that HFZ Capital Group deals with many real estate investors, including in relation to the management and financing of 500 North Michigan Avenue, but I have no knowledge of whether or not HFZ Capital Group has any business relationship with Benjamin Steinmetz or any Steinmetz-related entity mentioned in the § 1782 Application.

9. I confirm that all the funds for the purchase of the Fine Arts interest in 500 North Michigan Avenue derive solely from the bona fide sale of the aforementioned property held by Fine Arts until 2017. These funds were invested via the designated IRC § 1031 account and are not related, directly or indirectly, to Benjamin Steinmetz or any Steinmetz-related entity mentioned in the § 1782 Application.

10. I confirm I sit on the board of Niron Metals Plc ("Niron"), a UK-based natural resources company headed by its majority owner, Sir Michael Lawrence Davis. Davis is a prominent figure in the global mining sector and the former CEO of global mining and metals firm Xstrata. I represent a minority owner on the board of Niron as part of my duties on behalf of the same private family that is the ultimate beneficial owner of Fine Arts. I have never represented Benjamin Steinmetz or any Steinmetz-related entity mentioned in the § 1782 Application in connection with my role on the board of Niron.

11. Fine Arts has business interests and a reputation that are negatively impacted by false association with Vale S.A.'s failed partnership with BSGR and/or the alleged wrongdoing in the Application.

                                                                                          _____

                                                                                           Marcos Camhis

Executed: May 8, 2020