UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF VALE S.A., VALE HOLDINGS B.V., AND VALE INTERNATIONAL S.A. FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS | Case No. 1:20-MC-00199-JGK-OTW |

**DECLARATION OF NICOLA BOULTON IN SUPPORT
OF NYSCO MANAGEMENT CORPORATION'S OPPOSITION
TO APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782**

Pursuant to 28 U.S.C. § 1746, I, Nicola Boulton, hereby declare and state as follows:

1.      I am a citizen of the United Kingdom, residing in the City of London, in the United Kingdom. I am over the age of 21 years.

2.      I am an English solicitor authorised to practice law in England and Wales.  I have practiced as a solicitor since qualification in 1994 and am also a qualified solicitor advocate.  I obtained my undergraduate degree from Oxford University and completed my post-graduate legal studies in London.  I am a partner at Byrne and Partners LLP, an English law firm.  In addition to my many years in private practice, I worked for several years as a prosecutor with the Securities and Futures Authority (a predecessor organization to the Financial Conduct Authority).

3.      I submit this Declaration in support of Nysco Management Corporation's ("Nysco")'s Opposition to the Application of Vale S.A., Vale Holdings B.V., and Vale International S.A., (collectively, "Vale") to take discovery pursuant to 28 U.S.C. § 1782 pending before the United States District Court for the Southern District of New York, case number 1:20-MC-00199 (the "Application").  I submit this Declaration to provide information about the facts and legal framework of proceedings brought by Vale in the Business and Property Courts of

England and Wales (the "London Court") captioned *"(1) Vale S.A.; (2) Vale Holdings B.V.; (3) Vale International S.A. v (1) Benjamin (Beny) Steinmetz; (2) Dag Lars Cramer; (3) Marcus Struik; (4) Asher Avidan; (5) Joseph Tchelet; (6) David Clark; (7) Balda Foundation; (8) Nysco Management Corporation"* with claim number CL-2019-000723 (the "London Proceedings").  I am counsel to defendant Nysco in the London Proceedings and am therefore intimately familiar with those proceedings.  I do not waive any of my client's legal professional privilege in this Declaration.

4. In connection with this Declaration, I have reviewed the pleadings and submissions made by the parties in the London Proceedings as well as instructive English case law, statutes, and rules.  This Declaration is based on my review of these materials and based on my own personal knowledge.  Insofar as the facts are within my own knowledge, the facts and matters set forth herein are, to the best of my own knowledge and belief, true.

## SUMMARY OF THE LONDON PROCEEDINGS

5. On April 28, 2014, Vale commenced arbitration proceedings before the London Court of International Arbitration ("LCIA") against BSG Resources Limited, a company incorporated in Guernsey ("BSGR") on grounds of fraudulent misrepresentation with respect to the joint venture in Guinea.  Vale ultimately won the arbitration, but I am informed by representatives of my client, Nysco, that BSGR and its counsel were not present at the LCIA hearing because of significant procedural irregularities.  Following the LCIA award, Vale instituted award-enforcement proceedings in the London Court (CL-2019-000269) and the U.S. District Court for the Southern District of New York (1:19-CV-03619 (VSB)).

6. On December 3, 2019, Vale issued the London Proceedings, wherein Vale asserts essentially the same fraud claims as in the LCIA Arbitration, but against other parties, including Nysco.

7. In its Particulars of Claim filed in the London Proceedings on January 15, 2020, Vale pleaded three claims: (i) a deceit claim, on the basis that the Defendants made fraudulent misrepresentations; (ii) a conspiracy claim, alleging the Defendants conspired to conceal misconduct in Guinea; and (iii) a proprietary claim. A true and correct copy of the Particulars of Claim filed in the London Proceedings is attached hereto as Exhibit 1.

8. The particulars of Vale's proprietary claim are that Vale has a proprietary right to the US$500 million it paid to BSGR on April 30, 2010, and the traceable proceeds thereof. *See* Ex. 1 at ¶ 118. Vale asserts that each of the Defendants reached a portion of said US$500 million, and therefore each Defendant holds such sums or the traceable proceeds thereof on constructive trust for Vale International. *See id.* at ¶ 119.

9. On May 18, 2020, Nysco, along with the Balda Foundation ("Balda") (collectively, the "Applicants"), filed an application for summary judgment *only* as to Vale's proprietary claim, seeking dismissal of the proprietary claims made against the Applicants (the "Summary Judgment Application"). A true and correct copy of the Summary Judgment Application Notice filed in the London Proceedings is attached hereto as Exhibit 2.

10. In particular, the Summary Judgement Application seeks *"summary judgment . . . on* [Vale's] *proprietary claims, and that such claims be dismissed"* because *"*[Vale] *ha*[s] *no reasonable prospects of success in relation to the* [proprietary] *claims as a matter of law . . . ."* Ex. 2 at 1–2.

11. The evidence filed by the Applicants in support of the Summary Judgment Application, in the form of a witness statement by Doron Levy, makes clear that Nysco and Balda challenge the legal basis of the proprietary claim. A true and correct copy of the First Witness Statement of Doron Levy filed in the London Proceedings is attached hereto as Exhibit 3. Specifically, the evidence asserts that "*as a matter of law, even assuming that the Claimants were able to establish the fraudulent misrepresentations that they allege, they would not have a good arguable case that they have proprietary rights in relation to the* [US$500 million] *because of the terms of the Share and Purchase Deed through which Vale terminated the Investment Agreements and transferred the shares obtained under the Investment Agreements to BSGR.*" Ex. 3 at ¶ 8. If the London Court was to agree with such a submission, the result would be that the basis of Vale's proprietary claims falls away, and Vale would not be allowed to proceed with the proprietary claims.

12. Vale has not yet filed evidence in reply to the Summary Judgement Application. Any such evidence must be filed no later than 15 June 2020, subject to any alternative directions that may be agreed or ordered. Such evidence would go to the legal question raised by the Summary Judgment Application, namely whether Vale has proprietary rights in relation to the US$500 million. The evidence would not relate to the tracing of funds said to be subject to the proprietary claim because the tracing element is not part of the Summary Judgment Application. I do not know the date of when a hearing of the Summary Judgment Application would take place because it is yet to be listed by the Court, however I anticipate that the hearing will be convened and decided before the end of this calendar year.

13. After the hearing of the Summary Judgment Application, the London Court will render a decision on the Summary Judgment Application. Save that Vale may serve a Reply which

responds to the arguments relating to the proprietary claim made in the defendants' Defences (and the current due date for Vale's Reply is 10 July 2020), it is unlikely that any further substantive steps will be taken in relation to the proprietary claim in the London Proceedings until the determination of the Summary Judgment Application.

14. There are two possible outcomes from the Summary Judgment Application. First, Vale's proprietary claim is dismissed against Balda and Nysco. In this case, the legal position having been established, I would expect the proprietary claim to end against all the defendants since their legal position is identical to that of Balda and Nysco. Secondly, the Summary Judgment Application is dismissed, and Vale is allowed to proceed with its proprietary claims against all of the Defendants through to determination at trial.

## THE EVIDENCE SOUGHT BY VALE

15. The evidence Vale seeks through the Application here relates only to the tracing element of its proprietary claim, and not the underlying merits of its proprietary claim itself. *See* Mem. of Law in Supp. of Appl. at 6–7, ECF No. 2 (*"By this Section 1782 petition, Vale seeks to identify the traceable proceeds of its payment to BSGR through investments in real estate located in the Southern District of New York . . . ."*).

16. Additionally, the evidence Vale seeks through the Application is expressly tied to Nysco and Balda. *See* Mem. of Law in Supp. of Appl. at 7–12, ECF No. 2 (describing New York discovery targets as being connected to a wholly-owned subsidiary of Nysco and Balda, BSG Real Estate).

## DISCOVERY REQUESTED FOR USE IN THE LONDON PROCEEDINGS

17. The matters the London Court will be required to determine on the Summary Judgment Application are whether *"the Claimants have no reasonable prospects of success in*

5

*relation to the* [proprietary] *claims as a matter of law because on a true construction of a Share Purchase Deed . . . they cannot arise and/or because they are precluded as a matter of law by the terms of which an arbitral tribunal . . . determined the First Claimant's claim for rescission and damages . . . ."* Ex. 2 at 2. These issues are matters of law relating to the underpinning of Vale's proprietary claims, and are entirely separate and distinguishable to the tracing aspect of Vale's claim for which Vale seeks discovery through its Section 1782 Application here.

18. The evidence which the Court will consider on the Summary Judgment Application is strictly limited. It will only be evidence going to the core legal question raised in the Summary Judgment Application, namely that Vale has no real prospect of succeeding on its claim. The terms of the Summary Judgment Application make it clear that the basis for the Applicants' position that Vale's proprietary claim has no real prospect of success is because of the construction of the Share Purchase Deed and/or the determination of the arbitral tribunal. *See* Ex. 2 at 2; Ex. 3 at ¶¶ 9–18. The Summary Judgment Application has nothing to do with the proprietary asset tracing exercise save that if the Applicants are successful, there will be no such tracing exercise. No "tracing" issues will be before the Court, which will determine the Summary Judgment Application on the legal principles alone and the minimal, non-controversial contextual facts.

19. Therefore, the evidence that Vale seeks in this District will not be used in or be relevant to the proprietary claim advanced in the London Proceedings until after the Summary Judgment Application is resolved, and only if it is resolved in Vale's favor. If the London Court dismisses Vale's proprietary claims against all the Defendants, or even only against the Applicants, then it is highly likely that evidence regarding tracing claims through Nysco and Balda would be irrelevant to the London Proceedings.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on the 5th day of June, 2020 in London, United Kingdom.

_____
Nicola Boulton