UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Application of Vale S.A., Vale Holdings
B.V., and Vale International S.A. for an Order
Pursuant to 28 U.S.C. § 1782 to Conduct
Discovery for Use in Foreign Proceedings

Case No. 1:20-mc-00199-JGK-OTW

**REPLY MEMORANDUM OF LAW TO NYSCO MANAGEMENT CORPORATION'S
OPPOSITION TO THE APPLICATION OF VALE S.A., VALE HOLDINGS B.V., AND
VALE INTERNATIONAL S.A. FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO
<u>CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS</u>**

CLEARY GOTTLIEB STEEN & HAMILTON LLP

Jeffrey A. Rosenthal
Lisa M. Schweitzer
Lisa Vicens
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225 2000

*Attorneys for Vale S.A, Vale Holdings B.V., and
Vale International S.A.*

## <u>TABLE OF CONTENTS</u>

**<u>PAGE</u>**

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ........................................................................................................................ 4

I.   The Application Easily Meets Section 1782's Statutory Standards ........................... 4

II.  The Discretionary Factors Under Section 1782 All Favor Discovery ....................... 8

III. Nysco Has Not Met Its Burden to Obtain a Stay ....................................................... 9

CONCLUSION ..................................................................................................................... 10

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

**<u>Rules and Statutes</u>**

28 U.S.C. §1782..................................................................................................... <u>passim</u>

Fed. R. Civ. P. Rules 26 and 45 ........................................................................ 8

**<u>Cases</u>**

<u>Bakken Resources, Inc. v. Edington</u>,
No. 1:15-cv-8686 (ALC), 2018 WL 1353271 (S.D.N.Y. Mar. 15, 2018) ........................ 9

<u>Brandi-Dohrn v. IKB Deutsche Industriebank AG</u>,
673 F.3d 76 (2d Cir. 2012) ............................................................................. 4-5

<u>Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. E.P.A.</u>,
630 F. Supp. 2d 295, 304 (S.D.N.Y. 2009) ....................................................... 9

<u>Certain Funds, Accounts and/or Inv. Vehicles v. KPMG, LLP</u>,
798 F.3d 113 (2d Cir. 2015) ............................................................................ 7

<u>Euromepa S.A. v. R. Esmerian, Inc.</u>,
51 F.3d 1095 (2d Cir. 1995) ............................................................................ 5

<u>Gorsoan Ltd. v. Bullock</u>,
652 F. App'x 7 (2d Cir. 2016) ......................................................................... 8

<u>In re Alves Braga</u>,
789 F. Supp. 2d 1294 (S.D. Fla. 2011) ............................................................ 10

<u>In re Application of Chevron Corp.</u>,
736 F. Supp. 2d 773 (S.D.N.Y. 2010)............................................................... 8

<u>In re Application of Gorsoan Ltd. & Gazprombank OJSC</u>,
No. 13 MISC. 397 PGG, 2014 WL 7232262 (S.D.N.Y. Dec. 10, 2014).......................... 8

<u>In re Application of Grupo Qumma</u>,
No. M 8-85, 2005 WL 937486 (S.D.N.Y. Apr. 22, 2005) ................................. 7

<u>In re BNP Paribas Jersey Tr. Corp. Ltd.</u>,
No. 18-MC-00047, 2018 WL 895675 (S.D.N.Y. Feb. 14, 2018)...................................... 8

-ii-

In re Children's Inv. Fund Found. (UK),
363 F. Supp. 3d 361 (S.D.N.Y. 2019)..................................................................... 5

In re Furstenberg Fin. SAS,
No. 18-mc-44 (JGK), 2018 WL 3392882 (S.D.N.Y. July 12, 2018)................................. 5

In re Gorsoan Ltd.,
No. 18-MC-431 (RA), 2020 WL 409729 (S.D.N.Y. Jan. 24, 2020) ................................ 8

In re Gushlak,
No. 11-mc-218 (NGG)(JO), 2012 WL 2564466 (Jan. 30, 2012) ...................................... 9

In re Hornbeam Corp.,
No. 14-mc-424, 2017 WL 2241522 (S.D.N.Y. May 22, 2017)........................................ 10

In re Iraq Telecom Ltd.,
No. 18-mc-458 (LSG) (OTW), 2020 WL 1876301 (S.D.N.Y. Apr. 15, 2020).................. 10

In re Noboa,
No. M-18-302 (JSM), 1995 WL 581713 (S.D.N.Y. Oct. 4, 1995).................................... 10

In re Noguer,
No. 18-MC-498 (JMF), 2019 WL 1034190 (S.D.N.Y. Mar. 5, 2019) ........................... 7, 10

In re Peruvian Sporting Goods S.A.C.,
No. CV 18-MC-91220, 2018 WL 7047645 (D. Mass. Dec. 7, 2018)............................... 7

In re Republic of Ecuador,
No. C 11-80171 CRB, 2011 WL 4434816 (N.D. Cal. Sept. 23, 2011) ........................... 7

In re Servicio Pan Americano de Proteccion,
354 F. Supp. 2d 269 (S.D.N.Y. 2004)............................................................... 10

In re Veiga,
746 F. Supp. 2d 8 (D.D.C. 2010).................................................................... 7

In re XPO Logistics,
No. 15-mc-205 (LGS), 2016 WL 3528195 (S.D.N.Y. June 22, 2016)............................ 10

Intel Corp. v. Advanced Micro Devices, Inc.,
542 U.S. 241 (2004)........................................................................1, 5, 7, 8

JHW Greentree Capital, L.P. v. Whittier Tr. Co.,
No. 05 CIV. 2985 (HB), 2005 WL 1705244 (S.D.N.Y. Jul. 22, 2005) ........................... 9

Langford v. Chrysler Motors Corp.,
513 F.2d 1121 (2d Cir. 1975) ........................................................................... 8

Linsen Int'l Ltd. v. Humpuss Sea Transport PTE LTD,
No. 09-CV-10393 (GBD), 2011 WL 1795813 (S.D.N.Y. Apr. 29, 2011)........................ 8

Louis Vuitton Malletier S.A. v. LY USA, Inc.,
676 F.3d 83, 97 (2d Cir. 2012) ................................................................... 9, 10

Malibu Media, LLC v. Doe,
No. 15-CV-3147 (AJN), 2016 WL 5478433 (S.D.N.Y. Sept. 29, 2016)......................... 8

Mees v. Buiter,
793 F.3d 291 (2d Cir. 2015) ......................................................................... 5, 7

Samad Bros., Inc. v. Bokara Rug Co. Inc.,
No. 9 CV 5843 (JFK)(KNF), 2010 WL 5094344 (S.D.N.Y. Nov. 30, 2010) ................... 9

Sampedro v. Silver Point Capital, L.P.,
No. 19-4339-cv, 2020 WL 2988693 (2d Cir. June 4, 2020) ............................................ 7

Sterling Nat. Bank v. A-1 Hotels Int'l, Inc.,
175 F. Supp. 2d 573, 579 (S.D.N.Y. 2001) ....................................................... 9

**Other Authorities**

9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure (3rd ed.
2008) ................................................................................................................... 8

Konrad Putzier, Mining Company Alleges Diamond Trader Stashed Money in New York
Real Estate, Wall Street Journal (May 7, 2020) ................................................. 3

## PRELIMINARY STATEMENT[1]

Nysco Management Corporation ("Nysco"), a lead beneficiary of a massive fraud perpetrated on Vale, is so concerned about Vale's efforts to trace the funds stolen from Vale that it urges this Court to disregard decades of Section 1782 jurisprudence and deny Vale's requested discovery because it "would impose a substantial discovery burden on the numerous respondents." Opp. at 10. Of course, there is no burden whatsoever on Nysco; Vale does not seek discovery from it. And none of these "numerous respondents" – not one – has identified a single discovery request that it contends is overbroad or unduly burdensome. To the contrary, the sole Respondent to file a substantive response essentially argued the opposite: that it should not receive a subpoena because it has no documents.

Nysco's Opposition fails on all accounts. Nysco concedes satisfaction of two of Section 1782's three statutory requirements and three of the four discretionary factors. As to the final statutory requirement, Nysco's novel effort to craft a rule that bars Section 1782 discovery during the pendency of a dispositive motion in the foreign proceeding cannot be squared with the Supreme Court's decision in Intel Corp. v. Advanced Micro Devices, Inc., which does not even require a party to file a lawsuit before it can utilize Section 1782. 542 U.S. 241 (2004). And Nysco's arguments are heavily dependent on what even it concedes this Court must not do – handicap the outcome of the foreign proceeding. But even if this Court could do that, Vale's requested evidence would be "for use" in the many aspects of the English Proceedings indisputably unaffected by Nysco's pending motion, including the worldwide freezing order ("WFO"), other claims against Nysco and other Defendants, and the execution of any judgment.

---

[1] Unless otherwise indicated, capitalized terms not defined herein have the meaning ascribed to them in the Memorandum of Law in Support of *Ex Parte* Application for an Order Pursuant to 28 U.S.C. §1782 to Conduct Discovery for Use in Foreign Proceedings, ECF No. 2.

Nysco makes no effort to show otherwise.

Nysco's argument as to the lone challenged discretionary factor also flies in the face of Second Circuit precedent establishing that Nysco lacks standing to object that the Subpoenas are "unduly burdensome or intrusive" on third parties.  Finally, Nysco neither acknowledges nor attempts to make the requisite showing that any of the five factors favor a stay.

## BACKGROUND

The Application describes in detail Defendants' corrupt scheme to acquire mining rights in Guinea and conceal their wrongdoing from Vale, leading a neutral Arbitral Tribunal constituted by the London Court of International Arbitration to find Nysco's direct subsidiary BSG Resources Limited ("BSGR") liable for fraudulent misrepresentations and bribery and award Vale more than $2 billion.  See ECF No. 2, at 3-5.  While Nysco's passing reference to "procedural irregularities" in its Opposition appears intended solely for public relations, those assertions were either abandoned by BSGR in its subsequent English High Court challenge or resoundingly rejected by the court as "hopeless."[2]  BSGR's challenge to the award has thus been finally and comprehensively determined against BSGR, and it is final, binding and enforceable.

Nysco – whose ultimate beneficial owner, Beny Steinmetz,[3] was found by the Tribunal to have participated in BSGR's defrauding of Vale by signing a certification that falsely represented that BSGR had not engaged in corruption – played a direct role in Defendants' bribery scheme, including by paying $23.5 million to intermediaries to bribe Guinean Government officials on BSGR's behalf.  Ex. KK ¶ 114.6.  Nysco received at least $371 million

---

[2] See Exs. JJ, Final Award ¶¶ 16, 26–171, MM, NN.  Nysco also mistakenly asserts that BSGR filed for administration in Guernsey after the Arbitral Tribunal issued the Award.  Opp. at 4.  In fact, as Nysco well knows since it has been funding the administration, BSGR filed for administration on February 27, 2018, more than a year before the Award was issued.  Nysco's timeline is also garbled in its discussion of the removal of the Tribunal's Chairman.  It was the newly constituted Tribunal that issued a 200+ page award against Nysco's subsidiary.
[3] BSGR stands for Beny Steinmetz Group Resources.

Case 1:20-mc-00199-JGK-OTW   Document 34   Filed 06/15/20   Page 8 of 16

of Vale's initial $500 million payment to BSGR to enter the joint venture.  Id. ¶ 120.7.

In the English Proceedings, Vale alleges that Steinmetz and Nysco entered into a conspiracy with the other Defendants to fraudulently induce Vale to enter into the joint venture with BSGR.  Vale seeks damages from Nysco and the other Defendants for claims in fraud and conspiracy, and also asserts a proprietary claim against Nysco and the other Defendants for the traceable proceeds of its payment of $500 million.  Id. ¶¶ 118–24.  In connection with these proceedings, the High Court has granted the WFO against Nysco and the other Defendants, finding that there was a real risk that they would otherwise dissipate assets so that a judgment against them would go unsatisfied.  Ex. PP.  The freezing order requires that all Defendants provide Vale with information relating to the proceeds of Vale's initial $500 million payment, including any initial and intermediate transfers, as well as "the current value, location and details of all assets that represent the traceable proceeds."  Id. ¶ 11.

Vale filed this 1782 Application on April 24, 2020.  ECF Nos. 1–6.  Defendants obviously knew about this – Nysco is the holding company for Mr. Steinmetz's family trust; indeed, a spokesman for Steinmetz discussed the Application with The Wall Street Journal.[4] Nonetheless, Nysco waited for four weeks, until May 19, 2020, before counsel for Nysco advised the Court that it had "become aware" of the Application, and requested that the Court set a briefing schedule.  ECF No. 19.  To avoid further delay, Vale served the Application on every Respondent and Defendant, including Nysco, by email, FedEx and/or personal delivery on May 21 and 22, 2020.  ECF Nos. 23, 24.  Under Local Civil Rule 6.1(b), even starting from scratch, the deadline for any opposition was June 5, 2020.  See ECF No. 24.  No Defendant (or

---

[4] Konrad Putzier, Mining Company Alleges Diamond Trader Stashed Money in New York Real Estate, Wall Street Journal (May 7, 2020), https://www.wsj.com/articles/mining-company-alleges-diamond-trader-stashed-money-in-new-york-real-estate-11588861937.

Respondent other than Fine Arts[5]) filed any such opposition by that deadline.  After Vale submitted a letter to the Court indicating that this deadline had passed without further objection, Nysco submitted its Opposition on June 8, 2020.  ECF Nos. 25–26.

On May 18, 2020, just one day before announcing here that it had "become aware" of the 1782 Application, a full 5 months after receiving details of Vale's proprietary claim and even after having previously served a substantive defense, Nysco and Defendant Balda (Steinmetz's trust) rushed out an application for summary judgment in the English Proceedings (Boulton Decl., Ex. 2), supported by a barebones 7-page witness statement with regard to Vale's proprietary claim (Boulton Decl., Ex. 3) (together the "SJ Application").  It is this coincidentally-timed SJ Application which forms the entire basis for their Opposition.  Nysco and Balda did not challenge any other claim in the English Proceedings, and no other Defendant there has moved for summary judgment on the proprietary claim or on any other issue.  Nor did Nysco or any Defendant challenge the WFO (the deadline for doing so, February 7, 2020, having long passed).  This has all the hallmarks of an ill-conceived, last-ditch attempt to throw any obstacle in the way of the 1782 Application.

## ARGUMENT

### I.      The Application Easily Meets Section 1782's Statutory Standards

Nysco does not challenge two of the three statutory requirements for a Section 1782 petition, namely that "the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made" and "the application is made by a foreign or international tribunal or any interested person."  Brandi-Dohrn v. IKB Deutsche Industriebank AG, 673 F.3d 76, 80 (2d Cir. 2012).  Nysco, however, advances the novel

---

[5] Fine Arts NY LLC ("Fine Arts") filed a timely opposition on May 8, 2020.  ECF Nos. 12–14.

proposition – for which it cites no authority – that the pendency of the SJ Application in the English Proceedings renders the evidence sought in the Subpoena not "for use in a foreign proceeding before a foreign tribunal" because is "doubtful that Vale will ever be able to use the requested discovery."[6]  Nysco's argument not only asks the Court to make multiple judgments about English law and procedure, but it contradicts decades of precedent in asking this Court to create a new requirement that dispositive motions in a foreign court must be resolved before Section 1782 discovery becomes available.  This is nonsense.

    *First*, the Supreme Court has expressly cautioned that having courts engage in conjecture about foreign law and foreign proceedings "can be fraught with danger."  Intel, 542 U.S. at 244.  Likewise, the Second Circuit has repeatedly instructed district courts not to speculate as to the outcome of foreign proceedings as a prerequisite for 1782 discovery,[7] and courts consequently "decline to engage in speculation" as to the results of foreign proceedings.[8]  A "battle-by-affidavit of international legal experts" is precisely what "Section 1782 was intended to avoid."[9]  Yet while conceding this authority, Opp. at 12–13, Nysco's brief is riddled with assertions about English law that are material to its Opposition.  For example, Nysco boldly proclaims that "there is a *substantial likelihood* that Vale will never be able to use the evidence it seeks here," Opp. at 10, and "that it is *doubtful* that Vale will ever be able to use the requested discovery in the

---

[6] Opp. at 12.

[7] See Mees v. Buiter, 793 F.3d 291, 299 (2d Cir. 2015) (refusing to impose a "necessity" standard to satisfy the "for use" requirement, because this would "entail a painstaking analysis not only of the evidence already available to the applicant, but also of the amount of evidence required to prevail in the foreign proceeding"); Brandi-Dohrn, 673 F.3d at 82 (instructing district courts not to engage in interpretation and analysis of foreign law); Euromepa S.A. v. R. Esmerian, Inc., 51 F.3d 1095, 1099–00 (2d Cir. 1995) (finding it "unwise—as well as in tension with the aims of section 1782—for district judges to try to glean the accepted practices and attitudes of other nations from what are likely to be conflicting and, perhaps, biased interpretations of foreign law").

[8] In re Children's Inv. Fund Found. (UK), 363 F. Supp. 3d 361, 377–78 (S.D.N.Y. 2019) (citing cases); In re Furstenberg Fin. SAS, No. 18-mc-44 (JGK), 2018 WL 3392882, at *5 (S.D.N.Y. July 12, 2018) ("This Court should not address" arguments that ask the "Court to consider the merits of the foreign proceeding.").

[9] Euromepa, 51 F.3d at 1099–00.

London Proceedings." Opp. at 12.[10]  This is precisely the type of assertion that the Supreme Court and Second Circuit have warned district courts against considering.

But Nysco does not stop there.  Nysco proclaims that if its SJ Application is successful, "the proprietary claim would ultimately be dismissed as to all of the defendants in the London Proceedings, since their legal position with respect to the proprietary claim is identical to that of Nysco and Balda."  Opp. at 6–7.  But other than Nysco's English counsel's bare assertion, Nysco offers this Court no basis to evaluate whether (i) "their legal position[s]" are identical, (ii) the English Court would dismiss the claims against *non-moving* Defendants, or (iii) such dismissal would come *before* discovery in England, let alone all three.  Indeed, Nysco's English counsel does not even support Nysco's assertion that it cites here; in contrast to the definitive statement in Nysco's opposition that dismissal "would" occur, Ms. Boulton's declaration says "I *would expect* the proprietary claim to end against all the defendants . . . ."  Boulton Decl., ¶ 14.[11]

As it is improper for this Court to consider any of these English legal assertions by Nysco – even were they accompanied by a shred of authority – Vale will decline to engage in a debate on English law and procedure here.  What is indisputable under English law is that document disclosure (what we know as discovery) may proceed while a summary judgment motion is pending, and is purely a case management issue for the English court.[12]  This court should not accept Ms. Boulton's invitation to defy binding precedent and predict the English court's

---

[10] Even though Nysco's SJ Application – upon which its Opposition is entirely based – was not filed until weeks after Vale's 1782 Application, Nysco bizarrely accuses Vale of "fail[ing] to meet its burden" by not showing "for use" in the face of that SJ Application, Opp. at 10, and characterizes Vale's failure to address the SJ Application as a "fatal weakness in Vale's Application."  Opp. at 12.

[11] Both formulations – in Nysco's application and the Boulton Declaration – contradict what Nysco actually argued in the SJ Application itself, in which Nysco asserted only that "Affiliates" of BSGR are identically situated.  SJ Application, at 5. Steinmetz, for one, resoundingly disclaims that he is a BSGR affiliate.  See In Re Application of Benjamin Steinmetz for an Order to take Discovery from Vale S.A., Vale Americas Inc., Rio Tinto PLC, and Rio Tinto Limited Pursuant to 28 U.S.C. § 1782, No. 1:20-mc-00212 (AJN) (S.D.N.Y. May 21, 2020), ECF No. 3, at 6.

[12] See Ex. 1, Emerald Supplies Ltd & Others v British Airways PLC & Others [2015] EWCA (Civ) 1024 (Eng.).

exercise of its discretion.

    *Second*, the SJ Application and Nysco's other English law assertions are in any event irrelevant.  <u>Intel</u> rejected the argument that 1782 discovery must be "for use" in an "imminent – very likely to occur and very soon to occur" – foreign proceeding, instead requiring only that a dispositive ruling from the foreign tribunal "be within reasonable contemplation."[13]  Thus, the phrase "for use in a foreign proceeding" simply means "something that will be employed with some advantage or serve some use" at "some stage of a foreign proceeding,"[14] and is not "limited to the actual receipt of materials into evidence in the foreign proceeding."[15]  Nysco's position cannot be squared with this broad reading of Section 1782.  Vale was free to file its Section 1782 Application before the English Proceedings were even commenced and its rights under Section 1782 do not somehow diminish now that it has filed suit in England and Defendants Nysco and Balda have moved to dismiss just one element of the claims there.  To the contrary, it is common for courts to grant Section 1782 discovery even where a dispositive motion is pending.[16]

    *Third*, even were Nysco to succeed in its SJ Application and even were it to result in the immediate dismissal of Vale's proprietary claims against non-moving Defendants, the requested

---

[13] <u>Intel</u>, 542 U.S. at 259.

[14] <u>Mees</u>, 793 F.3d at 295, 298.

[15] <u>In re Application of Grupo Qumma</u>, No. M 8-85, 2005 WL 937486, at *2 (S.D.N.Y. Apr. 22, 2005); <u>see also</u> <u>Sampedro v. Silver Point Capital, L.P.</u>, No. 19-4339-cv, 2020 WL 2988693 at *4–5 (2d Cir. June 4, 2020) (holding that documents met the "for use" requirement even where the foreign court had already denied the admission of those documents).  Nysco's reliance on <u>Certain Funds, Accounts and/or Inv. Vehicles v. KPMG, LLP</u>, 798 F.3d 113 (2d Cir. 2015), is misplaced.  In <u>KPMG</u>, the court denied the application because petitioners were not a party to *any* of the foreign proceedings, and as such, there were *no* "means of injecting the evidence into the [foreign] proceeding." <u>Id.</u> at 120–22 (emphasis added).  Here, Vale is incontrovertibly a party to the English Proceedings.

[16] <u>See, e.g.</u>, <u>In re Noguer</u>, No. 18-MC-498 (JMF), 2019 WL 1034190, at *5 (S.D.N.Y. Mar. 5, 2019) (declining stay of order granting 1782 application while an appeal was pending in Andorra); <u>In re Peruvian Sporting Goods S.A.C.</u>, No. CV 18-MC-91220, 2018 WL 7047645, at *5 (D. Mass. Dec. 7, 2018) (declining to quash "the subpoenas on the basis of an unresolved issue in a pending foreign proceeding"); <u>In re Republic of Ecuador</u>, No. C 11-80171 CRB, 2011 WL 4434816, at *6 (N.D. Cal. Sept. 23, 2011) (stating that a court need not await a foreign court's finding that it has jurisdiction before granting a § 1782 application); <u>In re Veiga</u>, 746 F. Supp. 2d 8, 23 (D.D.C. 2010) (same).

discovery would *still* be "for use" in at least two other aspects of the English Proceedings that Nysco is not challenging. *First*, the discovery is relevant to the ongoing administration of the WFO, under which all of the Defendants (including Nysco) have a continuing obligation to disclose information relevant to tracing what happened to Vale's $500 million.[17]  Courts have concluded that the "for use" requirement is satisfied when the information sought is relevant to compliance with a foreign court's freezing order.[18]  *Second*, in the event of a judgment against Defendants, the nature of their New York real estate holdings will bear on execution.[19]

## II.   Nysco Has No Standing to Challenge the Discretionary Factor It Contests

With respect to the four-factor <u>Intel</u> test, 542 U.S. at 264–65, Nysco does not dispute that three of the four factors favor Vale.[20]  It argues only that the discovery requests are "unduly intrusive and burdensome."  Opp. at 13–14.  But Nysco does not even have standing to make this objection.  As the Second Circuit has held, "[i]n the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness."[21]  This is equally true in the context of a Section 1782 application.[22]

---

[17] <u>See</u> Ex. PP, ¶ 11(3).

[18] <u>See</u> <u>In re BNP Paribas Jersey Tr. Corp. Ltd.</u>, No. 18-MC-00047, 2018 WL 895675, at *2 (S.D.N.Y. Feb. 14, 2018) (finding "for use" requirement met where information sought was relevant to whether respondent should be held in contempt of foreign court's freezing order); <u>see also</u> <u>In re Application of Gorsoan Ltd. & Gazprombank OJSC</u>, No. 13 MISC. 397 PGG, 2014 WL 7232262, at *5 (S.D.N.Y. Dec. 10, 2014); <u>Linsen Int'l Ltd. v. Humpuss Sea Transport PTE LTD</u>, No. 09-CV-10393 (GBD), 2011 WL 1795813, at *1 (S.D.N.Y. Apr. 29, 2011) (describing discovery related to foreign court's "worldwide freezing injunction").

[19] <u>In re Gorsoan Ltd.</u>, No. 18-MC-431 (RA), 2020 WL 409729, at *6 (S.D.N.Y. Jan. 24, 2020) (granting application where information sought would aid in asset identification and collection and for other additional purposes).

[20] Nysco does not contest that:  (1) the Respondents are not participants in the foreign proceeding; (2) the English High Court is receptive to U.S. federal-court judicial assistance; and (3) the request does not conceal an attempt to circumvent foreign proof-gathering restrictions or other U.S. or foreign country policies.

[21] <u>Langford v. Chrysler Motors Corp.</u>, 513 F.2d 1121, 1126 (2d Cir. 1975); <u>see also</u> 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2459 (3rd ed. 2008) ("Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought.").

[22] <u>See</u> <u>In re Application of Chevron Corp.</u>, 736 F. Supp. 2d 773, 779 n. 20 (S.D.N.Y. 2010); <u>see also</u> <u>In re Gorsoan Ltd.</u>, 2020 WL 409729 at *9 ("When reviewing whether the requested discovery is unduly intrusive or burdensome, courts must be mindful of U.S. federal discovery procedures under Rules 26 and 45 of the Federal Rules of Civil Procedure."); <u>Malibu Media, LLC v. Doe</u>, No. 15-CV-3147 (AJN), 2016 WL 5478433, at *3 (S.D.N.Y. Sept. 29, 2016) (rejecting as "incorrect" the assumption "that the 'undue burden' contemplated by Rule 45 can be something

### III.    Nysco Has Not Met Its Burden to Obtain a Stay

Nysco's stay request – whose delaying purpose is the real goal of its opposition[23] – does not even acknowledge the Second Circuit's pronouncement that a stay applicant "bears the burden of establishing its need," and "[a]bsent a showing of undue prejudice . . . or interference with [its] constitutional rights, there is no reason why plaintiff should be delayed in its efforts to diligently proceed to sustain its claim."[24]  It is unsurprising that Nysco ignores this pronouncement – it does not and cannot claim to meet this standard.  The factors in deciding whether to stay proceedings are well-known:

> (1) the private interests of the [party opposing a stay] in proceeding expeditiously with the civil litigation as balanced against the prejudice to the [party opposing a stay] if delayed; (2) the private interests of and burden on the [party seeking a stay]; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.[25]
> Nysco does not address a single one of these factors or attempt to argue that any of them

favors a stay here.  To the contrary, all five factors favor Vale proceeding at this time:

- *First*, Vale "has a substantial interest in the speedy resolution of [its] request for discovery[,]"[26] particularly given the risk that Respondents or Defendants could divest or obscure their interests in the properties described in the Application during a stay.[27]  The English High Court has already ruled in favor of Vale on a similar issue in entering the WFO against Nysco and the other Defendants.

---

other than the burden of production on the recipient of a subpoena" and holding that a third party's undue burden objections "have no place within the undue burden calculus, as the burden of literal compliance with this subpoena falls to a third-party"); Samad Bros., Inc. v. Bokara Rug Co. Inc., No. 9 CV 5843 (JFK) (KNF), 2010 WL 5094344, *4 (S.D.N.Y. Nov. 30, 2010) (holding that the party objecting to a subpoena could not "challenge the subpoena served on [a third party] based on [the third party's] interest in being free from undue burden").

[23] This follows Nysco's subsidiary's four unsuccessful stay requests in the arbitration against it.  Ex. JJ, Final Award ¶¶ 29, 36, 100, 156.

[24] Louis Vuitton, 676 F.3d 83, 97 (2d Cir. 2012) (quoting Hicks v. City of N.Y., 268 F. Supp. 2d 238, 241 (E.D.N.Y. 2003)).

[25] Bakken Resources, Inc. v. Edington, No. 1:15-cv-8686 (ALC), 2018 WL 1353271, at *4 (S.D.N.Y. Mar. 15, 2018) (quoting Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. E.P.A., 630 F. Supp. 2d 295, 304 (S.D.N.Y. 2009) (collecting cases)).

[26] In re Gushlak, No. 11-mc-218 (NGG)(JO), 2012 WL 2564466, at *8 (Jan. 30, 2012).

[27] See, e.g., JHW Greentree Capital, L.P. v. Whittier Tr. Co., No. 05 CIV. 2985 (HB), 2005 WL 1705244, at *2 (S.D.N.Y. Jul. 22, 2005) (quoting Sterling Nat'l Bank, 175 F. Supp. 2d 573, 579 (S.D.N.Y. 2001)) ("[P]ermitting a further delay during which assets can be dispersed or hidden . . . will increase the risks that plaintiff could succeed in the litigation, without being able to collect on any judgment.").

- *Second*, the burden on Nysco is nil, as Vale does not seek discovery from it.[28]
- *Third*, the Court has a "well-recognized interest in disposing of the causes on its docket with economy of time and effort for itself."[29]
- *Fourth*, Nysco does not and cannot point to any non-parties to this 1782 Application whose interests would be adversely affected by proceeding with discovery.
- *Fifth*, courts routinely hold that the public interest is served by denying attempts to stay otherwise meritorious 1782 discovery.[30]

Nysco instead asks the Court to issue a stay because (i) if its SJ Application is granted, (ii) if the non-moving Defendants get Vale's proprietary claims against them dismissed, (iii) if discovery is stayed in England pending disposition, and (iv) if this discovery would be unavailable for any other issues in dispute (none of which is established by a shred of English authority), then discovery would be "a purposeless, unduly expensive, arduous, and intrusive undertaking for over 30 discovery targets." Opp. at 15. But Nysco itself faces no burden, and no "target" has raised any particularized allegations to support Nysco's conclusory assertions here.[31]

## CONCLUSION

For the foregoing reasons, Vale respectfully requests that this Court enter an Order pursuant to Section 1782 granting leave to serve each of the Subpoenas attached as Exhibits A–II to the Declaration of Jeffrey A. Rosenthal, ECF No. 3.

---

[28] In any event, it is well-established that any purported "burden" from producing non-privileged documents does not weigh in a stay applicant's favor.  See, e.g., In re Noguer, 2019 WL 1034190, at *4 (collecting cases).

[29] Louis Vuitton, 676 F.3d at 104.

[30] See In re Iraq Telecom Ltd., No. 18-mc-458 (LSG) (OTW), 2020 WL 1876301, at *4 (S.D.N.Y. Apr. 15, 2020); In re Hornbeam Corp., No. 14-mc-424, 2017 WL 2241522, at *2 (S.D.N.Y. May 22, 2017) ("[T]he public interest weighs in favor of denying the stay, as the discovery granted under § 1782 . . . serve[s] the 'public interests in justice, fair play, and full disclosure,' as well as 'the truth in foreign actions.'").

[31] Nysco has attempted to collect the rare cases where Section 1782 discovery was stayed pending the resolution of dispositive issues in foreign proceedings, but does not describe how they relate to the present case.  In two of the cited cases, In re Hornbeam, 2017 WL 2241522, and In re Servicio Pan Americano de Proteccion, 354 F. Supp. 2d 269, 273 (S.D.N.Y. 2004), the court denied the stay application, while the court in In re XPO Logistics, lifted the stay before the issue in the foreign proceedings was resolved, see Order, In re XPO Logistics, No. 15-mc-205 (LGS), 2016 WL 3528195 (S.D.N.Y. June 22, 2016), ECF No. 120.  These cases also feature facts not present here. In XPO, In re Noboa, No. M-18-302 (JSM), 1995 WL 581713 (S.D.N.Y. Oct. 4, 1995), and In re Alves Braga, 789 F. Supp. 2d 1294 (S.D. Fla. 2011), the Section 1782 applicants allegedly sought duplicative discovery in the foreign proceeding, and in Alves Braga, the requested discovery would have violated the law of the foreign jurisdiction.

Dated: June 15, 2020
New York, New York

CLEARY GOTTLIEB STEEN & HAMILTON LLP

*/s/ Jeffrey A. Rosenthal*

Jeffrey A. Rosenthal
Lisa M. Schweitzer
Lisa Vicens
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000

*Attorneys for Vale S.A, Vale Holdings B.V., and*
*Vale International S.A.*