UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of Vale S.A., Vale Holdings B.V., and Vale International S.A. for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings | Case No. 1:20-mc-00199-JGK-OTW |

**REPLY MEMORANDUM OF LAW
TO JOINDER OF RFR HOLDING LLC, RFR REALTY LLC, R&S CHRYSLER LLC,
AND ABY ROSEN TO NYSCO MANAGEMENT CORPORATION'S OPPOSITION TO
THE APPLICATION OF VALE S.A., VALE HOLDINGS B.V., AND VALE
INTERNATIONAL S.A. FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO
<u>CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS</u>**

CLEARY GOTTLIEB STEEN & HAMILTON LLP

Jeffrey A. Rosenthal
Lisa M. Schweitzer
Lisa Vicens
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225 2000

*Attorneys for Vale S.A, Vale Holdings B.V., and Vale International S.A.*

While the Joinder filed by RFR Holding LLC, RFR Realty LLC, R&S Chrysler LLC and Aby Rosen (collectively, "RFR") raises no issues independent of Nysco Management Corporation's ("Nysco") Opposition, Vale addresses herein Nysco's claim of undue burden vis-à-vis RFR because as a proposed subpoena recipient, RFR (unlike Nysco) has standing to raise burden.[1]  RFR, however, does nothing to attempt to meet its burden of persuasion on this issue and thus its Joinder should be swiftly rejected.

Critically, RFR's Joinder makes no effort to articulate what particularized burden, if any, it would face if ordered to respond to the Subpoenas.  That is insufficient for the purposes of Section 1782.  "Under well-settled law, the party resisting production bears the responsibility of establishing undue burden."[2]  In order to meet this standard, a party must present "particularized evidence" that discovery requests "would be unduly burdensome."[3]  RFR "cannot merely assert that compliance with the subpoena would be burdensome without setting forth the manner and extent of the burden and the probable negative consequences of . . . compliance."[4]

While Nysco asserts conclusorily that directing more than thirty Respondents to search for documents constitutes a "fishing expedition," burdensomeness and intrusiveness are individualized objections that must be raised by the party facing the burden or intrusion.[5]  The four RFR entities that filed the Joinder do not argue that it is burdensome to respond to the Subpoenas individually.  And other than Fine Arts, not a single other Subpoena Respondent has objected on this or any other basis.  This includes HFZ Capital Group LLC ("HFZ") – whose

---

[1] Unless otherwise indicated, capitalized terms not defined herein have the meaning ascribed to them in the Memorandum of Law in Support of *Ex Parte* Application for an Order Pursuant to 28 U.S.C. §1782 to Conduct Discovery for Use in Foreign Proceedings, ECF No. 2.
[2] In re Application of Bloomfield Inv. Res. Corp., 315 F.R.D. 165, 168 (S.D.N.Y. 2016).
[3] Id.
[4] In re Application of Operacion y Supervision de Hoteles, S.A. de C.V. for an Order to Conduct Discovery for Use in a Foreign Proceeding, No. 14 MISC. 82 (PGG), 2015 WL 82007, at *4 (S.D.N.Y. Jan. 6, 2015).
[5] See, e.g., Malibu Media, LLC v. Doe, No. 15-CV-3147 (AJN), 2016 WL 5478433, at *3 (S.D.N.Y. Sept. 29, 2016) (holding that the only relevant burden is "the burden of production on the recipient of a subpoena").

principals and affiliates make up approximately 25 Respondents – and which has never objected despite being aware of the Application since at least May 7, 2020, when it told the Financial Times that it "ha[d] no information relevant to [the English Proceedings]" and "look[ed] forward to the court clarifying these details in the near future."[6]

Nysco's only other argument of burden is that Vale has provided "no concrete basis to support its belief that all [R]espondents received proceeds of the US$500 million Vale paid to BSGR in 2010." Opp. at 13. Yet, in order to seek discovery, Vale need not prove that Respondents actually received any such proceeds, only that it has a good faith basis that Respondents possess evidence "relevant to any party's claim or defense."[7] It is unclear that RFR even makes this assertion with respect to itself, but in any case, Vale has more than an ample basis for its good faith belief that RFR has information concerning Steinmetz's and Nysco's assets, including possibly their investment of the proceeds of the fraud committed against Vale.

Aby Rosen, RFR's principal, appears to have had a direct working relationship with Steinmetz at least as early as March 2013.[8] Around the same time, BSG Real Estate ("BSG RE") entered into a joint venture with Signa Holding GmbH ("Signa"), an Austrian real estate company founded by Rene Benko (the "BSG-Signa JV").[9] The BSG-Signa JV invested in several European real estate assets, including the largest department-store operator in Germany,

---

[6] Neil Hume, Vale Launches New York Front in Bitter Battle with Beny Steinmetz, Financial Times (May 7, 2020), https://www.ft.com/content/54d7e54f-8245-4231-b543-a55a63e8a0c0. It goes without saying that any opposition filed by HFZ at this juncture of the proceeding would be untimely and in bad faith.
[7] Fed. R. Civ. P. 26(b)(1).
[8] See Declaration of Jeffrey A. Rosenthal, dated June 15, 2020 ("Second Rosenthal Decl."), Ex. 1, Emails between Beny Steinmetz and Aby Rosen, Mar. 6, 2013 (BSGR_LCIA_0024477, 25026) (describing a prior meeting between Rosen, Steinmetz, and Steinmetz's in-law and real estate business partner Shimon Menachem, and attempting to schedule a meeting in New York).
[9] See Declaration of Jeffrey A. Rosenthal, dated April 24, 2020 ("First Rosenthal Decl."), Ex. YY, Robin Marriott, Europe News: Papa's Back, PERE News (Mar. 4, 2013), https://www.perenews.com/europe-news-papas-back/.

Galeria Karstadt Kaufhof, which Steinmetz funded in 2012.[10]

In March 2019, RFR and Signa together purchased the Chrysler Building for $150 million, reportedly funded in part by Steinmetz.[11] Today, the Chrysler Building is owned by R&S Chrysler LLC, an affiliate of RFR Holding LLC and managed by RFR Realty LLC.

These links between Steinmetz, Rosen, and Benko, the joint venture between Steinmetz's BSG RE and Benko's Signa, and Steinmetz's reported backing of RFR and Signa's purchase of the Chrysler Building more than demonstrate Vale's good faith basis for seeking discovery from RFR in support of the English Proceedings.

Dated: June 15, 2020
New York, New York

CLEARY GOTTLIEB STEEN & HAMILTON LLP

/s/ Jeffrey A. Rosenthal

Jeffrey A. Rosenthal
Lisa M. Schweitzer
Lisa Vicens
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000

*Attorneys for Vale S.A, Vale Holdings B.V., and Vale International S.A.*

---

[10] First Rosenthal Decl., Ex. MMM, Konrad Putzier, Meet the Other Man Who Bought the Chrysler Building, Wall Street J. (Jul. 23, 2019), https://www.wsj.com/articles/meet-the-other-man-who-bought-the-chrysler-building-11563879601; see also ECF No. 2 at 12-13 (describing documentary evidence and media reports detailing the BSGR-Signa joint venture, as well as documentary evidence linking Steinmetz, BSGR and/or BSG RE to each of the Subject Properties listed in the Application, including the Chrysler Building); see also Second Rosenthal Decl., Ex. 1, SMS Message from Rene Benko to Beny Steinmetz, Apr. 29, 2013 ("i could pick you up at 12:00 in geneva and we fly to the lake - i have our international star architect david chipperfield in sirmione working with our teams on our shopping center in bolzano they leave at 17:00 and we can spent the rest of the day including dinner - my plan can bring you back to geneva landing permit until 23:59 so you see also our next shopping center project where we make 100m profit best rene").

[11] First Rosenthal Decl., Ex. KKK, Beny Steinmetz, reported backer of Chrysler Building owner and HFZ, to be tried in Guinean bribery scandal, The Real Deal, (Aug. 13, 2019), https://therealdeal.com/2019/08/13/beny-steinmetz-reported-backer-of-chrysler-building-owner-and-hfz-to-be-tried-in-guinean-bribery-scandal/ (describing documentary evidence and media reports detailing Steinmetz's use of offshore LLCs to back Chrysler Building owner and Signa founder, Rene Benko, in several real estate investments and describing Steinmetz as a "silent backer of New York real estate").