

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

August 14, 2020

Via ECF

Hon. Ona T. Wang
Magistrate Judge, U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl St.
New York, NY 10007-1312

Robert J. Cleary
Member of the Firm
d +1.212.969.3340
f 212.969.2900
rjcleary@proskauer.com
www.proskauer.com

Re: *In re Application of Vale S.A. et al. for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings*

Dear Judge Wang:

    I represent Respondent Perfectus Real Estate Corp. ("Perfectus") and Tarpley Belnord Corp. ("Tarpley") and write in response to the letter filed yesterday by counsel for Vale S.A., Vale Holdings B.V., and Vale International S.A. (collectively, "Petitioners") (ECF No. 55). While we had hoped yesterday's order from the Court would obviate the need for additional back and forth on a simple scheduling matter, we are unfortunately compelled to briefly respond to Petitioners' letter and its request for interim deadlines.

    In response to the Court's order adjourning the deadline for Respondents to file a motion for a protective order, Petitioners attacked the efforts of Respondents, including Perfectus and Tarpley, to engage in a good faith meet and confer. In addition to mischaracterizing the substance of Petitioners' discussions with Perfectus and Tarpley,[1] the letter asks the Court to set artificial deadlines for meet and confers and completion of productions. This request is based on a meritless concern that Respondents will refuse to cooperate with lawfully issued subpoenas or engage in good faith meet and confer processes.

    In our view, setting any such deadlines would accomplish little and needlessly inject the Court into oversight of a process which counsel are fully able to manage. The clear purpose of the Court's order was to allow the parties to engage in a *full* meet and confer process, not one which is artificially truncated by unnecessary deadlines.

    Petitioners' subpoenas were officially issued only a few weeks ago, and seek ten years of transaction and relationship history from dozens of Respondents. In the case of Perfectus and Tarpley (and their former counsel at Bryan Cave Leighton Paisner), that includes not only analyzing the substance of materials, but coordinating the identification, transmission, and

---

[1] For example, Petitioners' letter states that the meet and confer process was to "attempt to resolve a single 'big picture issue.'" ECF No. 55, at 2. In fact, counsel for Perfectus and Tarpley suggested that although there are a number of issues with the scope of Petitioners' subpoena, we believed it made sense to first address larger threshold issues in the hopes that doing so would crystallize or eliminate many smaller issues that exist. We still believe doing so would be fruitful, and look forward to continued discussion with counsel.

**Proskauer»**

Hon. Ona T. Wang
August 14, 2020
Page 2

review of thousands of documents. Even under the best of circumstances, such a process takes time and coordinated effort, which is well underway.

A successful meet and confer process on the broad subpoenas issued by Petitioners will also take time, and need not be limited by additional Court-imposed deadlines. For example, during the meet and confer session, counsel for Petitioners stated that they needed additional time to review the responses and objections, and acknowledged that further discussions would be helpful. We agree.

Simultaneous with the on-going meet and confer process, Perfectus and Tarpley have continued to move forward in good faith, and agreed to begin producing documents next week. There is no basis to assert that Perfectus and Tarpley have not been cooperative, and we are confident that the parties can engage in a full meet and confer process, and timely production of documents. Imposing the artificial deadlines sought by Petitioners would only serve to make potentially unnecessary litigation a more likely outcome.

Therefore, we request that the Court deny Petitioners' requested interim deadlines, and allow the parties to proceed in good faith towards the Court's September 14th deadline to file motions, should that become necessary.

Respectfully submitted,


Robert J. Cleary

cc:   Counsel of Record via ECF