Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

September 14, 2020

Robert J. Cleary
Member of the Firm
d +1.212.969.3340
f 212.969.2900
rjcleary@proskauer.com
www.proskauer.com

**By ECF**

Honorable Ona T. Wang
United States Magistrate Judge
U.S. District Court for the Southern District of New York
500 Pearl Street, Room 20D
New York, New York 10007

Re:     *In re Application of Vale S.A., Vale Holdings B.V., and Vale International S.A. for an Order Pursuant to 28 U.S.C. § 1782*, 20-mc-199-JGK-OTW (S.D.N.Y.)

Dear Judge Wang:

　　We represent Perfectus Real Estate Corporation and Tarpley Belnord Corporation (collectively, "Perfectus")[1] in the above-captioned matter.  We write regarding a dispute with Petitioners Vale S.A., Vale Holdings B.V., and Vale International S.A. (collectively, "Vale" or "Petitioners") as to the scope of discovery to be produced pursuant to the Section 1782 subpoena (ECF No. 3, Exs. T, U) and this Court's Order, both dated July 20, 2020 (the "Subpoena").  We have met and conferred with Petitioners' counsel, through phone discussions on August 12, 2020 and September 10, 2020, and written Responses and Objections dated August 12, 2020 ("R&Os").  Perfectus has undertaken significant efforts to comply with the Subpoena and to work in good faith to reach an agreement with Petitioners about scope, including making a substantial production with another to be completed shortly.  However, the Subpoena contains numerous definitions and requests that are so broad as to have no reasonable limitation, are not tailored to the narrow purpose for which the Court authorized discovery, and impose undue burdens on non-party Perfectus.  Perfectus therefore submits this letter pursuant to Rule II.b of the Court's Rules and Local Rule 37.2 in anticipation of a formal motion for an order limiting the scope of discovery.

**Background and Procedural History**

　　On April 24, 2020, Vale submitted an application pursuant to 28 U.S.C. § 1782, seeking discovery from dozens of entities and individuals alleged to have potentially received funds derived from a payment made by Vale in connection with a mining investment in the Republic of Guinea (the "Application").  *See* ECF No. 2. The discovery was sought for use in proceedings pending in the United Kingdom (the "English Proceedings") before the High Court of Justice.  Perfectus is not a party to the English Proceedings.  On July 20, 2020, this Court granted the Application and authorized Vale to obtain discovery targeted towards tracing and recovering the proceeds of its payment to BSGR.  *See* ECF No. 45.

---

[1] Perfectus Real Estate Corporation is the successor to Tarpley Belnord Corporation.

**Proskauer》》**

September 14, 2020
Page 2

In its R&Os, Perfectus identified eleven categories of documents that it does not object to producing and which will transparently demonstrate the flow of funds into Perfectus over the period covered by the Subpoena, including any funds received from so-called "BSG Entities." Those categories include contracts with BSG Entities, documents reflecting payments or assets received from BSG Entities, documents reflecting interests in Perfectus or its assets held by BSG Entities and charts reflecting Perfectus' organization structure. *See* Ex. A. On August 12, during a telephonic meet and confer, Vale requested additional time to consider the R&Os. On August 27, Perfectus produced eight years of its monthly bank statements. On September 10, 2020, having received no response from Vale regarding the R&Os, Perfectus requested another telephonic meeting. At that meeting, Vale's counsel said it would "consider" Perfectus' positions, but refused to amend or narrow the scope of its requests in any way. While Perfectus remains willing to engage in further discussions, Vale's static positions and the deadline set by the Court have necessitated this letter in anticipation of a formal motion.

## Discussion

A subpoena issued pursuant to § 1782 must comply with the standards set out in Rules 26 and 45. *See Euromepa, S.A v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995) ("[A]ny and all other limitations upon discovery that would be available under Fed. R. Civ. P. 26 . . . are also available under section 1782(a)"); *In re Tiberius Group AG*, 2020 WL 1140784 at *8 (S.D.N.Y. Mar. 6, 2020) (same). Under Rules 26 and 45, the information requested in the subpoena must be relevant to the claims at issue and not impose an undue burden upon the responding party.[2] Additionally, under the balancing test identified by the Supreme Court to aid courts in determining whether discovery pursuant to § 1782 is appropriate, the court must consider whether the request is "unduly intrusive or burdensome." *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004). Here, Vale's requests (and the supporting definitions) are in many cases overbroad, seeking information that has nothing to do with Vale's stated purpose for obtaining discovery.

**Vale's Subpoena Is Overbroad and Seeks Irrelevant Information**

In its § 1782 application, Vale asserted only one reason for seeking discovery from dozens of respondents: identification of proceeds traceable to a single $500 million payment it made to BSG Resources. *See* Vale's Memo of Law (ECF No. 3) at 6-7, 13. This Court granted the Application for that limited purpose. ECF No. 45 at 9. The resulting Subpoena seeks numerous categories of documents which are not reasonably targeted to the stated purpose for the discovery and far exceed the scope of the discovery authorized by the Court. Taking just one example, Request No. 6 requires the production of "all board meeting minutes concerning any BSG Entities dated between January 1, 2010 and today." That request (and many others) are not tethered in any way to Vale's rationale for the discovery: tracing the proceeds of its payment to BSGR. It is simply

---

[2] During the meet and confer process, in an attempt to support its intransigent position, Petitioners claimed that, by authorizing the Subpoena, the Court had already decided the relevance of all its requests and definitions. That contention is at odds with statements in Petitioners' application to the Court. ECF No. 2 at 16 ("If the Court grants the application . . . Respondents will have an opportunity to object and be heard."). The Court's Order also explicitly contemplates discovery disputes, and provides for challenges pursuant to Rules 26 and 45. *See* ECF No. 45 at 8.

**Proskauer»**

September 14, 2020
Page 3

an attempt to fish for additional information about the inner workings of certain entities.  Courts in the Second Circuit routinely deny third party discovery requests where, as here, the documents requested are irrelevant to the underlying proceeding.  *See In re Tiberius Group AG*, 2020 WL 1140784 at *8 (S.D.N.Y. Mar. 6, 2020) (finding no "required nexus between the discovery sought and the underlying disputes" where applicant sought information from numerous subsidiaries whose connection to the underlying allegations was not clear).

Throughout, the Subpoena is sweepingly overbroad and burdensome.  Vale's expansively worded requests call for the production of vast categories of documents, the overwhelming majority of which simply bear no relation to their stated purpose of recovering traceable proceeds of Vale's payment to BSGR.  Again taking but one example, Request No. 3 demands "all communications and any documents concerning any communications between You and BSG Entities."  This stretches far beyond what could be necessary to trace the funds Vale paid to BSGR. Many of the definitions employed in the Subpoena are similarly overbroad.  For example, the definition of "Steinmetz's Associates," which is used as the basis for many other definitions and requests, includes *without limitation* over 40 individuals, *as well as* any employee, agent, lawyer, or associate (or other title) acting on behalf of any entity even tangentially related to Mr. Steinmetz; it goes so far as to even include those who are "not authorized to" act for Mr. Steinmetz or any entity affiliated with him.  *See* Subpoena at 6.  Relatedly, the definition of "Associate," which again underpins many requests, explicitly includes any "person or corporate entity that has an existing or past relationship with another person or corporate entity," and specifically seeks to include, among others, family, beneficiaries, debtors, creditors, customers, and suppliers.  Such an overbroad definition cannot meet the relevance and proportionality requirements of the Federal Rules.  Without limitation, compliance with these requests and definitions would require Perfectus to produce virtually all communications between itself and all related entities, as well as many unrelated entities, over a ten year period.  Courts routinely reject such broad and unreasonable requests.  *In re MT BALTIC SOUL Produktentankschiff-Ahrtsgesellschaft mgH & Co. KG*, 2015 WL 5824505, at *3 (S.D.N.Y. Oct. 6, 2015) (requests for discovery on every financial transaction with eleven different banks, "sw[ept] far too broadly to be proper" for the limited purpose stated in the §1782 application).

Perfectus has made clear in its R&Os, and in its discussions with Petitioners that it will comply with reasonably tailored requests for relevant information and has already undertaken significant efforts to produce such documents.  *See, e.g.*, Ex. A.  Because many of the requests as written are irrelevant to the limited purpose for discovery stated in Vale's Application, are overbroad in scope, and impose an undue burden on a non-party far outside what is proportional and reasonable, Perfectus believes the Subpoena must be substantially narrowed, consistent with its R&Os and Exhibit A, to require only the production of discovery actually relevant to its limited stated purpose.  We look forward to having the opportunity to address this issue with the Court and, if necessary, to provide full briefing thereon.

Respectfully submitted,

*/s/ Robert J. Cleary*

Robert J. Cleary

cc: Counsel of Record (via ECF)