# EXHIBIT 2

# MorrisonCohen LLP
Tsedey A. Bogale
(212) 735-8727
tbogale@morrisoncohen.com

August 13, 2020

**BY E-MAIL**

Samuel Levander, Esq.
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006

      Re:    *In re Application of Vale S.A., Vale Holdings B.V., et al.*,
              Civil Action No. 1:20-mc-00199-JGK-OTW

Dear Counsel:

      In connection with our telephone call this afternoon, we write on behalf of our client HFZ Capital Group LLC ("HFZ"), to request a meet and confer to discuss the subpoenas (collectively, the "Subpoenas") served on the following non-party entities and individuals: 20 West 40 Bryant Park Owner LLC, 215 Chrystie LLC, Chatsworth Realty 340 LLC, Chatsworth Realty Corp., Feldman Family 2007 Trust, Helene Feldman, Ziel Feldman, John Shannon, Nir Meir, 76 Eleventh Avenue Property Owner LLC, HFZ 40 Broad Street LLC, HFZ 88 Lexington Avenue Owner LLC, HFZ 90 Lexington Avenue Owner LLC, HZ 235 West 75th Street Owner LLC, HFZ 301 West 53rd Street Owner LLC, HFZ 344 West 72nd Street Owner LLC, HFZ 501 West LLC, HFZ Bryant Park Owner LLC, HFZ Capital Group LLC, HFZ Highline LLC, HFZ Highline Property Owner LLC, HFZ Highline Retail Owner LLC, HZ KIK 30th Street LLC, HFZ KIK 30th Street Mezzanine LLC, HFZ KIK 30th Street Owner LLC, HFZ West 30th Street Partners LLC.

      HFZ objects to the Subpoenas in their entirety.

      In the first instance, you have issued nearly thirty subpoenas to separately named entities and individuals, and have included among them various individuals (including family trusts) who appear to have been named solely because they are connected to the Feldman or HFZ. We can discern no particular reason for issuing so many subpoenas, other than that you do not know what you're looking for and simply decided to serve everyone. That is improper. There needs to be a good faith basis for serving a subpoena, especially on a non-party.

      In any event, the Subpoenas themselves are overly broad in scope, and go far beyond the stated purpose of tracing funds originating from Mr. Benny Steinmetz. As a general matter, the Subpoenas fail to specifically identify the particular particular persons, entities or projects in which you believe Mr. Steinmetz's funds were purportedly invested. Instead, you have broadly

defined "BSG Entities" to include over one hundred different entities and individuals, and have effectively asked us to search all of our records. You have also we search documents concerning "indirect" ownership and transactions, and have asked for information that pertains specifically to HFZ. None of the targets of the Subpoenas are parties to your litigation. Your client has an obligation to narrow the scope of the requests and tailor them and reduce the burden on such non-parties.

Requests 1-9, 12:

HFZ objects to the requests, because they are overly broad and unduly burdensome. The definition of BSG Entities identifies approximately one hundred individuals and entities set forth in Paragraphs 6, 8, 9, 10 and 11, 17-21 of the definitions in the Subpoena, and their agents, employees, investors, representatives, and the like. Combined with the very broad definition of "HFZ," these requests seek documents and communications among more than one hundred different individuals and entities. The requests also go well beyond the purpose of "tracing" funds. Indeed, Request No. 3 seeks "[a]ny and all communications and documents" between HFZ and any BSG Entities.

Requests 1-9:

HFZ also objects to the requests because the time period is overly long. Particularly insofar as the stated purpose of the discovery is to trace use of a portion of the $500 million in funds that Steinmetz obtained from Vale in 2010, you should be able to narrow the time period to reflect when your client believes relevant transactions may have taken place.

Requests for "indirect" payments, investments and interests

HFZ also specifically objects to the use of the word "indirect" to broaden the scope of the requests. (Requests Nos. 5, 7-9). Thus, for example, Request No. 5 seeks "any and all documents concerning direct or indirect payments and transfers of assets and/or funds between HFZ and BSG Entities," and Request No. 7 seeks "any and all documents concerning BSG Entities as direct and indirect investors, shareholders, and lenders." Such requests are impossibly broad, and require HFZ to render judgment as to what constitutes an "indirect" as opposed to "direct" payment or investment or interest. This improper and vague attempt to broaden the requests makes even more transparent the "fishing" nature of these requests.

Request 10:

HFZ objects to Request No. 10, which seeks all information concerning documents submitted to the government on certain HFZ deals. This request is for information that is specific to HFZ, and has little or no relevance to tracing funds that may have originated from Mr. Steinmetz.

Request 11:

HFZ objects to Request 11, which seeks discovery concerning certain published media statements. Whether or not unnamed sources actually made statements attributed to them by some third-party media source is totally irrelevant to tracing funds.

As set forth above, HFZ objects to disclosure under the Subpoenas. We are available to meet and confer. Barring an agreement significantly narrowing the Subpoenas, we intend to file a letter-motion requesting that the Court grant an extension to the motion to quash deadline (acknowledging your denial of consent) and requesting a pre-motion conference to file a motion to quash pursuant to the Court's deadlines. Please let us know your availability to meet and confer this evening or early morning tomorrow.

    Sincerely yours,

    *Tsedey Bogale*

    Tsedey A. Bogale