# CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

WASHINGTON, D.C. • PARIS • BRUSSELS • LONDON • MOSCOW
FRANKFURT • COLOGNE • ROME • MILAN • HONG KONG
BEIJING • BUENOS AIRES • SÃO PAULO • ABU DHABI • SEOUL

D: +1 212 225 2086
jrosenthal@cgsh.com

THOMAS J. MOLONEY
STEVEN M. LOEB
CRAIG B. BROD
NICOLAS GRABAR
HOWARD S. ZELBO
DAVID E. BRODSKY
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
ANDRES DE LA CRUZ
DAVID C. LOPEZ
MICHAEL A. GERSTENZANG
LEV L. DASSIN
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
DIANA L. WOLLMAN
JEFFREY A. ROSENTHAL
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
SUNG K. KANG
SANDRA L. FLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN

BREON S. PEACE
CHANTAL E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
COLIN D. LLOYD
COREY M. GOODMAN
RISHI ZUTSHI
JANE VANLARE
DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
ABENA A. MAINOO
HUGH C. CONROY, JR.
JOSEPH LANZKRON
MAURICE R. GINDI

KATHERINE R. REAVES
RAHUL MUKHI
ELANA S. BRONSON
MANUEL SILVA
KYLE A. HARRIS
LINA BENSMAN
ARON M. ZUCKERMAN
RESIDENT PARTNERS

SANDRA M. ROCKS
JUDITH KASSEL
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
HEIDE H. ILGENFRITZ
KATHLEEN M. EMBERGER
AVRAM E. LUFT
ANDREW WEAVER
HELENA K. GRANNIS
JOHN V. HARRISON
CAROLINE F. HAYDAY
NEIL R. MARKEL
KENNETH S. BLAZEJEWSKI
LAURA BAGARELLA
JONATHAN D.W. GIFFORD
SUSANNA E. PARKER
DAVID W.S. YUDIN
RESIDENT COUNSEL

LOUISE M. PARENT
OF COUNSEL

September 15, 2020

VIA ECF

The Honorable Ona T. Wang
United States District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

> Re:  *In re Application of Vale S.A., Vale Holdings B.V., and Vale International S.A. for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings*, No. 20-mc-199-JGK-OTW

Dear Judge Wang:

We write on behalf of Vale S.A., Vale Holdings B.V., and Vale International S.A. (collectively, "Vale") and all the Respondents in the above-captioned proceeding, in connection with the attached Stipulation and Proposed Protective Order (the "Protective Order").[1]  In order to best accommodate the discovery in this case, the parties have agreed to make certain modifications to Your Honor's model protective order.  Per Your Honor's Individual Practices in Civil Cases, the parties jointly file this letter to explain the modifications made to the letter and the disagreement with respect to Vale's proposed paragraph 8 in the Protective Order.[2]  The agreed modifications are as follows:

- **Ordered Paragraph.** The parties have crafted the Protective Order to be applicable to the nature of the proceeding under 28 U.S.C. § 1782.  As such, there will be no pre-trial phase and the Protective Order will be applicable to the entire proceeding.

---

[1]    The Protective Order, attached hereto as Exhibit 1, contains a paragraph 8 in brackets, which is being proposed by Vale.  The parties' respective positions as to the inclusion of this paragraph is detailed below.
[2]    A redline showing the changes between Your Honor's model protective order and the Protective Order is attached hereto as Exhibit 2.

The Honorable Ona T. Wang, p. 2

- **Paragraph 2.** The parties have clarified paragraph 2 to make clear that the information sought in the section 1782 subpoenas served in accordance with Your Honor's Order Granting Ex Parte Application to Conduct Discovery for Use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782, ECF No. 45 (the "Order") will be used in connection with an English proceeding (Vale S.A. & Others v. Steinmetz & Others, No. CL-2019-000723, the "English Proceeding") in the High Court of Justice – Business and Property Courts of England and Wales (the "English High Court").

- **Paragraph 3.** With regards to the procedures following a designation dispute, The parties have agreed to meet and confer before bringing any challenge to the Court and agreed that the challenging party may do so within 3 days in an effort to ensure any disputes do not lead to undue delay in the production and use of documents.

- **Paragraphs 4 and 5.** The parties agreed to slight modifications to these paragraphs to account for the use of documents in the English Proceeding.

- **Paragraph 6.** The parties agreed to modify paragraph 6 in order to limit the parties that would be required to sign an acknowledgment regarding the Protective Order due to the impracticality of requesting acknowledgments from certain parties under the specific circumstances of this case and protections already in place in the English Proceedings.  In particular, the parties have added "Parties to the English Proceedings" as parties that may receive Confidential Information without signing an acknowledgement because such parties would be entitled to see Confidential Information if it is filed with the English High Court in the English Proceeding. However, as discussed below in regards to paragraph 11, such filings would likely not be filed publicly and under English law any party to the English Proceeding who receives Confidential Information in this way would be prevented from using it for any purpose other than in the English Proceeding without the permission of the English High Court or if the document has been read to or by the court or referred to at a hearing held in public.  Moreover, the parties also agree that counsel to the parties, this Court, the English High Court, and any of its personnel do not need to sign an acknowledgment to be bound by the Protective Order.

- **Paragraph 11.** Factual documents of the nature that will be produced in this case and which may be filed as evidence in the English Proceeding are not typically filed publicly in English proceedings.  As such, absent a few exceptions at the discretion of the English High Court, Confidential Information produced in this case and filed in the English Proceeding will be available to the Court and to the parties to the English Proceeding, but will not otherwise be publicly available.  Therefore, the parties have agreed that the receiving party will provide the producing party with notice after any Confidential Information is filed with the English High Court within one business day.  The parties have agreed to follow the English High Court's procedures with regards to filing under seal should such a filing be necessary.

The Honorable Ona T. Wang, p. 3

- **Paragraph 12.** The parties have agreed to include clarifying language as to when the English Proceedings will be concluded.

As noted, the sole disagreement among the parties concerns paragraph 8, which Vale believes should be included and the Respondents wish to exclude. Specifically, the parties disagree as to whether to include a procedure in the case that a receiving party is served with a subpoena or court order compelling disclosure of Confidential Information. The parties' respective positions are as follows:

- **Vale's Position:** Given the potential that the receiving party could be subject to a subpoena or court order in another jurisdiction, Vale believes that the Protective Order should make clear that compliance with legal obligations in another jurisdiction will not violate this Court's order. To minimize the concerns of the producing parties, Vale proposes that when served with a subpoena or court order compelling disclosure of Confidential Information, the receiving party must provide the producing party with prompt notice so it may seek to protect the confidentiality of its documents in the applicable forum. While Vale is content for this Court to consider the issue when appropriate, there may be circumstances in which this Court lacks jurisdiction to relieve, or principles of comity prevent it from relieving, a party of its duty to comply with a subpoena or court order issued in another jurisdiction, in which case the Respondents appear to take the position that the receiving party must violate such subpoena or court order. This position is unreasonable and thus Vale requests that its proposed paragraph 8 be included in the Protective Order.

- **Respondents' Position:** Petitioners seek to add a provision to the Protective Order that would allow compulsory process from any other court or government in any other jurisdiction to override the duly entered Protective Order of this Court and permit Petitioners to produce Respondents' confidential documents without any restriction on their use or distribution. There is no comparable provision in the Court's standard order. The model orders of Judge Rakoff and Judge Moses similarly do not include such a provision. Respondents believe that no such additional language is necessary or appropriate. If Petitioners are served with process that calls for production of Respondents' confidential documents, any conflict between that process and this Court's Protective Order can and should be addressed by this Court with Respondents provided an opportunity to be heard. Petitioners' proposed approach would effectively render the Protective Order a nullity with regard to any subsequent subpoena from anywhere. Under Petitioners' proposal, Respondents would be given notice (with no guarantee of timeliness), with no right for Respondents to evaluate or challenge the production unless they went to extraordinary lengths, including intervening in foreign litigation to which they are not parties. In addition to the burdens this would place on third-party Respondents, the provision itself is toothless since, as drafted "nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material . . . in response to a lawful subpoena…."

    Leaving the handling of Respondents' confidential documents in response to a subsequent subpoena or other process to the sound discretion of this Court, through

The Honorable Ona T. Wang, p. 4

application for relief from the Order by Petitioners, provides the simplest and fairest forum to resolve any such matters. Respondents' position is also consistent with the unique context of this § 1782 proceeding in which Petitioners seek documents for a particular purpose to be used in a particular proceeding. Respondents' approach insures that this Court is able to maintain its authority over discovery process authorized in this jurisdiction. It also provides Petitioners with a forum to seek relief should they receive any conflicting process in the future, namely this Court. This simple, straightforward approach adheres to the Court's standard order, and equitably balances the needs of all parties. Respondents thus believe no additional provision should be included in the protective order.

Thank you for Your Honor's consideration.

Respectfully submitted,

*/s/ Jeffrey A. Rosenthal*
Jeffrey A. Rosenthal
jrosenthal@cgsh.com
Lisa M. Schweitzer
lschweitzer@cgsh.com
Lisa Vicens
evicens@cgsh.com
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York  10006
T: 212-225-2000
F: 212-225-3999

*Counsel for Vale S.A., Vale Holdings B.V., and Vale International S.A.*

*/s/ Robert J. Cleary*
Robert J. Cleary
William C. Komaroff
Seth D. Fiur
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
(212) 969-3000
rjcleary@proskauer.com
wkomaroff@proskauer.com
sfiur@proskauer.com

*Attorneys for Perfectus Real Estate Corporation and Tarpley Belnord Corporation*

The Honorable Ona T. Wang, p. 5

          */s/ Jennifer Selendy*
          SELENDY & GAY PLLC
          Jennifer M. Selendy
          Vivek Tata
          1290 Avenue of the Americas
          New York, NY 10104
          212-390-9000
          jselendy@selendygay.com
          vtata@selendygay.com

          *Attorneys for Fine Arts*

BRYAN CAVE LEIGHTON PAISNER LLP

By:   */s/ Matias Gallego-Manzano*

Matias Gallego-Manzano
matias.gallego-manzano@bclplaw.com
1290 Avenue of the Americas
New York, New York 10104
(212) 541-2000

*Attorneys for Respondents Bryan Cave Leighton Paisner and Kenneth L. Henderson*

MCDERMOTT WILL & EMERY LLP

By:   /s/ *Andrew B. Kratenstein*
        Andrew B. Kratenstein
        Monica S. Asher

340 Madison Avenue
New York, New York 10173
T: (212) 547-5400
F: (212) 547-5444
akratenstein@mwe.com
masher@mwe.com

*Attorneys for RFR Holding LLC, RFR Realty LLC, R&S Chrysler LLC, and Aby Rosen*

The Honorable Ona T. Wang, p. 6

        By:    <u>s/ Alvin C. Lin</u>
               Alvin C. Lin

MORRISON COHEN LLP
909 Third Avenue
New York, New York  10022
Phone: (212) 735-8600
Facsimile: (212) 735-8708
E-mail: alin@morrisoncohen.com

*Attorneys for Non-Parties HFZ Affiliated Parties*