# Exhibit 3

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

IN RE APPLICATION OF VALE S.A.
VALE HOLDINGS B.V. AND VALE
INTERNATIONAL S.A. FOR AN
ORDER PURSUANT TO 28 U.SC.
§ 1782 TO CONDUCT DISCOVERY
FOR USE IN FOREIGN PROCEEDINGS

Case: 1:20-mc-00199-JGK-OTW

## PERFECTUS REAL ESTATE CORPORATION AND TARPLEY BELNORD CORPORATION'S RESPONSES AND OBJECTIONS TO VALE S.A., VALE HOLDINGS B.V., AND VALE INTERNATIONAL S.A.'S SUBPOENA TO RESPONDENTS
## <u>PERFECTUS REAL ESTATE CORP. AND TARPLEY BELNORD CORP.</u>

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, Perfectus Real Estate Corporation and Tarpley Belnord Corporation ("Respondents"), by and through their undersigned counsel, hereby provide the following Responses and Objections ("Responses") to the *Schedule to Subpoena to Perfectus Real Estate Corp.* and the *Schedule to Subpoena to Tarpley Belnord Corp.* (the "Requests," and each individual request for production of documents a "Request") served by Vale S.A., Vale Holdings B.V., and Vale International S.A. (collectively, "Vale"), dated July 22, 2020.  Respondents reserve their rights to amend, supplement, and modify these Responses.

## **GENERAL OBJECTIONS**

The following General Objections apply collectively and individually to each Request contained in the Requests, including each and every Instruction, Definition, and Request therein, and shall have the same force and effect as if set forth in full in response to each of the Requests. These General Objections shall govern the scope of any Response made by Respondents to the Requests and are neither waived nor limited by Respondents' Responses and Objections to Specific Requests.

1. Respondents object to the Requests, individually and cumulatively, and especially those Requests seeking "all" documents or communications regarding a topic, without a reasonable nexus to the stated purpose of Vale's application pursuant to Section 1782, i.e. "to identify the traceable proceeds of its payment to BSGR," on the grounds that they are overly broad and unduly burdensome, vague, ambiguous, oppressive, or otherwise inconsistent with or exceed the obligations imposed by the Federal Rules of Civil Procedures and corresponding Local Rules (the "Rules"). *See* Vale's Memorandum of Law in support of Ex Parte Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings at 6.

2. Respondents object to the Requests to the extent they seek documents beyond the scope of information requested by Vale's application pursuant to 28

U.S.C. § 1782, specifically the request to obtain information regarding the traceability of the $500 million payment made by Vale to BSGR.

3.    Respondents object to the Requests to the extent they seek to impose obligations broader than those required by the Rules, and to the extent that they seek the production of documents not in the possession, custody, or control of Respondents.

4.    Respondents object to the Requests to the extent they seek documents or information protected from disclosure by confidentiality or nondisclosure agreements with third parties, until such time as any such third party is provided with an opportunity to object and be heard.

5.    Respondents object to the Definitions, Instructions, and Requests to the extent that they seek information and/or the production of documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or any other privilege or protection.  By responding to Requests or producing documents, Respondents do not waive or intend to waive any applicable privilege or other protections from disclosure.  Unless expressly stated otherwise, any production of such material is inadvertent and unintentional.  Any inadvertent disclosure of such information or documents shall not be deemed a waiver of any applicable privilege or protection, and will not waive Respondents' right to object to the use of any such documents during the litigation.  Respondents

expressly request that Vale and its attorneys immediately return and not make any use of any inadvertently produced privileged documents. The voluntary production of privileged or otherwise protected documents will not operate as a waiver of any privilege or protection as to any other document.

6.      Respondents' Responses and Objections are not intended as, and should not be construed as, an admission of any kind. Responses to all or any part of these Requests should not be taken as an admission that: (a) Respondents accept or admit the existence of any facts set forth or assumed by that Request; (b) Respondents have in their possession, custody, or control any documents responsive to that Request; or (c) any documents or information responsive to that Request exist. Any agreement by Respondents to produce documents, is expressly conditioned upon Respondents locating such documents during a good-faith search that is not unreasonably burdensome, and is not a commitment to obtain those documents from any person or entity. Respondents' responses to all or any part of any Request are not intended to be, and shall not be deemed, a waiver by Respondents of all, or any part of, the General Objections or Specific Objections to that Request.

7.      Respondents object to the Requests insofar as any Request contains express or implied assumptions of fact or law. Respondents' Responses and Objections to the Requests are not intended to be, and shall not be construed as, an agreement or concurrence by Respondents with Vale's characterization of any facts,

circumstances, and/or legal obligations, or with Vale's Instructions and Definitions as set forth in the Requests.  Respondents reserve the right to contest any such characterization, instruction, or definition.

8.    The following Responses and Objections are based upon information known at this time and are made without prejudice to Respondents' rights to supplement or otherwise amend these responses, or to produce evidence based upon subsequently discovered information.

9.    Respondents continue to investigate this matter and reserve the right to supplement, revise, or modify their responses or to produce additional documents based upon any subsequently discovered information.

10.    To the extent not expressly set forth below, these General Objections and limitations are specifically incorporated into Respondents' Specific Objections and Responses to each individual Request.

11.    Any production made pursuant to the Requests shall be made subject to a Protective Order governing access to and use of produced information, to be agreed upon by the parties and entered by the Court.

12.    Respondents make these Objections and Responses without in any way waiving or intending to waive, and to the contrary, preserving and intending to preserve:

A.    The right to seek relief pursuant to the Rules;

B.      The right to object on any ground to the use of any documents or information produced hereunder, or the subject matter thereof; and

C.      The right to object to any Request or parts thereof even after a response or partial response is provided.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

The following Objections to Definitions and Instructions apply collectively and individually to each Request contained in Vale's Requests, including each and every Instruction, Definition, and Request therein.  Each Objection shall have the same force and effect as if set forth in full in Respondents' Responses and Objections to each individual Request.  These Objections to Definitions and Instructions govern the scope of any Response made by Respondents to the Requests and are neither waived nor limited by Respondents' Responses and Objections to Specific Requests, including an agreement to produce documents in response to a particular Request.

1.      Respondents object to the Definitions as overly broad and unduly burdensome to the extent they seek the production of documents beyond the § 1782 application's stated purpose of "identify[ing] the traceable proceeds of [Vale's] payment to BSGR."  *See* Vale's Memorandum of Law at 6.  Respondents will construe the definition of the term "any and all" to include only documents within their possession, custody, or control that are reasonably calculated to identify documents reflecting cash or other assets Respondents received from any BSG

6

Entity (as defined below), beginning in 2010.

2.      Respondents object to the definition of the term "affiliate" as overbroad and unduly burdensome to the extent that it requires Respondents to provide documents from individuals or entities that are not party to this § 1782 proceeding, and requires Respondents to produce documents that are not within their possession, custody, or control.

3.      Respondents object to the definition of the terms "associate," "associated," and "association" as overbroad and unduly burdensome, as they seek to require Respondents to provide documents from individuals or entities that are not party to this § 1782 proceeding, and require Respondents to produce documents that are not within their possession, custody or control.  For example, Vale's definition of "associate" would require Respondents to produce documents within their possession, custody, or control that solely relate to creditors, debtors, customers, suppliers, and other entities that are in no way legally related to Respondents or the BSG Entities, and who have no bearing on the facts and issues in this matter.

4.      Respondents object to the definition of the terms "Balda Foundation," and "Balda" as overbroad and unduly burdensome, to the extent they require Respondents to produce documents relating to individuals who were acting other than on behalf of Balda Foundation, including in their private, individual capacities,

including their personal communications, payments to and from them, interests that they held, and financial statements referencing them.  Respondents additionally object to the inclusion of "persons acting or purporting to act for or on its behalf, whether or not authorized to do so" in the definition as overly broad and unduly burdensome because it includes individuals whose actions cannot be imputed to the Balda Foundation.  Finally, this response is not intended as, and should not be construed as, an admission of any kind that the individuals and entities listed in the definition did in fact act on behalf of Balda Foundation.

5.      Respondents object to the definition of the term "BSGR" as overbroad and unduly burdensome, to the extent it requires Respondents to produce documents relating to individuals who were acting other than on behalf of BSGR, including in their private, individual capacities, including their personal communications, payments to and from them, interests that they held, and financial statements referencing them.  Respondents additionally object to the inclusion of "persons acting or purporting to act for or on its behalf, whether or not authorized to do so" in the definition as overly broad and unduly burdensome because it includes individuals whose actions cannot be imputed to BSGR.  Finally, this response is not intended as, and should not be construed as, an admission of any kind that the entities identified in Exhibit B of the Verified Chapter 15 Petition did in fact act on behalf of BSGR.

6.       Respondents object to the definition of the term "BSGCM" as overbroad and unduly burdensome, to the extent it requires Respondents to produce documents relating to individuals who were acting other than on behalf of BSGCM, including in their private, individual capacities, including their personal communications, payments to and from them, interests that they held, and financial statements referencing them.  Respondents additionally object to the inclusion of "persons acting or purporting to act for or on its behalf, whether or not authorized to do so" in the definition as overly broad and unduly burdensome because it includes individuals whose actions cannot be imputed to BSGCM.  Finally, this response is not intended as, and should not be construed as, an admission of any kind that the individuals and entities listed in the definition did in fact act on behalf of BSGCM.

7.       Respondents object to the definition of the term "BSG Entities" as vague, overbroad, and unduly burdensome because it includes "any other entity in which Steinmetz is known, believed, or suspected to have any interest."  Vale's definition does not indicate in which entity or in whom, it knows, believes, or suspects Mr. Steinmetz has an interest.  Furthermore, Vale's belief or suspicion as to whether Mr. Steinmetz has an interest in an entity is wholly irrelevant to the question of whether Mr. Steinmetz in fact has an interest in such entity.  Respondents will construe the definition of the term "BSG Entities" to mean the Balda Foundation, BSGR, BSGCM, BSG RE, Nysco Management Corp., Onyx Financial

Advisors, Vessna Foundation, and Mr. Steinmetz's relatives.

8.     Respondents object to the definition of the term "BSG RE" as overbroad and unduly burdensome, to the extent it requires Respondents to produce documents relating to individuals who were acting other than on behalf of BSG RE, including in their private, individual capacities, including their personal communications, payments to and from them, interests that they held, and financial statements referencing them.  Respondents additionally object to the inclusion of "persons acting or purporting to act for or on its behalf, whether or not authorized to do so" in the definition as overly broad and unduly burdensome because it includes individuals whose actions cannot be imputed to BSG RE.  Finally, this response is not intended as, and should not be construed as, an admission of any kind that the entities listed in the definition did in fact act on behalf of BSG RE.

9.     Respondents object to the definition of the term "HFZ" as overbroad and unduly burdensome, to the extent it requires Respondents to produce documents relating to individuals who were acting other than on behalf of HFZ, including in their private, individual capacities, including their personal communications, payments to and from them, interests that they held, and financial statements referencing them.  Respondents additionally object to the inclusion of "persons acting or purporting to act for or on its behalf, whether or not authorized to do so" in the definition as overly broad and unduly burdensome because it includes

individuals whose actions cannot be imputed to HFZ.  Finally, this response is not intended as, and should not be construed as, an admission of any kind that the individuals and entities listed in the definition did in fact act on behalf of HFZ.

10.    Respondents object to Vale's inclusion of "material interests" in the definition of the term "Interest" as vague and redundant.  Respondents further object to the inclusion of "licenses and concessions" in the definition as overbroad and unduly burdensome.

11.    Respondents object to the definition of the term "Invel" as overbroad and unduly burdensome, to the extent it requires Respondents to produce documents relating to individuals who were acting other than on behalf of Invel, including in their private, individual capacities, including their personal communications, payments to and from them, interests that they held, and financial statements referencing them.  Respondents additionally object to the inclusion of "persons acting or purporting to act for or on its behalf, whether or not authorized to do so" in the definition as overly broad and unduly burdensome because it includes individuals whose actions cannot be imputed to Invel.  Finally, this response is not intended as, and should not be construed as, an admission of any kind that the individuals listed in the definition did in fact act on behalf of Invel.

12.    Respondents object to the definition of the terms "Nysco Management Corp.," or "Nysco" as overbroad and unduly burdensome, to the extent it requires

Respondents to produce documents relating to individuals who were acting other than on behalf of Nysco, including in their private, individual capacities, including their personal communications, payments to and from them, interests that they held, and financial statements referencing them. Respondents additionally object to the inclusion of "persons acting or purporting to act for or on its behalf, whether or not authorized to do so" in the definition as overly broad and unduly burdensome because it includes individuals whose actions cannot be imputed to Nysco.

13.   Respondents object to the definition of the term "Onyx Financial Advisors" as overbroad and unduly burdensome, to the extent it requires Respondents to produce documents relating to individuals who were acting other than on behalf of Onyx Financial Advisors, including in their private, individual capacities, including their personal communications, payments to and from them, interests that they held, and financial statements referencing them. Respondents additionally object to the inclusion of "persons acting or purporting to act for or on its behalf, whether or not authorized to do so" in the definition as overly broad and unduly burdensome because it includes individuals whose actions cannot be imputed to Onyx Financial Advisors.  Finally, this response is not intended as, and should not be construed as, an admission of any kind that the individuals listed in the

definition did in fact act on behalf of Onyx Financial Advisors.

14.     Respondents object to the definition of the term "Steinmetz's Associates" as overbroad and unduly burdensome, to the extent it requires Respondents to produce documents relating to individuals who were acting other than on behalf of Benjamin Steinmetz or any BSG Entity, including in their private, individual capacities, including their personal communications, payments to and from them, interests that they held, and financial statements referencing them. Respondents additionally object to the inclusion of "persons acting or purporting to act for or on his behalf, or on behalf of any BSG Entity, whether or not authorized to do so" in the definition as overly broad and unduly burdensome because it includes individuals whose actions cannot be imputed to Mr. Steinmetz or to any BSG Entity.  Finally, this response is not intended as, and should not be construed as, an admission of any kind that the individuals and entities listed in the definition did in fact act on behalf of Mr. Steinmetz or any BSG Entity.

15.     Respondents object to the definition of the term "Vessna Foundation," or "Vessna" as overbroad and unduly burdensome, to the extent it requires Respondents to produce documents relating to individuals who were acting other than on behalf of Vessna, including in their private, individual capacities, including their personal communications, payments to and from them, interests that they held, and financial statements referencing them.  Respondents additionally object to the

inclusion of "persons acting or purporting to act for or on its behalf, whether or not authorized to do so" in the definition as overly broad and unduly burdensome because it includes individuals whose actions cannot be imputed to Vessna Foundation.

16.    Respondents object to the definition of the terms "You," or "Your," as overbroad and unduly burdensome, as well as calling for the production of documents beyond the possession, custody, and control of Respondents to the extent that it includes individuals or entities other than Respondents or any subsidiary controlled by Respondents and any director, officer, employee acting on behalf of Respondents or any subsidiary controlled by Respondents.  Respondents further object to the definitions to the extent they require Respondents to produce documents relating to individuals who were acting other than on behalf of Respondents or any subsidiary controlled by Respondents.  Respondents additionally object to the inclusion of "persons acting or purporting to act for or on its behalf, whether or not authorized to do so" in the definition as overly broad and unduly burdensome because it includes individuals whose actions cannot be imputed to the Respondents or any subsidiary thereof.  This response is not intended as, and should not be

construed as, an admission of any kind that the individuals and entities listed in the definition did in fact act on behalf of Respondents.

17.    Respondents object to Instruction No. 5 to the extent it seeks to impose any obligation on Respondents outside of the scope of the Rules.  Respondents will construe the terms possession, custody, and control in conformance with governing law and their obligations under the Rules.

18.    Respondents object to Instruction No. 8 to the extent it seeks to impose any obligation on Respondents outside of the scope of the Rules.  Respondents will construe the phrase "copies of each document" in conformance with governing law and their obligations under the Rules.

19.    Respondents object to Instruction No. 11 to the extent it seeks to impose burdens beyond those required by the Rules.  Respondents will provide a privilege log that conforms with the Rules and the Local Rules of the Southern District of New York.

20.    Respondents object to Instruction No. 13, as it purports to require Respondents to conduct an investigation into documents that are not within their possession, custody, or control.  As required by the Rules, Respondents will conduct

a reasonable search for documents responsive to properly directed Requests, and provide Vale with the responsive, non-privileged results of those searches.

21.     Respondents object to Instruction No. 15, as it purports to require Respondents to produce non-responsive documents.  As required by the Rules, Respondents will conduct a reasonable search for documents responsive to properly directed Requests, and provide Vale with the responsive, non-privileged results of those searches.

## SPECIFIC OBJECTIONS AND RESPONSES

Subject to the foregoing General Objections and the Objections to Definitions and Instructions, and without waiving and expressly preserving all such objections, Respondents respond to Vale's individually numbered Requests as follows.  Counsel for Respondents is willing to meet and confer with Vale's counsel in order to try to mutually resolve the objections set forth herein.

**REQUEST NO. 1:** Any and all documents concerning agreements between You, BSG Entities, and HFZ between January 1, 2010 and today.

**RESPONSE TO REQUEST NO. 1:** Respondents object to the Request as overbroad and unduly burdensome to the extent it seeks documents or communications unrelated to the stated purpose for Vale's discovery request, namely obtaining information regarding the traceability of a $500 million payment made by Vale to BSGR.  Respondents further object to the Request as overbroad and outside of the scope of discovery permitted under the 28 U.S.C. § 1782 Order to

the extent it seeks information related to HFZ.  Subject to the foregoing General and Specific Objections, Respondents will produce responsive, non-privileged agreements and contracts, if any, between Respondents and BSG Entities.

**REQUEST NO. 2:** Any and all documents concerning any joint venture between HFZ and BSG RE between January 1, 2010 and today.

**RESPONSE TO REQUEST NO. 2:** Respondents object to the Request as irrelevant, overbroad, and unduly burdensome to the extent it seeks documents or communications unrelated to the stated purpose for Vale's discovery request, namely obtaining information regarding the traceability of a $500 million payment made by Vale to BSGR.  Respondents further object to the undue burden imposed on them by having to search for and identify documents regarding contracts entirely between other entities that have no bearing on the limited purpose for which discovery was sought in Vale's application.  Finally, Respondents object to the Request on the grounds that it seeks documents entirely unrelated to Respondents or their operations, and which should be sought from the entities involved in any such joint venture.  Based on the foregoing General and Specific Objections, Respondents will not produce documents in response to this Request.

**REQUEST NO. 3:** Any and all communications and any documents concerning any communications between You and BSG Entities.

**RESPONSE TO REQUEST NO. 3:** Respondents object to the Request as overbroad and unduly burdensome to the extent it seeks documents or

communications unrelated to the stated purpose for Vale's discovery request, namely obtaining information regarding the traceability of a $500 million payment made by Vale to BSGR. Respondents further object to the phrase "documents concerning any communication" as vague and overbroad. Subject to the foregoing General and Specific Objections, Respondents will produce responsive, non-privileged communications between Respondents and BSG Entities reflecting payments or transfers of assets from the latter to the former, beginning in 2010.

**REQUEST NO. 4:** Any and all documents concerning direct or indirect payments and transfers of assets and/or funds between You, BSG Entities, and HFZ between January 1, 2010 and today.

**RESPONSE TO REQUEST NO. 4:** Respondents object to the Request as overbroad and unduly burdensome to the extent it seeks documents unrelated to the stated purpose for Vale's discovery request, namely obtaining information regarding the traceability of a $500 million payment made by Vale to BSGR. The stated purpose cannot be reasonably viewed as requiring the production of every communication or payment, regardless of relevance to the purpose of which discovery has been sought and approved. Further, all payments and transfers of assets or funds between Respondents and HFZ are irrelevant to the stated purpose. Subject to the foregoing General and Specific Objections, Respondents will produce responsive, non-privileged documents reflecting payments or transfers of assets from BSG Entities to Respondents, beginning in 2010.

**REQUEST NO. 5:** Any and all documents concerning any interests currently or formerly held by BSG Entities in You or HFZ, or in any asset or property in which You or HFZ currently hold or formerly held an interest, including but not limited to the Subject Properties, between January 1, 2010 and today.

**RESPONSE TO REQUEST NO. 5:** Respondents object to the Request as irrelevant, overbroad, and unduly burdensome to the extent it seeks documents unrelated to the stated purpose for Vale's discovery request, namely obtaining information regarding the traceability of a $500 million payment made by Vale to BSGR.  Moreover, Respondents object to the Request on the grounds that it seeks documents entirely unrelated to Respondents or their operations, and which can be properly obtained from the entities involved in the relevant transaction.  Finally, Respondents object to the Request as overbroad and unduly burdensome to the extent that it requires Respondents to produce documents regarding properties in which Respondents do not have an interest.  Subject to the foregoing General and Specific Objections, Respondents will produce responsive, non-privileged documents reflecting interests held by BSG Entities in Respondents or in Respondents' assets, beginning in 2010.

**REQUEST NO. 6:** Any and all board meeting minutes concerning any BSG Entities dated between January 1, 2010 and today.

**RESPONSE TO REQUEST NO. 6:** Respondents object to the Request as vague and ambiguous, as the term "board meeting minutes concerning any BSG entities" is confusing and does not clearly state the topics for which discovery is sought.

Respondents further object to the Request as overbroad and unduly burdensome to the extent it seeks documents unrelated to the stated purpose for Vale's discovery request, namely obtaining information regarding the traceability of a $500 million payment made by Vale to BSGR.  Respondents also object to the Request as vague and ambiguous, as the phrase "concerning any BSG Entities" is confusing and does not reasonably seek discovery relevant to the issues for which the Court has granted Vale permission to seek discovery.  Subject to the foregoing General and Specific Objections, Respondents will produce responsive, non-privileged board meeting minutes that reflect the transfer of funds or assets to Respondents from the BSG Entities, beginning in 2010.

**REQUEST NO. 7:** Any and all financial statements that reference any BSG Entities or reference or reflect any equity or debt interest of any BSG Entities dated between January 1, 2010 and today.

**RESPONSE TO REQUEST NO. 7:**   Respondents object to the Request as overbroad and unduly burdensome to the extent it seeks documents unrelated to the stated purpose for Vale's discovery request, namely obtaining information regarding the traceability of a $500 million payment made by Vale to BSGR.  Respondents further object to the phrase "financial statements" as vague and overbroad.  Subject to the foregoing General and Specific Objections, Respondents will produce portions of their responsive, non-privileged financial statements reflecting any debt or equity interest held by any BSG Entities in Respondents or any of Respondents' assets,

beginning in 2010.

**REQUEST NO. 8:** Any and all corporate organizational charts dated between January 1, 2010 and today.

**RESPONSE TO REQUEST NO. 8:** Respondents object to the Request as overbroad, irrelevant, and unduly burdensome to the extent it seeks documents unrelated to the stated purpose for Vale's discovery request, namely obtaining information regarding the traceability of a $500 million payment made by Vale to BSGR. Respondents further object to the Request as overbroad, vague, and unduly burdensome because the Request asks for "all corporate organizational charts" and does not provide any guidance as to which organizational charts are responsive to its request. Subject to the foregoing General and Specific Objections, Respondents will produce non-privileged organizational charts that reflect Respondents' organizational structure or hierarchy.

**REQUEST NO. 9:** Any and all documents concerning BSG Entities as direct and indirect investors, shareholders, and lenders in each of the Subject Properties between January 1, 2010 and today.

**RESPONSE TO REQUEST NO. 9:** Respondents object to the Request as overbroad and unduly burdensome to the extent it seeks documents unrelated to the stated purpose for Vale's discovery request, namely obtaining information regarding the traceability of a $500 million payment made by Vale to BSGR. Respondents further object to the Request as overbroad and unduly burdensome to the extent that

it requires Respondents to produce documents regarding properties in which Respondents do not have an interest.  Subject to the foregoing General and Specific Objections, Respondents will produce responsive, non-privileged documents that reflect the BSG Entities' investment in, ownership of, or loans to the Subject Properties.

**REQUEST NO. 10:** Any and all documents describing the present beneficial ownership, including all direct and indirect investors, shareholders, and lenders, in each of the Subject Properties.

**RESPONSE TO REQUEST NO. 10:** Respondents object to the Request as overbroad and unduly burdensome to the extent it seeks documents unrelated to the stated purpose for Vale's discovery request, namely obtaining information regarding the traceability of a $500 million payment made by Vale to BSGR.  Information regarding the direct and indirect investors, shareholders, and lenders of the Subject Properties is irrelevant to the purpose of Vale's subpoena under 28 U.S.C. § 1782 and outside the scope of the Rules.  Respondents further object to the Request as overbroad and unduly burdensome to the extent that it requires Respondents to produce documents regarding properties in which Respondents do not have an interest.  Subject to the foregoing General and Specific Objections, Respondents will produce responsive, non-privileged documents that reflect the present beneficial ownership, if any, of the BSG Entities in the Subject Properties.

**REQUEST NO. 11:** Any and all documents concerning any of the BSG Entities' direct or indirect, prospective, actual or beneficial interests in and/or affiliations with

the Subject Properties between January 1, 2010 and today.

**RESPONSE TO REQUEST NO. 11:** Respondents object to the Request as overbroad and unduly burdensome to the extent it seeks documents unrelated to the stated purpose for Vale's discovery request, namely obtaining information regarding the traceability of a $500 million payment made by Vale to BSGR. Respondents further object to the Request as overbroad and unduly burdensome to the extent that it requires Respondents to produce documents regarding properties in which Respondents do not have an interest. Subject to the foregoing General and Specific Objections, Respondents will produce responsive, non-privileged documents that reflect the BSG Entities' actual or beneficial interests, if any, in the Subject Properties.

**REQUEST NO. 12:** With respect to any Subject Properties in which any BSG Entities have any debt or equity interest, any and all documents submitted to any government agency or entity, including but not limited to any tax documents, property filings, and any EB-5 documents and communications with CMB regional centers.

**RESPONSE TO REQUEST NO. 12:** Respondents object to the Request as overbroad, irrelevant, and unduly burdensome to the extent it seeks documents unrelated to the stated purpose for Vale's discovery request, namely obtaining information regarding the traceability of a $500 million payment made by Vale to BSGR. Respondents further object to the Request as overbroad and unduly burdensome to the extent that it requires Respondents to produce documents

23

regarding properties in which Respondents do not have an interest.  Based on the

foregoing General and Specific Objections, Respondents will not produce

documents in response to this Request.

**REQUEST NO. 13:** Any and all documents concerning the acknowledgment or denial of any relationship between You, BSG Entities, and HFZ.

**RESPONSE TO REQUEST NO. 13:** Respondents object to the Request as

overbroad, irrelevant, and unduly burdensome to the extent it seeks documents

unrelated to the stated purpose for Vale's discovery request, namely obtaining

information regarding the traceability of a $500 million payment made by Vale to

BSGR.  Respondents further object to the Request as overbroad and outside of the

scope of discovery permitted under the 28 U.S.C. § 1782 Order to the extent it seeks

information related to HFZ.  Respondents further object to the undue burden

imposed on them by having to search for and identify documents from HFZ that

have no bearing on the limited purpose for which discovery was sought in Vale's

application.  Based on the foregoing General and Specific Objections, Respondents

will not produce documents in response to this Request.

**REQUEST NO. 14:** Any and all documents concerning any due diligence, KYC, identity verification, and/or compliance documentation of BSG Entities provided with respect to any investment, interest, financing, or shareholding of the Subject Properties.

**RESPONSE TO REQUEST NO. 14:** Respondents object to the Request as

overbroad, irrelevant, and unduly burdensome to the extent it seeks documents

unrelated to the stated purpose for Vale's discovery request, namely obtaining information regarding the traceability of a $500 million payment made by Vale to BSGR.   Respondents further object to the Request as overbroad and unduly burdensome to the extent that it requires Respondents to produce documents regarding properties in which Respondents do not have an interest.   Based on the foregoing General and Specific Objections, Respondents will not produce documents in response to this Request.

Dated:  August 12, 2020

/s/ Robert J. Cleary
Robert J. Cleary
William C. Komaroff
Seth D. Fiur
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
(212) 969-3000
rjcleary@proskauer.com
wkomaroff@proskauer.com
sfiur@proskauer.com

*Attorneys for Perfectus Real Estate Corporation and Tarpley Belnord Corporation*