**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------x

In re Application of Vale S.A., Vale Holdings B.V., and Vale International S.A. for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings

No. 1:20-mc-00199-JGK (OTW)

**STIPULATION AND ~~PROPOSED~~ PROTECTIVE ORDER**

----------------------------------------------------------x

WHEREAS, the Parties having agreed to the following terms of confidentiality, and this Court (the "Court") having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the above captioned proceeding:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with Vale S.A. & Others v. Steinmetz & Others, No. CL-2019-000723 (the "English Proceeding"), currently proceeding in the High Court of Justice – Business and Property Courts of England and Wales (the "English High Court").

3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute through a meet and confer process. In the absence of a mutually-agreed resolution within three (3) business days of the meet and confer between counsel, the challenging party may seek resolution by this Court.

4. Nothing in this Protective Order constitutes an admission by any party that

Confidential Information disclosed in this case is relevant or admissible in this case, the English Proceeding or in any other action in any other forum. Each party reserves the right to object to the use or admissibility of the Confidential Information in the English Proceeding.

5. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

   a. The requesting party and counsel, including barristers and in-house counsel;
   b. Employees of such counsel assigned to and necessary to assist in this case or the English Proceeding;
   c. Consultants or experts assisting in the prosecution or defense of the English Proceeding, to the extent deemed necessary by counsel;
   d. Any party to the English Proceeding; and
   e. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court) or the English High Court.

6. With respect to each person to whom disclosure of Confidential Information is authorized by paragraph 5.c, before disclosing or displaying the Confidential Information to each such person, counsel must:

   a. Inform the person of the confidential nature of the information or documents;
   b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and
   c. Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

7. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8. Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request, will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving

such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

9. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential.

10. Pursuant to Federal Rule of Evidence 502, inadvertent disclosure of privileged communications shall not constitute a waiver of the privilege in this matter or in the English Proceeding, provided the parties follow the steps set forth in Rule 502.

11. If any party plans to file any information designated as CONFIDENTIAL in the English Proceeding, it shall inform the producing party of the filing within one (1) business day. The parties shall follow the English High Court's procedures with respect to filings under seal.

12. At the conclusion of the English Proceeding, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected. For these purposes the English Proceeding shall be deemed concluded upon: (i) a full and final settlement of the English Proceeding, (ii) the payment in full or collection in full of any judgment in Vale's favor, or (iii) a final, non-appealable judgment dismissing Vale's claims in full.

[*Remainder of Page Intentionally Left Blank*]

**SO STIPULATED AND AGREED.**

Dated: October 6, 2020

*/s/ Jeffrey A. Rosenthal*
Jeffrey A. Rosenthal
jrosenthal@cgsh.com
Lisa M. Schweitzer
lschweitzer@cgsh.com
Lisa Vicens
evicens@cgsh.com
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
T: 212-225-2000
F: 212-225-3999

*Counsel for Vale S.A., Vale Holdings B.V., and Vale International S.A.*

*/s/ Jennifer Selendy*
SELENDY & GAY PLLC
Jennifer M. Selendy
Vivek Tata
1290 Avenue of the Americas
New York, NY 10104
212-390-9000
jselendy@selendygay.com
vtata@selendygay.com

*Attorneys for Fine Arts*

*/s/ Robert J. Cleary*
Robert J. Cleary
William C. Komaroff
Seth D. Fiur
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
(212) 969-3000
rjcleary@proskauer.com
wkomaroff@proskauer.com
sfiur@proskauer.com

*Attorneys for Perfectus Real Estate Corporation and Tarpley Belnord Corporation*

BRYAN CAVE LEIGHTON PAISNER LLP

By: */s/ Matias Gallego-Manzano*
Matias Gallego-Manzano
matias.gallego-manzano@bclplaw.com
1290 Avenue of the Americas
New York, New York 10104
(212) 541-2000

*Attorneys for Respondents Bryan Cave Leighton Paisner and Kenneth L.Henderson*

By: */s/ Alvin C. Lin*
Alvin C. Lin

MORRISON COHEN LLP
909 Third Avenue
New York, New York 10022
Phone: (212) 735-8600
Facsimile: (212) 735-8708
E-mail: alin@morrisoncohen.com

*Attorneys for Non-Parties HFZ Affiliated Parties*

MCDERMOTT WILL & EMERY LLP

By: */s/ Andrew B. Kratenstein*
Andrew B. Kratenstein
Monica S. Asher

340 Madison Avenue
New York, New York 10173
T: (212) 547-5400
F: (212) 547-5444
akratenstein@mwe.com
masher@mwe.com

*Attorneys for RFR Holding LLC, RFR Realty LLC, R&S Chrysler LLC, and Aby Rosen*

**SO ORDERED**.

**Ona T. Wang**
United States Magistrate Judge

Dated: 10/7/20
New York, NY

**Agreement**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled In re Application of Vale S.A., Vale Holdings B.V., and Vale International S.A. for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings, have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than the English Proceeding.

DATED:

________________________________________

Signed in the presence of:

________________________________________

(Attorney)