**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
:
:
In re Application of Vale S.A., Vale Holdings   :   20-mc-199 (JGK) (OTW)
B.V., and Vale International S.A. for an Order   :
Pursuant to 28 U.S.C. § 1782 to Conduct   :   **ORDER**
Discovery for Use in Foreign Proceedings   :
:
:
:
:
:
------------------------------------------------------------x

    **ONA T. WANG**, **United States Magistrate Judge:**

**I.    Introduction**

    On April 24, 2020, Vale S.A., Vale Holdings B.V., and Vale International S.A. (collectively, "Vale") submitted an *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings (together with all supporting papers, the "Application"). On July 20, 2020, the Court granted the Application, which sought discovery from several entities and individuals[1] which are alleged to have received funds derived from a scheme involving mining rights to a large iron mountain located in the Republic of Guinea.[2]

---

[1] The entities and individuals can be generally divided into two groups associated with separate joint ventures entered into with Beny Steinmetz, a defendant in the foreign proceeding. The first group is alleged to be associated with Ziel Feldman, the founder and principal of HFZ Capital Group. These individuals and entities are: HFZ Capital Group LLC, Ziel Feldman, Helene Feldman, Feldman Family 2007 Trust, Nir Meir, John Shannon, Kenneth Henderson, Bryan Cave Leighton Paisner LLP, Chatsworth Realty 340 LLC, HFZ 344 West 72nd Street Owner LLC, Chatsworth Realty Corp., 215 Chrystie LLC, HFZ 40 Broad Street LLC, HFZ Highline Property Owner LLC, HFZ Highline Retail Owner LLC, HFZ Highline LLC, HFZ 501West LLC, 20 West 40 Bryant Park Owner LLC, HFZ Bryant Park Owner LLC, Tarpley Belnord Corp., Perfectus Real Estate Corp., HFZ 235 West 75th Street Owner LLC, HFZ 301 West 53rd Street Owner LLC, HFZ 88 Lexington Avenue Owner LLC, HFZ 90 Lexington Avenue Owner LLC, HFZ KIK 30th Street Owner LLC, HFZ West 30th Street Partners LLC, HFZ KIK 30th Street LLC, HFZ KIK 30th Street Mezzanine LLC, 76 Eleventh Avenue Property Owner LLC, and Fine Arts NY LLC. The second group is alleged to be associated with Aby Rosen, the founder of RFR Holding LLC. These individuals and entities are: RFR Holding LLC, Aby Rosen, R&S Chrysler LLC, and RFR Realty LLC (the two groups collectively, "Respondents").
[2] The Court assumes familiarity with the facts of this case as outlined in its previous order. (*See* ECF 45).

1

Respondents HFZ[3], Perfectus[4], and RFR[5] subsequently filed the instant motions and requests to quash the subpoenas served by Vale. (ECF 58, 59, and 63). Having considered the motions, letters, and related briefing, Respondents' motions to quash are **DENIED**.

II. Discussion

    a. Legal Standard

Section 1782 provides that:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal.... The order may be made ... upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.... A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

28 U.S.C. § 1782(a). Pursuant to the statute, "a district court is authorized to grant a § 1782 request where: (1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign or international tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *Brandi–Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 80 (2d Cir. 2012).

---

[3] "HFZ" refers to the following respondents: 20 West 40 Bryant Park Owner LLC, 215 Chrystie LLC, Chatsworth Realty 340 LLC, Chatsworth Realty Corp., Feldman Family 2007 Trust, Helene Feldman, Ziel Feldman, John Shannon, Nir Meir, 76 Eleventh Avenue Property Owner LLC, HFZ 40 Broad Street LLC, HFZ 88 Lexington Avenue Owner LLC, HFZ 90 Lexington Avenue Owner LLC, HZ 235 West 75th Street Owner LLC, HFZ 301 West 53rd Street Owner LLC, HFZ 344 West 72nd Street Owner LLC, HFZ 501 West LLC, HFZ Bryant Park Owner LLC, HFZ Capital Group LLC, HFZ Highline LLC, HFZ Highline Property Owner LLC, HFZ Highline Retail Owner LLC, HZ KIK 30th Street LLC, HFZ KIK 30th Street Mezzanine LLC, HFZ KIK 30th Street Owner LLC, HFZ West 30th Street Partners LLC.
[4] "Perfectus" refers to Perfectus Real Estate Corporation and Tarpley Belnord Corporation, which were initially grouped with the HFZ respondents in the original application, but have now filed their own letter outlining their concerns with Vale's subpoenas.
[5] "RFR" refers to the following respondents: RFR Holding LLC, RFR Realty LLC, R&S Chrysler LLC, and Aby Rosen.

The Court previously analyzed and granted Vale's application in light of the *Intel* factors.[6] (*See* ECF 45). In evaluating the scope of a § 1782 discovery request, the Court "applies 'the familiar standards of Rule 26 of the Federal Rules of Civil Procedure.'" *In re Top Matrix Holdings Ltd.*, No. 18-cv-465 (ER), 2020 WL 248716, at *6 (S.D.N.Y. Jan. 16, 2020) (citing *Mees v. Buiter*, 793 F.3d at 302). "Any and all" limitations and protections on discovery established in Federal Rules of Civil Procedure Rule 26 are available under § 1782(a). *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, n. 4 (2d Cir. 1995). Generally speaking, a party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." *Wultz v. Bank of China Ltd.*, 32 F.Supp.3d 486, 492 (S.D.N.Y. July 21, 2014) (citing Fed. R. Civ. P. 26(c)(1)). Non-parties subject to a subpoena are additionally protected by Rule 45, which requires that parties "avoid imposing undue burden or expense on a person subject to the subpoena." *Id.* (citing Fed. R. Civ. P. 45(d)(1)).

"Whether the discovery sought is overbroad or unduly burdensome, the district court should apply[ ] the familiar standards of Rule 26 of the Federal Rules of Civil Procedure, including weighing the probative value of the materials sought." *In re Tiberius Group AG*, 19-mc-467 (VSB), 2020 WL 1140784, at *7 (S.D.N.Y. Mar. 6, 2020) (internal quotations and citations omitted).

---

[6] The Supreme Court has identified the following four discretionary factors to aid district courts in determining whether to grant § 1782 applications: "(1) whether 'the person from whom discovery is sought is a participant in the foreign proceeding,' in which case 'the need for § 1782(a) aid generally is not as apparent'; (2) 'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance'; (3) 'whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States'; and (4) whether the request is 'unduly intrusive or burdensome.'" *Mees v. Buiter*, 793 F.3d 291, 298 (2d Cir. 2015) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004)).

Determination of whether a subpoena creates an undue burden "depends upon 'such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'" *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996) (quoting *U.S. v. International Bus. Mach. Corp.*, 83 F.R.D. 97, 104 (S.D.N.Y. 1979)). "However, because the substantive issues presented in the foreign litigation are to be decided by a foreign court applying unfamiliar foreign law, the district court should 'be permissive' when assessing relevance. *In re Tiberius*, 2020 WL 1140784, at *7 (citing *In re Christen Sveaas*, 249 F.R.D. 96, 107 (S.D.N.Y. 2008)).

A trial court has "broad, but not unlimited" discretion in evaluating the circumstances of a case when considering a motion to quash "on grounds of oppressiveness." *Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395, 403 (D.C.Cir. 1984). The party moving to quash a subpoena "bears a heavy burden of proof." *Kirshner v. Klemons*, No. 99 Civ. 4828 (RCC), 2005 WL 1214330, at *2 (S.D.N.Y. May 19, 2005) (citing *Irons v. Karceski*, 74 F.3d 1262, 1264 (D.C.Cir. 1995)). To prevail, a party must set forth "the manner and extent of the burden and the probable negative consequences of insisting on compliance." *Kirshner*, 2005 WL 1214330, at *2. "General and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information." *Lindsey v. Butler*, No. 11-cv-9102, 2017 WL 4157362, at *3 (S.D.N.Y. Sept. 18, 2017) (internal citation omitted).

Because exhaustion of remedies, discoverability, or admissibility are not required to "ease the burden of discovery," the necessity of the materials being sought is not a precondition for discovery. *In re Top Matrix Holdings Ltd.*, 2020 WL 248716 at *7 (citing *Mees*,

4

793 F.3d at 302). However, a subpoena still must not be unduly burdensome or intrusive. *Id.* (citing *Intel*, 542 U.S. at 265).

The broad discretion to order § 1782 discovery is not unlimited. The Southern District of New York has held that a proposed discovery request including "any and all information" relating to a specific party and spanning more than 13 years was "overly burdensome." *Id.* The Court weighed the burden of having to "comb through 'any and all information' relating to these broad matters and ensure protection of confidentiality" and determined that the subpoena was overly broad and must be narrowed, especially as other parties were "also likely in possession of similar information." *Id.*; *see also Hermitage Global Partners L.P. v. Prevezon Holdings Ltd.*, No. 13-CV-6326 (TPG), 2015 WL 728463 (S.D.N.Y. Feb. 19, 2015) (granting motion to quash subpoena as unduly burdensome when discovery sought was duplicative of what could be obtained directly from the party). Similarly, when the discovery sought would "unnecessarily expose the details of all of [the party's] commercial transactions" over a period of several years, the Southern District of New York has modified subpoenas to create a "limited grant of discovery" to ensure the discovery sought fits within the "required nexus between the discovery sought and the underlying disputes." *In re Tiberius Group AG*, No. 19-mc-467 (VSB), 2020 WL 1140784 at *8-9 (S.D.N.Y. Mar. 6, 2020) (citing *Mees*, 793 F.3d at 302).

### b. Analysis

The Court has already ruled that the statutory prerequisites of § 1782 have been met, and that the first three discretionary *Intel* factors permit production. (*See* ECF 45). Accordingly, it turns to evaluating Respondents' objections as to the fourth *Intel* factor.

5

### i. HFZ

HFZ argues that Vale's discovery requests are overbroad and constitute an undue burden.[7] (ECF 63 at 2). The Court has reviewed the twelve specific requests objected to by HFZ and finds that HFZ's objections are without merit. (*See* ECF 63-1 at 18-20). Given the specific allegations of the application, (*see, e.g.,* ECF 66 at 4), and Vale's stated objective of tracing some portion of $500 million paid in 2010 and allegedly received by respondents, the Court finds that Vale's subpoenas are relevant and sufficiently limited in time and content to examining the relationships between HFZ and BSG associates and entities. (ECF 63-1). Further, given the allegations here concerning the organizational structure of the various entities involved, the Court sees no issue with the word "indirect" as it is used in requests 5 and 7 through 9. (ECF 63-3 at 3-4).

HFZ's predominantly conclusory objections fall short of carrying their burden to demonstrate that the subpoenas are unduly burdensome.[8] It touches on burden by stating that complying with the subpoenas would involve the production of thousands of documents and "inordinate numbers of hours" of work, but this is undoubtedly the case in many § 1782 applications, and it provides little additional detail in support. The Court understands, however, HFZ's concern that many of the requests made by Vale to various HFZ entities may result in

---

[7] HFZ also alleges that the subpoenas are a "fishing expedition." "Although courts should . . . be wary of fishing expeditions in which § 1782 applicants seek new tidbits they can use as the basis to bring litigation, rather than support the claims they have already made," HFZ has not identified any reason to believe Vale's requests "conceals an opportunistic effort to seek out information in support of additional litigation." *In re Tiberius Grp. AG*, 2020 WL 5535272, at *5 (S.D.N.Y. Sept. 14, 2020).

[8] HFZ attempts to shift the burden to Vale in arguing that Vale "bears the initial burden of proving the discovery is relevant." (ECF 63 at 1). This is indeed true, and the Court has already found this burden to be satisfied when it granted Vale's initial application, though it allowed for objections to specific requests to be made. (*See* ECF 45 at 8). Concerning the specific requests, the Court finds them to be relevant in light of Vale's goal of tracing the $500 million at issue. Moreover, the Court is unable to assess burden when HFZ has not articulated the burden and how its proposed narrowed response reduces the burden.

duplicative production of documents. To that end, the parties are directed to meet and confer with the aim of narrowing the requests to minimize any *duplicative* production by HFZ.

### ii. Perfectus

Perfectus makes similar arguments that the subpoenas are overbroad and extend beyond the scope necessary to trace funds from their parent company to Perfectus, and from Perfectus to other non-parties. (ECF 59). It did, however, identify 11 categories of documents to which it does not object. (*See* ECF 59 at 2; ECF 59-1).

As with HFZ, the Court finds that the requests are relevant given the record before it, and Perfectus has not carried its burden to establish that the subpoenas are overbroad. Rather, the bulk of its argument is comprised of general assertions regarding the breadth, burden, and relevance of the subpoenas. Where specifics are provided, the Court does not find that the requests are disproportionate or overbroad given the allegations of the Application.[9] While Perfectus cites to *In re MT Baltic Soul Produktentankschiff-Arhtgesellschaft mgH & Co. KG*, No. 15-mc-319 (LTS), 2015 WL 5824505, at *3 (S.D.N.Y. Oct. 6, 2015), (ECF 59 at 3), to support its contention that "[c]ourts routinely reject such broad and unreasonable requests[,]" the Court finds the facts of that application inapposite to this case. There, the court identified that the only "potentially appropriate discovery purpose Petitioners ha[d] identified [was the]

---

[9] For example, Perfectus argues that "the definition of 'Steinmetz's Associates,'" which is used as the basis for many other definitions and requests, includes *without limitation* over 40 individuals, *as well as* any employee, agent, lawyer, or associate (or other titles) acting on behalf of any entity even tangentially related to Mr. Steinmetz; it goes so far as to even include those who are 'not authorized to' act for Mr. Steinmetz or any entity affiliated with him." (ECF 59 at 3) (emphasis in original). The Court does not find this to be overbroad or irrelevant under the facts of the Application. Perfectus also argues that requests 3 and 6 are overbroad and irrelevant, contending that request 6 is "not tethered in any way to Vale's rationale for the discovery: tracing the proceeds of its payment to BSGR [and] is simply an attempt to fish for additional information about the inner workings of certain entities" and that request 3 "stretches far beyond what could be necessary to trace the funds Vale paid to BSGR." (ECF 59 at 2-3). Perfectus does little more than state such in a conclusory fashion, however, and thus does not carry its burden.

adjudication of the issue of the affiliates' alter ego status." *Id*. at *3. Thus, a "request for disclosure of every financial transaction [the] companies have engaged in with 11 different banks, along with considerable additional financial information" was too broad. *Id*. Here, Vale's stated purpose is to trace the proceeds of the $500 million at issue and its requests are reasonably limited to advance that purpose, not to discover evidence substantiating a contention of alter ego.

### iii. RFR

RFR makes similar arguments and again, given the allegations and Vale's stated goal of tracing proceeds, the Court does not find that the requested information is overbroad or irrelevant. (*See* ECF 2 at 16-17). Nor has RFR sufficiently shown it will incur an undue burden in responding to the subpoenas.

RFR also contends that it should not be forced to pay the additional expenses associated with responding to Vale's request for information stored not only in the United States, but also on a server located in Germany which requires compliance with European Union privacy laws. (ECF 58 at 1-2). The Court will not consider cost shifting nor order indemnification at this time. Regarding those documents located in the European Union that allegedly give rise to RFR's privacy concerns, the parties are directed to meet and confer and submit a joint status letter on the issue by **February 12, 2021**. The letter must detail the parties' attempts to narrow the search to keep costs and the burden on RFR to a minimum, and, if necessary, explain why Vale's U.S. counsel's proposal for the production to be made to their colleagues in the U.K. does not address RFR's privacy concerns.

### III. Conclusion

For the foregoing reasons, and having considered the factors of Fed. R. Civ. P. 26 and Fed. R. Civ. P. 45, Respondents' motions to quash and associated requests to limit the subpoenas are **DENIED**. Respondents are hereby directed to respond to the subpoenas by February 5, 2021.

The Clerk is respectfully directed to close ECF 63.

**SO ORDERED.**

Dated: January 29, 2021
      New York, New York

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge