# CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

WASHINGTON, D.C. • PARIS • BRUSSELS • LONDON • MOSCOW
FRANKFURT • COLOGNE • ROME • MILAN • HONG KONG
BEIJING • BUENOS AIRES • SÃO PAULO • ABU DHABI • SEOUL

| | | |
|---|---|---|
| STEVEN M. LOEB | BENET J. O'REILLY | KATHERINE R. REAVES |
| CRAIG B. BROD | ADAM E. FLEISHER | RAHUL MUKHI |
| NICOLAS GRABAR | SEAN A. O'NEAL | ELANA S. BRONSON |
| DAVID E. BRODSKY | GLENN P. MCGRORY | MANUEL SILVA |
| RICHARD J. COOPER | MATTHEW P. SALERNO | KYLE A. HARRIS |
| JEFFREY S. LEWIS | MICHAEL J. ALBANO | LINA BENSMAN |
| PAUL J. SHIM | VICTOR L. HOU | ARON M. ZUCKERMAN |
| STEVEN L. WILNER | ROGER A. COOPER | KENNETH S. BLAZEJEWSKI |
| ANDRES DE LA CRUZ | AMY R. SHAPIRO | MARK E. MCDONALD |
| DAVID C. LOPEZ | JENNIFER KENNEDY PARK | F. JAMAL FULTON |
| MICHAEL A. GERSTENZANG | ELIZABETH LENAS | RESIDENT PARTNERS |
| LEV L. DASSIN | LUKE A. BAREFOOT | |
| JORGE U. JUANTORENA | JONATHAN S. KOLODNER | SANDRA M. ROCKS |
| MICHAEL D. WEINBERGER | DANIEL ILAN | JUDITH KASSEL |
| DAVID LEINWAND | MEYER H. FEDIDA | PENELOPE L. CHRISTOPHOROU |
| DIANA L. WOLLMAN | ADRIAN R. LEIPSIC | BOAZ S. MORAG |
| JEFFREY A. ROSENTHAL | ELIZABETH VICENS | MARY E. ALCOCK |
| MICHAEL D. DAYAN | ADAM J. BRENNEMAN | HEIDE H. ILGENFRITZ |
| CARMINE D. BOCCUZZI, JR. | ARI D. MACKINNON | KATHLEEN M. EMBERGER |
| JEFFREY D. KARPF | JAMES E. LANGSTON | ANDREW WEAVER |
| KIMBERLY BROWN BLACKLOW | JARED GERBER | HELENA K. GRANNIS |
| ROBERT J. RAYMOND | COLIN D. LLOYD | JOHN V. HARRISON |
| FRANCISCO L. CESTERO | COREY M. GOODMAN | CAROLINE F. HAYDAY |
| FRANCESCA L. ODELL | RISHI ZUTSHI | NEIL R. MARKEL |
| WILLIAM L. MCRAE | JANE VANLARE | LAURA BAGARELLA |
| JASON FACTOR | DAVID H. HERRINGTON | JONATHAN D.W. GIFFORD |
| JOON H. KIM | KIMBERLY R. SPOERRI | SUSANNA E. PARKER |
| MARGARET S. PEPONIS | AARON J. MEYERS | DAVID W.S. YUDIN |
| LISA M. SCHWEITZER | DANIEL C. REYNOLDS | RESIDENT COUNSEL |
| JUAN G. GIRÁLDEZ | ABENA A. MAINOO | |
| DUANE MCLAUGHLIN | HUGH C. CONROY, JR. | LOUISE M. PARENT |
| BREON S. PEACE | JOSEPH LANZKRON | OF COUNSEL |
| CHANTAL E. KORDULA | MAURICE R. GINDI | |

D: +1 212-225-2086
jrosenthal@cgsh.com

March 16, 2021

VIA ECF

The Honorable Ona T. Wang
United States Magistrate Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

> Re: *In re Application of Vale S.A., Vale Holdings B.V., and Vale International S.A. for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings*, No. 20-mc-199-JGK-OTW

Dear Judge Wang:

We write on behalf of Vale S.A., Vale Holdings B.V., and Vale International S.A. (collectively, "Vale") to seek Your Honor's approval to supplement Vale's application for discovery pursuant to 28 U.S.C. § 1782, ECF No. 2 (the "Application") in order to serve a subpoena on Signa Chrysler Holding LLC ("Signa US") in light of newly discovered evidence of its existence and the likelihood that Signa US possesses unique, relevant documents of a similar nature to those sought from the other Respondents. Vale requests that the Court grant it leave to serve a subpoena on Signa US, or in the alternative, requests a status conference for guidance on how to proceed.

As the Court is aware, Vale filed the Application on April 24, 2020, seeking discovery from real estate developers and other entities (together, the "Respondents") tied to HFZ Capital Group LLC, RFR Holding LLC ("RFR"), and Signa Holding GmBH ("Signa") for use in proceedings (the "English Proceedings") pending in the United Kingdom before the High Court of Justice, Business and Property Courts of England and Wales, Commercial Court (QBD) (the "High Court") against Benjamin (Beny) Steinmetz, Dag Lars Cramer, Marcus Struik, Asher Avidan, Joseph Tchelet, David Clark, the Balda Foundation ("Balda"), and Nysco Management

The Honorable Ona T. Wang, p. 2

Corp. ("Nysco") (together, the "Defendants").  Vale alleges that Defendants were the protagonists behind a scheme to illegally gain valuable mining rights in the Republic of Guinea and fraudulently induce Vale to invest $1.2 billion to enter into a joint venture and develop the mining concessions. In the English Proceedings, Vale seeks *inter alia* to recover the traceable proceeds of its payments to the Defendants, including their real estate investments with the Respondents in this District. The Court granted the Application on July 20, 2020.  ECF No. 45 at 9.  On January 29, 2020, this Court denied the Respondents' "motions to quash and associated requests to limit the subpoenas," and directed all Respondents to respond to the subpoenas by February 5, 2021.  ECF No. 76 at 9. Production of responsive documents by the Respondents remains ongoing.

Vale's Application described a joint venture between Signa and BSG Real Estate.[1]  As explained in the Application, a historical snapshot of publicly available information and documents produced in related proceedings suggests that Defendants invested a portion of their ill-gotten gains in valuable and iconic real estate located in Manhattan through joint ventures with, among others, Signa, an Austrian real estate company founded by Rene Benko.[2]  For example, Vale specifically pointed to reports that Signa had purchased the Chrysler Building for $150 million dollars together with RFR, and with the financial backing of Steinmetz.[3]  Vale did not, however, name Signa as a Respondent to the Application because it was unaware of any jurisdictional ties between Signa and New York.

Documents produced by Respondents in this proceeding have now revealed the existence of Signa US, a subsidiary or affiliate of Signa which is found and resides in this District and has or had an ownership interest in the Chrysler Building.[4]  Accordingly, Vale seeks to modify the existing Application to add Signa US as a subpoena recipient.  Annexed hereto as Exhibit A is the proposed subpoena to be served on Signa US.  The subpoena is substantially similar to the subpoenas sustained by the Court and served upon RFR, RFR's founder and principal, Aby Rosen, R&S Chrysler LLC, and RFR Realty LLC, all of which also hold an interest in the Chrysler Building.  Given that RFR has represented to this Court that "[a]n entity affiliated with Steinmetz is alleged to have invested in the Chrysler Building *with Signa*, not RFR,"[5] Vale believes that Signa US is likely to have relevant documents for use in the English Proceedings that are not in the possession, custody or control of the other Respondents.

Courts in this and other Districts have granted supplemental applications for Section 1782 discovery where additional subpoena targets were identified following the grant of the original Section 1782 petition.  See, e.g., In re Aso, No. 19MC190JGKJLC, 2019 WL 3244151, at *2 (S.D.N.Y. July 19, 2019) (granting in part and denying in part (on personal jurisdiction grounds)

---

[1]  See ECF No. 2 at 12-13.  BSG Real Estate is a wholly-owned subsidiary of the Balda Foundation and Nysco, defendants in the underlying foreign proceedings.

[2]  See id.

[3]  Id.

[4]  See Exhibit B (Organizational chart of Chrysler/ Trylons Ownership Structure).  RFR has agreed to remove the confidentiality designation concerning this document.

[5]  ECF No. 58 at 2.

The Honorable Ona T. Wang, p. 3

supplemental application for Section 1782 discovery against additional entities); In re Ex Parte Application of Petro Welt Trading Ges.m.b.H for Order to Obtain Discovery for Use in Foreign Proceeding, No. 2:18-MC-5-FTM-38CM, 2018 WL 3020205, at *1 (M.D. Fla. June 18, 2018) (granting second supplemental application for discovery against additional respondents); Matter of Action & Prot. Found., No. 14CV80076MISCEMC(LB), 2015 WL 1906984 (N.D. Cal. Apr. 27, 2015) (granting supplemental Section 1782 application seeking discovery from additional entities).

The Section 1782 statutory and discretionary factors weigh strongly in favor of granting a supplemental application for the same reasons this Court granted Vale's original Application. Like the other Respondents, Signa US resides in or is found in this District: its registered address is 560 Lexington Avenue, 16th Floor, New York, NY, 10022 and, on information and belief, its principal place of business is in this District. Furthermore, the applicants (Vale) and the underlying proceeding (the English Proceedings) remain unchanged. The Section 1782 statutory factors are thus easily met.[6] Similarly, the balance of Intel discretionary factors remains unchanged.[7]

Accordingly, Vale requests that the Court grant it leave to serve a subpoena on Signa US, or, in the alternative, seeks a status conference for the Court's guidance on how to proceed.

Thank you for Your Honor's consideration.

Respectfully submitted,

*/s/ Jeffrey A. Rosenthal*
Jeffrey A. Rosenthal
jrosenthal@cgsh.com
Lisa M. Schweitzer
lschweitzer@cgsh.com
Lisa Vicens
evicens@cgsh.com
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York  10006
T: 212-225-2000
F: 212-225-3999
*Counsel for Vale S.A., Vale Holdings B.V., and Vale International S.A.*

---

[6] See ECF No. 2 at 14-15. The Second Circuit has distilled three elements from the Section 1782 statutory text, holding that a district court may grant a Section 1782 petition if: "(1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." Brandi-Dohrn v. IKB Deutsche Industriebank AG, 673 F.3d 76, 80 (2d Cir. 2012).

[7] See ECF No. 2 at 16-18.