**CLEARY GOTTLIEB STEEN & HAMILTON LLP**

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

WASHINGTON, D.C. · PARIS · BRUSSELS · LONDON · MOSCOW
FRANKFURT · COLOGNE · ROME · MILAN · HONG KONG
BEIJING · BUENOS AIRES · SÃO PAULO · ABU DHABI · SEOUL

STEVEN M. LOEB
CRAIG B. BROD
NICOLAS GRABAR
DAVID E. BRODSKY
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
ANDRES DE LA CRUZ
DAVID C. LOPEZ
MICHAEL A. GERSTENZANG
LEV L. DASSIN
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
DIANA L. WOLLMAN
JEFFREY A. ROSENTHAL
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
CHANTAL E. KORDULA

BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
COLIN D. LLOYD
COREY M. GOODMAN
RISHI ZUTSHI
JANE VANLARE
DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
AUDRY X. CASUSOL
ABENA A. MAINOO
HUGH C. CONROY, JR.
JOSEPH LANZKRON

MAURICE R. GINDI
KATHERINE R. REAVES
RAHUL MUKHI
ELANA S. BRONSON
MANUEL SILVA
KYLE A. HARRIS
LINA BENSMAN
ARON M. ZUCKERMAN
KENNETH S. BLAZEJEWSKI
MARK E. MCDONALD
F. JAMAL FULTON
RESIDENT PARTNERS

SANDRA M. ROCKS
JUDITH KASSEL
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
HEIDE H. ILGENFRITZ
ANDREW WEAVER
HELENA K. GRANNIS
JOHN V. HARRISON
NEIL R. MARKEL
LAURA BAGARELLA
JONATHAN D.W. GIFFORD
SUSANNA E. PARKER
DAVID W.S. YUDIN
RESIDENT COUNSEL

LOUISE M. PARENT
OF COUNSEL

D: +1 212 225 2086
jrosenthal@cgsh.com

May 26, 2021

VIA ECF

The Honorable Ona T. Wang
United States Magistrate Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

> Re: *In re Application of Vale S.A., Vale Holdings B.V., and Vale International S.A. for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings*, No. 20-mc-199-JGK-OTW

Dear Judge Wang:

Petitioners Vale S.A., Vale Holdings B.V., and Vale International S.A. (collectively, "Vale") respectfully move the Court pursuant to Rule 37(a) and Rule 45(d)(2)(B)(i) of the Federal Rules of Civil Procedure to compel Respondents Perfectus Real Estate Corp. and Tarpley Belnord Corp. (collectively, "Perfectus")[1] to complete their production of relevant and responsive documents by no later than June 23, 2021, more than eleven months after the Court granted Vale's application to obtain this discovery and nearly five months after the Court denied Perfectus's motion to quash and set a February 5, 2021 deadline to respond to the subpoenas.

## BACKGROUND

Vale filed the above-captioned application to conduct discovery pursuant to 28 U.S.C. § 1782 (the "Application") on April 24, 2020, seeking discovery from a number of real estate

---

[1] Tarpley Belnord Corp. changed its name to Perfectus Real Estate Corp. on December 14, 2017. Exhibit 1, New York State Department of State, Corporation & Business Entity Database Search, "Perfectus Real Estate Corp."

The Honorable Ona T. Wang, p. 2

entities (together, the "Respondents") for use in proceedings (the "English Proceedings") pending in the United Kingdom before the High Court of Justice, Business and Property Courts of England and Wales, Commercial Court (QBD) (the "High Court") against Benjamin (Beny) Steinmetz, Dag Lars Cramer, Marcus Struik, Asher Avidan, Joseph Tchelet, David Clark, the Balda Foundation ("Balda"), and Nysco Management Corp. ("Nysco") (together, the "Defendants").  As Vale advised the Court, Vale had reason to believe that Steinmetz, his foundation (Balda), and its subsidiary corporation (Nysco) had invested at least a portion of their ill-gotten gains from a massive fraud perpetrated against Vale in, *inter alia*, various New York real estate ventures involving Respondents.  ECF No. 2 at 6.  The Court granted the Application on July 20, 2020, ECF No. 45 at 9, and on January 29, 2021, denied the Respondents' "motions to quash and associated requests to limit the subpoenas," and directed all Respondents – including Perfectus – to respond to the subpoenas by February 5, 2021.  ECF No. 76 at 9.

Perfectus's former counsel Proskauer Rose LLP ("Proskauer") made five limited productions of documents between August 27, 2020 and March 19, 2021.  Proskauer committed to making productions on a rolling basis and acknowledged that its productions were incomplete. *See, e.g.*, ECF No. 82 ¶ 4 ("Perfectus has instead chosen to retain lower-cost counsel to complete its production of documents.").  On March 18, 2021, Proskauer informed Vale that Perfectus, a New York real estate company, had hired Doron Levy of Amit, Pollak, Matalon & Co. ("APM"), an Israeli lawyer not licensed to practice in New York, to manage its further production.[2]  In the more than two months since Proskauer's last production on March 19, Perfectus's productions have ceased entirely.

Doron Levy and his firm APM are no strangers to this matter, as Mr. Levy has served as counsel to many of the wrongdoers responsible for the fraud committed against Vale and their efforts to conceal assets.  *See* ECF No. 84.  When Vale thus sought to confirm that Proskauer would oversee and certify the work of non-admitted foreign counsel, Proskauer advised us that Mr. Levy's APM colleague Joseph Z. Hellerstein was admitted in New York and that Mr. Hellerstein – who is likewise based in Israel along with the APM firm itself – would replace Proskauer as counsel for Perfectus.[3]  Mr. Hellerstein has appeared under the firm name Hellerstein & Co. to create the appearance that his practice is separate from Mr. Levy's firm APM, but the Hellerstein & Co. website itself exposes this fiction:  "On March 14, 2019, Joe Hellerstein joined the firm of Amit Pollak Matalon & Co. . . . YOU CAN CONTACT JOE AT: Joseph Z. Hellerstein, Amit Pollak Matalon & Co. . . . jzh@apm-law.com."[4]

As we feared, Perfectus's change of counsel from Proskauer to Mr. Levy's firm has had the effect of halting discovery entirely notwithstanding this Court's prior orders.  Mr. Hellerstein has refused even to meet and confer with Vale.  The only substantive communication Vale received from Mr. Hellerstein after filing its letter of May 4, 2021, ECF No. 84, is that on May 5,

---

[2]     ECF No. 84-1 (March 18, 2021 email from Robert J. Cleary).

[3]     *Id.*  March 22, 2021 email from Samuel Levander; April 7, 2021 email from Robert J. Cleary (providing an @apm-law.com email address and an Israeli mailing address as part of Mr. Hellerstein's contact information).  Mr. Hellerstein subsequently filed a notice of appearance and an order for substitution was granted on April 26, 2021. ECF No. 83.

[4]     Exhibit 2, Hellerstein & Co.: A Full-Service International Israeli Law Firm, http://hellerstein-law.com/ (last visited May 25, 2021).

The Honorable Ona T. Wang, p. 3

2021, Mr. Hellerstein advised counsel for Vale that he had just attempted to download Perfectus's documents for the first time and had only then learned that they were encrypted. We have heard nothing about Perfectus's production since.[5]

The limited documents produced by Perfectus to Vale before the departure of Proskauer show that  In other words, unlike some of the other Respondents, Perfectus is not merely a U.S.-based third party in which Steinmetz appears to have invested the proceeds of his fraud, but it is Steinmetz's own investment vehicle.[6]

To date, however, there are a number of significant gaps in Perfectus's productions, including but not limited to:

- Communications between Perfectus and other BSG Entities (Request 3);
- Perfectus's complete set of bank records and tax filings (Requests 4, 5, and 12);[7]
- Perfectus's board meeting minutes (Request 6);
- Perfectus's financial statements (Request 7);
- Perfectus's current corporate organizational chart (Request 8);[8] and
- Due diligence documents related to Perfectus's real estate investments (Request 14).

## ARGUMENT

Under Federal Rule of Civil Procedure 37(a)(1), "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery."  *See also* Fed. R. Civ. P. 45(d)(2)(B)(i) (permitting a motion to compel against a third party subpoena recipient in the court for the district where compliance is required).  Motions to compel

---

[5]     Exhibit 3, May 5, 2021 email from Joseph Z. Hellerstein.

[6]     Vale previously told the Court that – based on the most recent historical information available to Vale at that time – Perfectus was ultimately owned by Balda.  ECF No. 66 at 5 & nn.23-24.  More recently produced documents suggest that █████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████████████ ██████████████████

[7]     While Perfectus did produce certain bank statements, it produced none from 2010 and none after August 2020, and most of the bank records it did produce are incomplete.  Perfectus's production of tax filings was limited to portions of its 2015 and 2017 filings.

[8]     Perfectus produced an undated corporate organizational chart in October 2020, but ignored Vale's requests to confirm whether the chart represented its current ownership structure.

The Honorable Ona T. Wang, p. 4

discovery are "entrusted to the sound discretion of the district court." *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003) (quoting *United States v. Sanders*, 211 F.3d 711, 720 (2d Cir. 2000)).

Courts routinely grant motions to compel to impose deadlines on litigants who have substantially delayed compliance with their discovery obligations. *See, e.g., Anhui Konka Green Lighting Co. v. Green Logic Led Elec. Supply, Inc.*, No. 18CV12255MKVKHP, 2020 WL 5743518, at *3 (S.D.N.Y. Sept. 25, 2020) (granting motion to compel discovery where defendants were "late to respond" and "provided a host of excuses" for delay, none of which the court deemed valid, and ordering defendants to provide a written filing within six days detailing the location and status of documents requested); *Ambac Assurance Corp. v. U.S. Bank Nat'l Ass'n*, No. 117CV2614WHPKHP, 2020 WL 526404, at *2 (S.D.N.Y. Feb. 3, 2020) (granting motion to compel discovery where counsel for non-party subpoena recipient repeatedly failed to reply to party's counsel for months, and failed to meet two agreed-upon production dates, and ordering non-party subpoena recipient to comply and produce documents within a month or "face sanctions"). Courts have also granted motions to compel where a party has ignored previous orders requiring full compliance with a subpoena. *See, e.g., Fairfield Fin. Mortg. Grp. v. Luca*, No. CV06-5962 (JS)WDW, 2008 WL 5001105, at *5 (E.D.N.Y. Nov. 19, 2008) ("[T]he plaintiff seeks yet another order compelling the . . . defendants' full compliance with the earlier orders, and the court will once again order them to comply.").

Here, despite the Court's Orders granting Vale's Application more than ten months ago and denying Perfectus's motion to quash more than four months ago, Perfectus still has significant gaps in its production. More disturbingly, Perfectus's new counsel appears to have been specifically selected to obstruct discovery and has refused to engage with Vale.[9]

Vale therefore respectfully requests that the Court grant Vale's motion to compel Perfectus's compliance with Vale's discovery requests, and to require Perfectus to complete its production of documents responsive to Vale's subpoena by the later of June 23, 2021 or one week after the Court's order.

Separately, the Court invited Vale to move to disqualify Perfectus's new counsel by the date hereof. Concerned that the replacement of counsel will lead to even further delay, Vale has elected not to do so. However, given the lack of independence of APM, as demonstrated in Vale's May 4, 2021 letter to the Court, ECF No. 84, Vale requests that the Court not only set a strict deadline for the completion of Perfectus's production, but that it (i) conduct a hearing at which Perfectus's new counsel can explain to the Court the measures he is taking to ensure complete compliance with Perfectus's discovery obligations, and (ii) make clear to client and counsel alike that sanctions will be imposed in the event of non-compliance with what will be the Court's third order on this subject.

---

[9] The APM law firm, and Doron Levy in particular, have served as counsel for BSGR (the Steinmetz entity against whom Vale has an over $2 billion judgment for perpetrating a fraud against it), BSGR's direct parent, Nysco Corp., and its indirect parent the Balda Foundation (whose primary beneficiary is Steinmetz). ECF No. 84 at 2. Mr. Levy and APM represent Nysco as Israeli counsel in Guernsey administration proceedings for BSGR. *Id.* Mr. Levy has numerous other connections to Steinmetz, including as an advisor to the Balda council and as a board member of Nysco (among other Steinmetz entities). *Id.* at 3. In 2017, Levy was detained alongside Steinmetz in connection with a money laundering investigation culminating in Steinmetz's criminal conviction in Romania last year. *Id.* at 3.

The Honorable Ona T. Wang, p. 5

                        Respectfully submitted,

                        */s/ Jeffrey A Rosenthal*
                        Jeffrey A. Rosenthal
                        jrosenthal@cgsh.com
                        Lisa M. Schweitzer
                        lschweitzer@cgsh.com
                        Lisa Vicens
                        evicens@cgsh.com
                        CLEARY GOTTLIEB STEEN & HAMILTON LLP
                        One Liberty Plaza
                        New York, New York  10006
                        T: 212-225-2000
                        F: 212-225-3999
                        *Counsel for Vale S.A., Vale Holdings B.V., and Vale International S.A.*

cc:  Counsel of Record via ECF