

**mwe.com**
Andrew B. Kratenstein
Attorney at Law
akratenstein@mwe.com
+1 212 547 5695

July 19, 2021

Hon. Ona T. Wang
Magistrate Judge, US District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

Re:   *In re Application of Vale S.A. et al.*, 1:20-mc-00199-JGK-OTW

Dear Judge Wang:

We are counsel to RFR Holding LLC, RFR Realty LLC, R&S Chrysler LLC, and Aby Rosen (collectively, "RFR"). We write pursuant to the Court's Individual Practices in Civil Cases and Order, dated January 29, 2021 (D.E. 76 at 8) (the "Order"), to request a conference so that RFR may move for an order shifting RFR's expenses incurred responding to subpoenas (the "Subpoenas") served on RFR by petitioners Vale S.A., Vale Holdings B.V., and Vale International S.A. (collectively, "Vale"). The Court previously held that it would defer ruling on RFR's request for expense shifting. (Order at 8.) As RFR's document production is complete, RFR respectfully requests that the Court now consider the issue.

Under Federal Rule of Civil Procedure 45, non-parties must be "protect[ed]" from "significant expense resulting from compliance" with subpoenas. Fed. R. Civ. P. 45(d)(2)(B)(ii). Rule 45 thus *requires* expense shifting whenever non-parties incur significant expenses. *See Koopman v. Robert Bosch LLC*, No. 18-CV-4065, 2018 WL 9917679, at *1 (S.D.N.Y. May 25, 2018) (Rule 45 "make[s] cost shifting mandatory in all instances in which a non-party incurs significant expense from compliance with a subpoena") (citations omitted); *Macnamara v. City of New York*, No. 04Civ.9612, 2006 WL 3298911, at *15 (S.D.N.Y. Nov. 13, 2006) (Rule 45 "requires the Court to protect a non-party from 'significant expense'"); *US Bank Nat'l Ass'n v. PHL Variable Ins. Co.*, No. 12 Civ. 6811, 2012 WL 5395249, at *4-5 (S.D.N.Y. Nov. 5, 2012) (requiring plaintiffs to "bear the search, collection, and production costs associated with compliance with the subpoenas served upon" two nonparties).

When determining whether to shift expenses, courts look first at the reasonableness of the costs to be reimbursed and then considers equitable factors including "(1) whether the nonparty has an interest in the outcome of the case; (2) whether the nonparty can more readily bear the costs; and (3) whether the litigation is of public importance." *In re Namenda Direct Purchaser Antitrust Litig.*, No. 15CIV7488, 2017 WL 3822883, at *10 (S.D.N.Y. Aug. 30, 2017) (citations omitted). Each factor favors shifting.

## I.     RFR's Expenses Were Reasonable

RFR retained McDermott Will and Emery LLP ("McDermott") and Epiq Systems ("Epiq") to assist in responding to the Subpoenas. RFR seeks $341,868.34 for McDermott's expenses and €259,983.41 for Epiq's expenses. The supporting details for these amounts are attached as Exhibits A and B. McDermott also cut approximately $40,000 of expenses during the meet and confer process with Vale's counsel



Judge Ona Wang
July 19, 2021
Page 2

(which McDermott is not seeking in this application). Yet Vale still refused to reimburse RFR for *any* of its expenses.

RFR produced documents from its U.S. and E.U. servers from 2010 to the date of the Subpoenas in May 2020. McDermott conferred with Vale's counsel, Cleary Gottlieb Steen & Hamilton ("Cleary"), on search parameters and terms. McDermott repeatedly objected to the over-breadth of the Vale's proposed search, including Vale's approximately 100 proposed search terms (see Exhibit C), but as a result of the Order, RFR had no choice but to comply with Vale's final production demands.

RFR's U.S. review and production was handled primarily by McDermott, using low-rate project attorneys. McDermott reviewed 27,673 documents from RFR's U.S. servers and produced 11,733 of them to Vale.

RFR engaged Epiq to collect documents from RFR's E.U. server and to conduct the first-level review. The cost of the E.U. review was particularly high because the data sought by the Subpoenas was archived. The cost of retrieving and processing the archived data alone was over €58,500. McDermott advised Cleary of this expense prior to undertaking the bulk of the work and Cleary directed McDermott to proceed. (See Exhibit D.) In addition, much of the data located in the E.U. was in German. Accordingly, rather than incurring translation expense, Epiq utilized German-speaking project attorneys for the first-level review and a German-speaking associate at McDermott conducted quality-check review. The search terms used for the E.U. review hit on 135,680 documents. After commencing review, McDermott advised Cleary that certain terms had low responsiveness rates. Cleary agreed to modify two terms, reducing the review set to 81,367 documents. (See Exhibit E.) RFR produced 7,731 of those documents.

McDermott's and Epiq's fees are reasonable. Their rates have been previously approved by other courts (see Exhibits F and G) and are also in line with prevailing market rates. *See also Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) (an attorney's hourly rate is considered reasonable when it is "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."). Reimbursement of expenses incurred by discovery vendors are also recoverable. *See Woburn Ret. Sys. v. Salix Pharm., Ltd.*, No. 14-CV-8925, 2017 WL 3579892, at *8 (S.D.N.Y. Aug. 18, 2017) (awarding reimbursement for expenses including "an electronic discovery vendor"); *In re Marsh ERISA Litig.*, 265 F.R.D. 128, 150 (S.D.N.Y. 2010) (awarding reimbursement for "ordinary and necessary costs such as . . . computer-assisted document organization, travel and copying"). The detail provided at Exhibit A and B also sufficiently supports RFR's application. *See, e.g.*, *Mugavero v. Arms Acres, Inc.*, No. 03 Civ. 05724, 2010 WL 451045, at *7-8 (S.D.N.Y. Feb. 9, 2010) (holding that time detail need only allow the court to "determine the reasonableness of the work performed").

II.     **RFR Has No Interest in the Outcome of Vale's Case**

Expense shifting is also appropriate because RFR has no stake in the underlying litigation. *See, e.g.*, *Israel v. Carpenter*, No. 95CIV2703, 2002 WL 1424594, at *1 (S.D.N.Y. Jun. 28, 2002) ("cost-shifting is warranted both by the fact that the non-parties have no stake in this litigation and by the broad nature of the subpoenas issued by plaintiffs"); *United States v. McGraw-Hill Cos.*, 302 F.R.D. 532, 535 (C.D. Cal. 2014) (Rule 45 "make[s] cost-shifting a matter of course" as "[n]onparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of a litigation to which they are not a part.").

McDermott
Will & Emery

Judge Ona Wang
July 19, 2021
Page 3

Vale served the Subpoenas in an effort to "locate the traceable proceeds of Vale's payments" to Benjamin Steinmetz ("Steinmetz") for purposes of satisfying an arbitration award and judgment that Vale obtained against BSG Resources Limited. (D.E. 2 at 1-6.) RFR receives no benefit from Vale's collection efforts and should not have to bear the cost of them. Vale has also used at least two RFR-produced documents in its pursuit of Steinmetz's funds. (See D.E. 79-2; *Vale S.A. v BSG Resources Limited*, 1:19-cv-03619, D.E. 74-27.) RFR thus provided a benefit to Vale, and Vale should pay the costs associated with that benefit. *See First Am. Corp.*, 184 F.R.D. 234, 241 (S.D.N.Y. 1998) ("A nonparty's legal fees, especially where the work benefits the requesting party, have been considered a cost of compliance reimbursable under Rule 45(c)(2)(B).").

### III. Vale Can Readily Bear the Expense of the Subpoena Response

Vale can readily bear RFR's expenses. Vale is a Brazilian multinational corporation and the "world's largest producer of iron ore, pellets, and nickel." *About Us*, http://www.vale.com/en/aboutvale/pages/default.aspx. Upon information and belief, Vale's estimated revenue in 2020 was over $200 *billion*. *See Vale S.A.*, MARKETWATCH, https://www.marketwatch.com/investing/stock/vale. Vale has commenced multiple proceedings across multiple countries in connection with its pursuit of Steinmetz (including the underlying proceeding in the United Kingdom, this proceeding, and another proceeding in this district seeking recognition and enforcement of Vale's arbitration award, Case No. 1:19-cv-03619). Vale is plainly able to pay the costs of the production it required from RFR and is more readily able to do so. *See Dow Chem. Co. v. Reinhard*, No. M8-85, 2008 WL 1968302, at *2 (S.D.N.Y. Apr. 29, 2008) (awarding costs where the court "doubt[ed] that . . . the corporate behemoth Dow," the subpoenaing party, "will have any trouble covering the expenses for the production"); *Prescient Acquisition Grp., Inc. v. MJ Publishing Trust*, No. 05 Civ. 6298, 2006 WL 2996645, at *3 (awarding costs to nonparty Bank of America).

### IV. The Underlying Litigation is Not of Public Importance

Where a case involves a private dispute amongst private parties, the third equitable factor weighs in favor of reimbursement of the non-party. *See, e.g.*, *Prescient*, 2006 WL 2996645, at *3 (awarding costs where "[t]he dispute is among private parties"); *US Bank Nat'l Ass'n*, 2012 WL 5395249, at *4 (awarding cost-shifting because "the litigation involves a purely private dispute.") The dispute between Vale and Steinmetz is a private dispute in which Vale is seeking to obtain damages and collect on a civil arbitration award and judgment against Steinmetz. Accordingly, this factor weighs in favor of expense shifting.

In short, RFR undertook efforts to minimize expenses in responding to the Subpoenas and the expenses that RFR incurred were reasonable in light of the Subpoenas' expansive scope. Each of equitable considerations also weighs in favor of shifting RFR's expenses to Vale.

We met and conferred multiple times with Vale's counsel by email and by phone, but were not able to reach a resolution, even after reducing the amount sought. Accordingly, RFR respectfully requests a conference concerning its application.

McDermott
Will & Emery

Judge Ona Wang
July 19, 2021
Page 4

Respectfully submitted,

Andrew B. Kratenstein


cc:  Counsel of Record (via ECF)

Encls.

McDermott
Will & Emery