# CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

WASHINGTON, D.C. · PARIS · BRUSSELS · LONDON · MOSCOW
FRANKFURT · COLOGNE · ROME · MILAN · HONG KONG
BEIJING · BUENOS AIRES · SÃO PAULO · ABU DHABI · SEOUL

STEVEN M. LOEB
CRAIG B. BROD
NICOLAS GRABAR
DAVID E. BRODSKY
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
ANDRES DE LA CRUZ
DAVID C. LOPEZ
MICHAEL A. GERSTENZANG
LEV L. DASSIN
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
DIANA L. WOLLMAN
JEFFREY A. ROSENTHAL
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
CHANTAL E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
COLIN D. LLOYD
COREY M. GOODMAN
RISHI ZUTSHI
JANE VANLARE
DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
AUDRY X. CASUSOL
ABENA A. MAINOO
HUGH C. CONROY, JR.
JOSEPH LANZKRON
MAURICE R. GINDI
KATHERINE R. REAVES
RAHUL MUKHI
ELANA S. BRONSON
MANUEL SILVA
KYLE A. HARRIS
LINA BENSMAN
ARON M. ZUCKERMAN
KENNETH S. BLAZEJEWSKI
MARK E. MCDONALD
F. JAMAL FULTON
RESIDENT PARTNERS

SANDRA M. ROCKS
JUDITH KASSEL
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
HEIDE H. ILGENFRITZ
ANDREW WEAVER
HELENA K. GRANNIS
JOHN V. HARRISON
NEIL R. MARKEL
LAURA BAGARELLA
JONATHAN D.W. GIFFORD
SUSANNA E. PARKER
DAVID W.S. YUDIN
RESIDENT COUNSEL

LOUISE M. PARENT
OF COUNSEL

D: +1 212 225 2086
jrosenthal@cgsh.com

July 22, 2021

VIA ECF

The Honorable Ona T. Wang
United States Magistrate Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

Re: *In re Application of Vale S.A. et al.*, No. 20-mc-199-JGK-OTW

Dear Judge Wang:

We write on behalf of Vale S.A., Vale Holdings B.V., and Vale International S.A. (collectively, "Vale") to respond to the letter filed on July 19, 2021 by RFR Holding LLC, RFR Realty LLC, R&S Chrysler LLC, and Aby Rosen (collectively, "RFR"), ECF No. 93. RFR, the real estate giant with approximately $16 billion in assets under management,[1] has been an eager business partner of convicted fraudster Beny Steinmetz and entities Steinmetz controls for at least a decade. Despite being a potential recipient of traceable funds stolen from Vale by BSG Resources Limited ("BSGR"), which Vale is seeking to recover through proprietary claims (akin to a constructive trust) it is litigating against Steinmetz in England,[2] RFR now portrays itself as a disinterested "non-party" in order to force Vale to foot the bill for excessive costs it allegedly

---

[1] See RFR Holding GmbH (2021), https://rfr-holding.com/ ("Today, the RFR Group manages real estate assets of approximately US$16 billion worldwide.").

[2] Wells Fargo Bank, N.A. v. Konover, 259 F.R.D. 206, 206 (D. Conn. 2009) (denying costs where non-party had "material involvement and strong interest in" a "central transaction[] being challenged as a fraudulent transfer" in underlying case); Behrend v. Comcast Corp., 248 F.R.D. 84, 87 (D. Mass. 2008) (denying costs where respondent "could have anticipated" that transaction with defendant "could potentially spawn litigation or discovery").

Cleary Gottlieb Steen & Hamilton LLP or an affiliated entity has an office in each of the cities listed above.

The Honorable Ona T. Wang, p. 2

incurred to respond to a Court-ordered subpoena. RFR's request to shift its costs to Vale should be denied.

On July 20, 2020, ECF No. 45, the Court granted Vale's above-captioned application to conduct discovery pursuant to 28 U.S.C. § 1782 (the "Application"), seeking discovery from a number of real estate entities (together, the "Respondents") for use in proceedings pending in the United Kingdom (the "English Proceedings"). As set forth in the Application, Vale is asserting claims in the English Proceedings for, *inter alia*, the recovery of the traceable proceeds of a fraudulently-induced $500 million payment made by Vale to enter into a joint venture with BSGR, on April 30, 2010. ECF No. 2 at 6.

Cost-shifting is a sanction to be applied only under exceptional circumstances, and it is inapplicable here.[3] To start, RFR's application for costs is unreasonable on its face. RFR's alleged "compliance" costs of nearly $650,000 are "extremely high and objectively unreasonable,"[4] and nearly four times higher than the amount awarded for subpoena compliance in *any* case cited in RFR's letter.[5] Indeed, it is more than double the estimate it provided to Vale last August.[6] Vale did not seek to inflict unreasonable costs upon RFR; as RFR noted in its letter, Vale's counsel agreed to modify search terms to reduce the scope of RFR's review of documents located in the European Union. ECF No. 93 at 2. Vale's counsel also affirmatively suggested the removal of terms proposed by RFR's counsel, substantially reducing RFR's overall review universe.[7]

Where a non-party seeks to shift costs incurred responding to a Rule 45 subpoena, courts consider three factors: "'whether the nonparty actually has an interest in the outcome of the case, whether the nonparty can more readily bear the costs than the requesting party and whether the litigation is of public importance.'" In re Honeywell Int'l Sec. Litig., 230 F.R.D. 293, 303 (S.D.N.Y. 2003) (citation omitted). All three equitable factors favor Vale.

*First*, despite its repeated efforts to publicly distance itself from Steinmetz, RFR is not a typical "non-party" responding to a Rule 45 subpoena. Just *two days* after Vale was defrauded into paying $500 million to BSGR, Shimon Menahem, Steinmetz's relative and business

---

[3] See 9 Moore's Federal Practice § 45.33 (2021) ("A nonparty responding to a subpoena is generally required to bear its own costs of production.").

[4] Valcor Eng'g Corp. v. Parker Hannifin Corp., No. 8:16-cv-00909-JVS-KESx, 2018 WL 3956732, at *3-4 (C.D. Cal. July 12, 2018) (denying costs, noting "a party might incur more than $300,000 in attorney's fees, if at all, *in litigating a case through a multi-day trial*") (emphasis added); see also Nike, Inc. v. Wu, No. 13 Civ. 8012 (CM), 2020 WL 257475, at *2 (S.D.N.Y. Jan. 17, 2020) (denying costs as "unreasonably expensive, [and] inefficient").

[5] Tellingly, RFR requests an amount higher than the attorney's fees requested for seven years of litigating a Title VII dispute, in a case which RFR itself cites in its papers. See Mugavero v. Arms Acres, Inc., No. 03 Civ. 05724(PGG), 2010 WL 451045, at *11 (S.D.N.Y. Feb. 9, 2010) (seeking $614,616.51 in fees for Title VII dispute).

[6] ECF No. 93-3, Email from M. Asher (MWE) to A. Saenz *et al.* (CGSH), Aug. 17, 2020, at 6 (estimating review costs for U.S. documents to be $100,000 and review costs for German documents to be $150,000). See also Cornell v. Columbus McKinnon Corp., No. 13-cv-02188--SI, 2015 WL 4747260, at *4 (N.D. Cal. Aug. 11, 2015) (denying costs, finding "[respondents'] requested fees of $227,597 so far outstrip its earlier projection of $75,000" as "further indicium that at least a portion of these costs may not have been reasonably incurred from compliance").

[7] ECF No. 93-3, Email from A. Saenz (CGSH) to D. Kratenstein and M. Asher (MWE), Aug. 13, 2020, at 6-8 (CGSH's suggested removal of terms proposed by RFR reduced search term hit count by nearly half).

partner,[8] wrote to Michael Fuchs, co-founder of RFR, explaining that "Benny closed on Friday a mega deal with Vale and has now a big appetite for new investments."[9]  Steinmetz and his associates discussed investment opportunities in New York real estate with RFR and its principals and attended business meetings together in New York.[10]  RFR's counsel has specifically identified "RFR's purchase of Steinmetz's interest in" Karstadt, a German department store chain, as a significant transaction involving a defendant in the English Proceedings,[11] and it has been publicly reported that Steinmetz funded in part the purchase of the Chrysler Building by RFR and Signa, an Austrian real estate company, in March 2019.[12]  RFR retained specialized counsel, joined Nysco's Opposition to the Application (ECF No. 32), then objected to and litigated the subpoena (ECF No. 58), and ultimately dragged out its production for an entire year—all evidence of its interest in the underlying litigation.[13]

*Second*, with $16 billion in assets under management, RFR is able to bear these costs.[14]

*Third*, the litigation is of public importance because it involves the disclosure of fraud and a prominent scheme of bribery of public officials,[15] and implicates the important policy goal of increasing reciprocal international cooperation in judicial proceedings.[16]  There is no equitable basis for Vale to absorb RFR's costs.

Accordingly, Vale respectfully requests that RFR's request be denied.

---

[8]   See Ex. A, Jasmin Gueta and Israel Fisher, Businessman Detained as Part of Beny Steinmetz Probe Named as Shimon Menachem, Haaretz (Aug. 27, 2017), https://www.haaretz.com/israel-news/businessman-arrested-as-part-of-beny-steinmetz-probe-named-as-shimon-menachem-1.5446110.

[9]   Ex. B, E-mail from Shimon Menahem to Michael Fuchs (May 2, 2010) (RFR0004309).

[10]   See, e.g., id.; ECF No. 37-1 (emails between Beny Steinmetz and Aby Rosen).

[11]   ECF No. 58 at 2.  RFR's own German-language press releases publicize its relationship with Steinmetz. See Ex. C, RFR buys 13 Karstadt department stores, Immobielen Zeitung (Dec. 14, 2017), https://rfr-management.com/fileadmin/assets/presse/2017/IZ%20de%202017%2012%2014.pdf  ("Israeli entrepreneur Beny Steinmetz has sold 13 department stores leased to Karstadt to the New York investment company RFR.").

[12]   ECF No. 3-65, Konrad Putzier, Meet the Other Man Who Bought the Chrysler Building, Wall Street J. (July 23, 2019), https://www.wsj.com/articles/meet-the-other-man-who-bought-the-chrysler-building-11563879601; see also ECF No. 2 at 12-13 (describing evidence linking Steinmetz and BSG entities to the Chrysler Building).

[13]   Valcor, 2018 WL 3956732, at *4 (noting that "aggressive litigation tactics are also relevant because they tend to demonstrate [respondent] is not a truly disinterested non-party").

[14]   See Chevron Corp. v. Donziger, No. 11 Civ 0691(LAK), 2013 WL 1087236, at *33 (S.D.N.Y. Mar. 15, 2013) (denying reimbursement, holding that costs of $1 million would not be an "undue burden" on non-party given "its size (reportedly over $300 million in gross revenues in 2012), and its economic interest in this controversy").

[15]   See In re First Am. Corp., 184 F.R.D. 234, 242 (S.D.N.Y. 1998) (finding "strong public interest" in private lawsuit involving global bank fraud); Ex. D, Dep't of Just. and the SEC, A Resource Guide to the U.S. Foreign Corrupt Practices Act, Second Edition at 2 (July 2020), https://www.justice.gov/criminal-fraud/file/1292051/download (identifying that foreign corruption "impedes economic growth," "weakens the rule of law," and "impedes U.S. efforts to promote freedom and democracy, end poverty, and combat crime and terrorism").

[16]   See In re Metallgesellschaft AG, 121 F.3d 77, 80 (2d Cir. 1997) ("[T]hrough § 1782 Congress has seen fit to authorize discovery . . . as a means of improving assistance by our courts to participants in international litigation and encouraging foreign countries by example to provide similar means of assistance to our courts.").

The Honorable Ona T. Wang, p. 4

                                                  Respectfully submitted,

                                                  */s/ Jeffrey A. Rosenthal*
                                                  Jeffrey A. Rosenthal
                                                  jrosenthal@cgsh.com
                                                  Lisa M. Schweitzer
                                                  lschweitzer@cgsh.com
                                                  Lisa Vicens
                                                  evicens@cgsh.com
                                                  CLEARY GOTTLIEB STEEN & HAMILTON LLP
                                                  One Liberty Plaza
                                                  New York, New York  10006
                                                  T: 212-225-2000
                                                  F: 212-225-3999
                                                  *Counsel for Vale S.A., Vale Holdings B.V., and Vale International S.A.*

cc:  All Counsel of Record (via ECF)