CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

WASHINGTON, D.C. · PARIS · BRUSSELS · LONDON · MOSCOW
FRANKFURT · COLOGNE · ROME · MILAN · HONG KONG
BEIJING · BUENOS AIRES · SÃO PAULO · ABU DHABI · SEOUL

STEVEN M. LOEB
CRAIG B. BROD
NICOLAS GRABAR
DAVID E. BRODSKY
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
ANDRES DE LA CRUZ
DAVID C. LOPEZ
MICHAEL A. GERSTENZANG
LEV L. DASSIN
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
DIANA L. WOLLMAN
JEFFREY A. ROSENTHAL
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE

CHANTAL E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
COLIN D. LLOYD
COREY M. GOODMAN
RISHI ZUTSHI
JANE VANLARE
DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
AUDRY X. CASUSOL
ABENA A. MAINOO

HUGH C. CONROY, JR.
JOSEPH LANZKRON
MAURICE R. GINDI
KATHERINE R. REAVES
RAHUL MUKHI
ELANA S. BRONSON
MANUEL SILVA
KYLE A. HARRIS
LINA BENSMAN
ARON M. ZUCKERMAN
KENNETH S. BLAZEJEWSKI
MARK E. MCDONALD
F. JAMAL FULTON
RESIDENT PARTNERS

SANDRA M. ROCKS
JUDITH KASSEL
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
HEIDE H. ILGENFRITZ
ANDREW WEAVER
HELENA K. GRANNIS
JOHN V. HARRISON
LAURA BAGARELLA
JONATHAN D.W. GIFFORD
SUSANNA E. PARKER
DAVID W.S. YUDIN
RESIDENT COUNSEL

LOUISE M. PARENT
OF COUNSEL

D: +1 212-225-2086
jrosenthal@cgsh.com

September 13, 2021

VIA ECF

The Honorable Ona T. Wang
United States Magistrate Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *In re Application of Vale S.A. et al.*, No. 20-mc-199-JGK-OTW

Dear Judge Wang:

      We write on behalf of Vale S.A., Vale Holdings B.V., and Vale International S.A. (collectively, "Vale") to inform the Court of Respondents Perfectus Real Estate Corp. and Tarpley Belnord Corp.'s (collectively, "Perfectus")[1] continued refusal to comply with this Court's January 29, 2021 order (the "January 29 Order"), ECF No. 76, directing all Respondents to respond to Vale's subpoenas by February 5, 2021, and the Court's June 22, 2021 order (the "June 22 Order"), ECF No. 91, endorsing Vale's motion to compel against Perfectus and ordering Perfectus to complete its production of relevant and responsive documents by no later than June 29, 2021. Vale thus requests a status conference, at which we will seek leave to file a motion for contempt.

      As the Court is aware, Vale filed the above-captioned application to conduct discovery pursuant to 28 U.S.C. § 1782 (the "Application") on April 24, 2020, seeking discovery from a number of real estate entities (together, the "Respondents") for use in proceedings (the "English Proceedings") pending in the United Kingdom before the High Court of Justice, Business and Property Courts of England and Wales, Commercial Court (QBD) (the "High Court") against Benjamin (Beny) Steinmetz, Dag Lars Cramer, Marcus Struik, Asher Avidan, Joseph Tchelet, David Clark, the Balda Foundation ("Balda"), and Nysco Management Corp. ("Nysco")

---

[1]     Tarpley Belnord Corp. changed its name to Perfectus Real Estate Corp. on December 14, 2017.

The Honorable Ona T. Wang, p. 2

(together, the "Defendants"). The Court granted the Application on July 20, 2020. ECF No. 45 at 9. On January 29, 2021, the Court denied the Respondents' "motions to quash and associated requests to limit the subpoenas," and directed all Respondents—including Perfectus—"to respond to the subpoenas by February 5, 2021." ECF No. 76 at 9. The Court additionally granted Vale's motion to compel Perfectus's production of documents on June 22, 2021, ECF No. 91, after all productions ceased entirely when Perfectus replaced its former counsel, Proskauer Rose LLP with Doron Levy of Amit, Pollak, Matalon & Co. ("APM"), an Israeli lawyer not licensed to practice in New York and with strong ties to Beny Steinmetz and his unlawful dealings, and his colleague Joseph Hellerstein, who is licensed to practice in New York, to manage its further production.[2]

As Vale has previously explained, the limited documents produced by Perfectus to date confirm that Perfectus is one of Steinmetz's real estate investment arms in New York. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

After Vale moved to compel production from Perfectus, ECF No. 88, Perfectus made a single additional production on June 21, 2021 (the "June 21 Production"). The June 21 Production consisted of 752 documents but, critically, failed to address the gaps in Perfectus's productions previously identified in Vale's motion to compel.

The June 21 Production is facially deficient. For example, Perfectus did not even provide attachments to the emails included in the production.[3] The production contains unspecified redactions without a corresponding privilege log[4] and appears to contain a number of emails that suggest that the email was forwarded, but without sender and recipient information identifying to whom it was forwarded.[5] Vale has written repeatedly to Perfectus's counsel, Mr. Hellerstein, on June 23, August 24 and August 30, to raise these deficiencies and discuss the timeframe for Perfectus to complete its long overdue production; Mr. Hellerstein has been nearly completely unresponsive to our efforts and unwilling even to engage in a meet and confer with Vale.[6]

---

[2] ECF No. 84-1 (March 18, 2021 email from Robert J. Cleary).
[3] See, e.g., Exhibit 4, PERF-ID002918 (email, Mar. 5, 2018) (Gregg Blackstock emails Kenneth Henderson and Holly Berger, attaching the Perfectus corporate ownership chart (not provided), stating "Attached is the current chart; I've shown the name change"); Exhibit 5, PERF-ID002591 (email, Dec. 19, 2014) (Correspondence between Ohad Schwartz and Nammax where reference is made to enclosed spreadsheet with numbers on the Belnord deal, not attached in this production).
[4] See, e.g., Exhibit 6, PERF-ID000502.
[5] See, e.g., Exhibit 7, PERF-ID002609. The production is likewise missing any metadata that would help to organize the production, determine document dates and/or original recipients or senders of correspondence.
[6] Exhibit 8, Correspondence with Joseph Hellerstein. The only response Vale ever received from Mr. Hellerstein since it sought to discuss Perfectus's production was an August 30 email advising that he was attending

Further, Perfectus has still failed to produce categories of documents that this Court ordered it to produce to Vale, including but not limited to:

- Communications between Perfectus and other BSG Entities (Request 3);[7]
- Perfectus's complete set of bank records and tax filings (Requests 4, 5, and 12);[8]
- *Any* Perfectus board meeting minutes (Request 6);
- Perfectus's financial statements (Request 7);
- Perfectus's current corporate organizational chart (Request 8);[9] and
- Due diligence documents related to Perfectus's real estate investments (Request 14).

In light of Perfectus's continued intransigence and outright refusal to so much as engage in dialogue for scheduling a meet and confer, Vale requests a status conference with the Court at which Vale will seek leave to file a motion for contempt. A finding of contempt is appropriate where "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner."[10] This Court's January 29 and June 22 Orders clearly and unambiguously required Perfectus to respond to Vale's subpoena by February 5, ECF No. 76 at 9 and to "complete [its] production of responsive documents by June 29," ECF No. 91 at 5. Far from completing its production, Perfectus has made a single additional deficient production with numerous duplicates and incomplete data that has failed to remedy the significant gaps necessitating the Court's June 22 order to supplement its prior productions following Vale's May 26 motion to compel. As noted above, we have made Perfectus's counsel aware of these gaps and Perfectus not only refuses to make productions to fix them, it refuses entirely to meet and confer with Vale or even respond to Vale's overtures. The long history makes clear that as an arm of the Swiss convict Steinmetz (who recently invoked the right against self-incrimination in refusing to answer any questions in a deposition ordered by Your Honor in another case), Perfectus has no intention of ever complying with the Court's discovery orders unless and until it is sanctioned for its failure to do so. Under these circumstances, contempt is appropriate.

---

the wedding of one of his children. When Vale's counsel immediately asked him to propose a time and date when he would make himself available, Mr. Hellerstein again fell silent.

[7] While the latest production does include *some* correspondence between Perfectus and other BSG Entities, the correspondence file is patently incomplete and largely fails to include any communications from 2010 or between 2018 and the present, time periods that are plainly covered by Vale's subpoena and the Court's orders.

[8] While Perfectus did produce certain bank statements, it produced none from 2010 and none after August 2020. Most of the bank records it did produce are incomplete. Perfectus's production of tax filings was limited to portions of its 2015 and 2017 filings.

[9] Perfectus produced an undated corporate organizational chart in October 2020, but refused to confirm whether the chart represented its current ownership structure.

[10] Paramedics Electromedicina Comercial, Ltd v. GE Med. Sys. Info. Techs., Inc., 369 F.3d 645, 655 (2d Cir. 2004) (citing King v. Allied Vision, Ltd., 65 F.3d 1051, 1058 (2d Cir. 1995).

                                          Respectfully submitted,

                                          */s/ Jeffrey A. Rosenthal*_____
                                          Jeffrey A. Rosenthal
jrosenthal@cgsh.com
Lisa M. Schweitzer
lschweitzer@cgsh.com
Lisa Vicens
evicens@cgsh.com
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
T: 212-225-2000
F: 212-225-3999

*Counsel for Vale S.A., Vale Holdings B.V., and Vale International S.A.*

cc: Counsel of Record (via ECF)