# CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

WASHINGTON, D.C. • PARIS • BRUSSELS • LONDON • MOSCOW
FRANKFURT • COLOGNE • ROME • MILAN • HONG KONG
BEIJING • BUENOS AIRES • SÃO PAULO • ABU DHABI • SEOUL

STEVEN M. LOEB
CRAIG B. BROD
NICOLAS GRABAR
DAVID E. BRODSKY
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
ANDRES DE LA CRUZ
DAVID C. LOPEZ
MICHAEL A. GERSTENZANG
LEV L. DASSIN
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
DIANA L. WOLLMAN
JEFFREY A. ROSENTHAL
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
CHANTAL E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
LILLIAN TSU
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
COLIN D. LLOYD
RISHI ZUTSHI
JANE VANLARE
DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
AUDRY X. CASUSOL
JOHN A. KUPIEC
ABENA A. MAINOO
HUGH C. CONROY, JR.
JOSEPH LANZKRON
MAURICE R. GINDI
KATHERINE R. REAVES
RAHUL MUKHI
ELANA S. BRONSON
MANUEL SILVA
KYLE A. HARRIS
LINA BENSMAN
ARON M. ZUCKERMAN
KENNETH S. BLAZEJEWSKI
MARK E. MCDONALD
F. JAMAL FULTON
    RESIDENT PARTNERS

SANDRA M. ROCKS
JUDITH KASSEL
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
HEIDE H. ILGENFRITZ
ANDREW WEAVER
HELENA K. GRANNIS
JOHN V. HARRISON
LAURA BAGARELLA
JONATHAN D.W. GIFFORD
SUSANNA E. PARKER
DAVID W.S. YUDIN
    RESIDENT COUNSEL

LOUISE M. PARENT
    OF COUNSEL

D: +1 212-225-2086
jrosenthal@cgsh.com

December 2, 2021

**VIA ECF**

The Honorable Ona T. Wang
United States District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

Re:   *In re Application of Vale S.A. et al.,* No. 20-mc-199-JGK-OTW

Dear Judge Wang:

Vale S.A., Vale Holdings B.V., and Vale International S.A. (collectively, "**Vale**") and Perfectus Real Estate Corp. and Tarpley Belnord Corp. (collectively, "**Perfectus**") [1] respectfully submit the following joint status letter pursuant to Your Honor's November 15, 2021 Order (ECF No. 109). The parties' respective positions are detailed below.

**Vale:**

Between the November 10 court hearing and the November 24 deadline for production, Perfectus produced eight additional documents. Just a few days ago, Perfectus produced approximately 8,500 documents, which Vale has begun to review. Perfectus produced eight more documents related to the real estate venture at 76 11th Avenue this morning. It is already clear, however, that there remain significant issues with Perfectus's productions. Given the difficulties with obtaining Perfectus's voluntary compliance to date, Vale submits that the appropriate next step is to seek explanations through a deposition of Perfectus's sole employee and director Gregg Blackstock.

---

[1]   Tarpley Belnord Corp. changed its name to Perfectus Real Estate Corp. on December 14, 2017.

The Honorable Ona T. Wang, p. 2

At the November 10, 2021 hearing, Vale raised several fundamental deficiencies with Perfectus's productions, including gaps in Perfectus's bank records, tax returns, correspondence, board meeting minutes, financial statements, and due diligence documents. Notably, Perfectus had not produced a single document related to any of its current bank accounts. Perfectus acknowledged that its production was incomplete and requested that the Court order a production deadline of November 24, which the Court granted. ECF No. 109; *see* Hr'g Tr. 7:19-20 ("[G]iven another two weeks, we can complete the production."). It then failed to meet that new deadline.

Perfectus's new productions contain *no* metadata (not even basic file name or date information) and are not in native file formats. Counsel for Perfectus indicated that all of these documents were files sent from Perfectus's long-time counsel Bryan Cave Leighton Paisner LLP ("BCLP") to Proskauer Rose LLP ("Proskauer"), Perfectus's former counsel in this action. The title of the folders in the production – "All BCLP files transferred to Proskauer August 2020 to March 2021 PDF Documents" – suggests that notwithstanding its prior explanations to the Court for its non-compliance, Perfectus has in fact been in possession of these documents for at least eight months. Perfectus has offered Vale no explanation for its eight-month delay in withholding production of these documents, nor for its missing the Court-ordered November 24 deadline.

While Vale reserves its rights to raise further issues that it identifies in its review of the most recent production, several issues are already apparent:

*First*, as described by Vale at the November 10 hearing, it appears Mr. Blackstock doctored an organizational chart produced by Perfectus that shows the ownership of the Belnord, a luxury apartment building on the Upper West Side of Manhattan. Vale has reviewed several versions of this organizational chart, including one filed in a New York State Court action on June 28, 2021, all of which show that Tarpley Belnord Corp. has a 60% interest in Belnord Partners Members JV LLC and its subsidiaries, and that Tarpley Belnord Corp. is 100% owned by "Benny Steinmetz and Family Trusts." *See* Exhibit 1, Figure 1. On November 10, Perfectus produced a version of this organizational chart that is identical to the chart in Figure 1, except that the notation that Tarpley Belnord Corp. is 100% owned by Mr. Steinmetz and Family Trusts had been covered up by a large blue rectangle that simply states "Perfectus Real Estate Corp." *See* Exhibit 1, Figure 2. The blue rectangle appears to have been positioned so as to intentionally obscure Mr. Steinmetz's ownership stake in the Belnord. Perfectus has since explained that Mr. Blackstock was responsible for concealing Mr. Steinmetz's role in the original document, and that he did so because he "believed the chart to be wrong and thus corrected it." Exhibit 2 at 4, Email from Joe Hellerstein to Samuel Levander (Nov. 28, 2021). In support, Mr. Hellerstein sent us an email from Mr. Blackstock to Nir Meir of HFZ where Mr. Blackstock asked Mr. Meir to "please get your guys to to [*sic*] take out Beny's name." Exhibit 3 at 2, Email from Gregg Blackstock to Nir Meir (Aug. 9, 2017). All of these documents, however, should have been produced together with the doctored chart; it was only after we brought the doctored chart to the attention of the Court that Mr. Hellerstein revealed that Perfectus had related documents, including communications about the original chart.

*Second*, even by Perfectus's own description of its production in communications with us, there remain key gaps. Perfectus has acknowledged closing its existing bank account in June 2021 and opening a new bank account in November 2021, but did not disclose even the identity of the bank until this morning and has not produced a single document related to this account. Relatedly,

The Honorable Ona T. Wang, p. 3

Perfectus has ignored Vale's repeated requests related to several specific gaps in its productions of bank statements. Because Perfectus's production solely derives from the files of Bryan Cave, it would not include any correspondence that Perfectus may have had outside the presence of its lawyers, nor would it include any correspondence after BCLP resigned from its engagement with Perfectus in October 2018. Finally, Perfectus has acknowledged that it has not yet produced financial statements for 2019 to the present.

Following the Court's guidance at the November 10, 2021 hearing, Vale has attempted to schedule a deposition of Mr. Blackstock, Perfectus's sole current director and employee, in an effort to fill some of the gaps created by these deficiencies in Perfectus's productions and explore further the doctoring of Perfectus's organizational chart to exclude Mr. Steinmetz. Perfectus has responded that it "see[s] no reason for a deposition other than to badger Mr. Blackstock." To date, Perfectus has not only ignored Vale's requests for Mr. Blackstock's availability for a deposition, it refuses to answer even basic questions such as where Mr. Blackstock is located. Vale sent Perfectus subpoenas for a deposition on Perfectus and Mr. Blackstock on December 1, 2021, *see* Exhibit 4, Blackstock Subpoena, Exhibit 5, Perfectus Subpoena, and respectfully requests that the Court compel Perfectus to make Mr. Blackstock available for a deposition in New York – Perfectus's place of incorporation and primary place of business – on December 22, 2021 or on a mutually convenient date sufficiently in advance of the trial in the English Proceedings, which is set to begin on January 24, 2022.

In light of Perfectus's continued obstinacy, Vale believes that the imposition of sanctions for non-compliance are appropriate at this time, or at least conditional sanctions, should Perfectus not immediately complete its full production in accordance with Southern District standards (such as the production of metadata) and make Mr. Blackstock available for deposition.[2]

**Perfectus:**

The Magistrate Judge told the parties to file a joint letter. We understood that to mean a letter agreed to by both sides. Vale's section above is simply a litany of self-serving allegations.

We have not refused to produce any documents, intentionally "obscured" Mr. Steinmetz's ownership stake, intentionally "concealed" or "doctored" any documents, and we object to that inflammatory accusation. Mr. Blackstock produced an organizational chart that characterizes Perfectus's organization to the best of his knowledge. We are not sure why an inaccurate organizational chart was produced at an earlier date.

---

[2] With regard to Perfectus's last paragraph, Perfectus had been of the view that the letter to the Court would be jointly drafted in all respects rather than setting forth the parties' respective positions on disagreements (and Perfectus wished for both parties to advise the Court that there were not any disagreements despite Vale informing Perfectus of all of the concerns described herein). It is in that context that after several unsuccessful efforts to persuade Perfectus to draft its section of this letter, we urged Mr. Hellerstein one final time this morning to engage in this process by advising him that in our experience, a joint letter in the Southern District is a single submission that contains each party's views on any disputed issues rather than one in which Perfectus would have a hand in writing Vale's arguments and vice versa. After receiving Vale's section, Perfectus finally delivered to us the response below minutes before the 5:00p.m. filing deadline.

The Honorable Ona T. Wang, p. 4

At this point, Mr. Blackstock has produced all documents in Perfectus's possession responsive to the subpoena. The subpoena did not authorize Vale to depose any individuals.

We have done the best we can, considering the lack of resources. Perfectus is merely an inactive holding company with a mailbox office in New York and its sole director and employee residing abroad. Indeed, all documents of Perfectus were in the custody of Bryan Cave, who acted as custodian of all Perfectus documents. We understood that all these documents were already produced to Vale. Only recently did we realize that only a portion of those documents were produced.

Rather than work together with us to make sure Vale has an opportunity to review all relevant documents, Mr. Rosenthal, while acknowledging that my practice is not based in the United States has preferred to point out how I am "obviously unfamiliar with SDNY practice" and "educate" me about "how it is done in the SDNY". We see this attitude as extremely arrogant and unhelpful.

Respectfully submitted,

*/s/ Jeffrey A. Rosenthal*
Jeffrey A. Rosenthal
jrosenthal@cgsh.com
Lisa M. Schweitzer
lschweitzer@cgsh.com
Lisa Vicens
evicens@cgsh.com
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
T: 212-225-2000
F: 212-225-3999

*Counsel for Vale S.A., Vale Holdings B.V., and Vale International S.A.*

*/s/ Joseph Z. Hellerstein*
Joseph Z. Hellerstein
jzh@hellerstein-law.com
Hellerstein & Co.
11 Naftali Street, Suite 6
Modiin, Israel 71724
T: 561-367-2569

*Counsel for Perfectus Real Estate Corp. and Tarpley Belnord Corp.*