# CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

WASHINGTON, D.C. • PARIS • BRUSSELS • LONDON • MOSCOW
FRANKFURT • COLOGNE • ROME • MILAN • HONG KONG • BEIJING
BUENOS AIRES • SÃO PAULO • ABU DHABI • SEOUL • SILICON VALLEY

STEVEN M. LOEB
CRAIG B. BROD
NICOLAS GRABAR
DAVID E. BRODSKY
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
ANDRES DE LA CRUZ
DAVID C. LOPEZ
MICHAEL A. GERSTENZANG
LEV L. DASSIN
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
DIANA L. WOLLMAN
JEFFREY A. ROSENTHAL
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
CHANTAL E. KORDULA
BENET J. O'REILLY

ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
LILLIAN TSU
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
COLIN D. LLOYD
RISHI ZUTSHI
JANE VANLARE
DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
AUDRY X. CASUSOL
JOHN A. KUPIEC
ABENA A. MAINOO
HUGH C. CONROY, JR.

JOSEPH LANZKRON
MAURICE R. GINDI
KATHERINE R. REAVES
RAHUL MUKHI
ELANA S. BRONSON
MANUEL SILVA
KYLE A. HARRIS
LINA BENSMAN
ARON M. ZUCKERMAN
KENNETH S. BLAZEJEWSKI
MARK E. MCDONALD
F. JAMAL FULTON
   RESIDENT PARTNERS

SANDRA M. ROCKS
JUDITH KASSEL
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
HEIDE H. ILGENFRITZ
ANDREW WEAVER
HELENA K. GRANNIS
JOHN V. HARRISON
JONATHAN D.W. GIFFORD
SUSANNA E. PARKER
DAVID W.S. YUDIN
   RESIDENT COUNSEL

LOUISE M. PARENT
   OF COUNSEL

D: +1 212-225-2086
jrosenthal@cgsh.com

December 17, 2021

**VIA ECF**

The Honorable Ona T. Wang
United States District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

Re:   *In re Application of Vale S.A. et al.*, No. 20-mc-199-JGK-OTW

Dear Judge Wang:

Vale S.A., Vale Holdings B.V., and Vale International S.A. (collectively, "Vale") respectfully submit the following status letter pursuant to Your Honor's December 7, 2021 Order (ECF No. 112) (the "December 7 Order"). In accordance with the December 7 Order, Vale has completed our review of the latest production by Perfectus Real Estate Corp. and Tarpley Belnord Corp. (collectively, "Perfectus"),[1] and the parties met and conferred on December 15 regarding the deficiencies in Perfectus's productions. Vale's review of the documents and discussions with Perfectus confirm that there remain significant gaps in and unresolved issues with Perfectus's production. Vale therefore requests that in addition to ordering Perfectus to complete its production, the Court compel a deposition of Perfectus's sole employee and director, Gregg Blackstock, as well as a 30(b)(6) deposition of Perfectus, on mutually convenient dates.

**Status of Perfectus's Document Production**

After Perfectus missed earlier court-ordered deadlines for the completion of its production of documents, on November 10, 2021, the Court granted Perfectus a final extension

---

[1] Tarpley Belnord Corp. changed its name to Perfectus Real Estate Corp. on December 14, 2017.

The Honorable Ona T. Wang, p. 2

to November 24, 2021 (a date proposed by Perfectus).  However, Perfectus again failed to comply.

After missing this final deadline, on November 28, 2021, Perfectus produced – without metadata – approximately 8,500 documents that its current counsel received from its predecessor counsel in this matter, Proskauer Rose LLP ("Proskauer"), which had in turn received the documents from Perfectus's longtime former corporate counsel in connection with transactions that are subjects of this proceeding, Bryan Cave Leighton Paisner LLP ("BCLP").  These documents had all apparently been gathered and ready for production eight months earlier, as they were labelled "All BCLP files transferred to Proskauer August 2020 to March 2021."  On December 2, Perfectus produced eight more documents related to the real estate venture at 76 11th Avenue.  On December 7, Perfectus produced approximately 4,000 native file duplicates of certain documents it previously produced on November 28.  No metadata has been produced for the remaining 4,500 documents from the November 28 production.  Three additional documents were produced on December 13.

Several categories previously identified to the Court by Vale remain missing from these productions, including:  nearly all correspondence that did not involve BCLP and native files and/or their attachments for nearly half of the newly produced documents.  Additionally, while finally producing its October and November 2021 bank statements for a Wells Fargo bank account, Perfectus still has not produced any financial statements for 2019 to the present.

A glaring flaw in Perfectus's productions is that the produced correspondence comes almost entirely from the files of BCLP custodians, and not from Perfectus or its sole employee and director, Mr. Blackstock.[2]  Perfectus's current counsel confessed that nobody ran search terms on Mr. Blackstock's files, declaring that such a search would be unnecessarily burdensome and beyond counsel's technical expertise.  Given that BCLP resigned as Perfectus's counsel in October 2018, Perfectus produced no documents from the subsequent three years except for certain legacy issues that required further consultation with BCLP.

Mr. Blackstock – as Perfectus's sole current employee and director – is obviously a key custodian whose documents must be collected and searched.  Indeed, the latest productions confirm that there are aspects of Perfectus's activities for which Mr. Blackstock would have been the sole custodian.  *See* Exhibit 1, P00000009 at 2 (Sept. 6, 2018) (describing Mr. Blackstock as the "sole point person" for the purchase of 500 North Michigan Avenue).

**Request for Leave to Depose Gregg Blackstock**

Given the current status of Perfectus's document production nearly 17 months after this Court granted Vale's 1782 Application, Vale requests that the Court compel depositions of Mr. Blackstock and Perfectus in order to enable Vale to explore the gaps in Perfectus's production

---

[2] At our meet and confer, Perfectus's counsel explained that he has produced to Vale certain documents sent to him by Mr. Blackstock that Mr. Blackstock deems to be responsive for which BCLP was the original custodian.  Perfectus has also produced a handful of responsive emails from Mr. Blackstock that do not include BCLP employees as an "explanation" for the doctored organizational chart described in more detail below.

The Honorable Ona T. Wang, p. 3

and inconsistencies in Perfectus's representations that have been previously documented to the Court.

Moreover, Perfectus still has not provided a satisfactory explanation of Mr. Blackstock's role in the doctored organizational chart described by Vale at the November 10, 2021 hearing before the Court and the December 2, 2021 joint letter. ECF No. 111.[3] As previously described, in producing the chart to us, Perfectus covered up the boxes showing that Tarpley Belnord Corp. is 100% owned by Mr. Steinmetz and Family Trusts with a large blue rectangle that instead states "Perfectus Real Estate Corp." *See* ECF No. 111-1. Counsel for Perfectus maintains that Mr. Blackstock was entitled to alter this document because it corrected an error in the original document. The contemporaneous documents produced by Perfectus make no reference to error but rather a desire to remove the disclosure of Mr. Steinmetz's name. As Mr. Blackstock wrote to Nir Meir, then of HFZ, "please get your guys to to [*sic*] take out Beny's name." *See* ECF No. 111-3 at 2. The circumstances surrounding his alteration of this document is one of the topics we wish to explore in depositions of Mr. Blackstock and Perfectus.

The statutory text of 28 U.S.C. § 1782 provides that a court may compel the production of "testimony" as well as documents, and courts therefore frequently grant depositions pursuant to § 1782. *See, e.g.*, *Fund for Prot. of Invs. Rts. in Foreign States Pursuant to 28 U.S.C. § 1782 for Ord. Granting Leave to Obtain Disc. for Use in Foreign Proc. v. AlixPartners, LLP*, 5 F.4th 216, 222 (2d Cir. 2021) (affirming decision granting deposition of bank's temporary administrator under § 1782); *In re Appl. of 000 Promneftstroy for an Ord. to Conduct Disc. for Use in a Foreign Proc.*, 134 F. Supp. 3d 789, 794 (S.D.N.Y. 2015) (Koeltl, J.) ("[T]he § 1782 application to depose Eric Wolf is granted.").

For the same reasons outlined in Vale's previous applications, the § 1782 factors weigh heavily in favor of granting these depositions.[4] *See* ECF Nos. 45, 90. The Court has already granted § 1782 discovery from Perfectus and several motions to compel production of that discovery. ECF Nos. 45, 76, 91. Perfectus and Mr. Blackstock are both found in this District. *See In re del Valle Ruiz*, 939 F.3d 520, 523 (2d Cir. 2019) (defining this element broadly to extend "to the limits of personal jurisdiction consistent with due process"). Although counsel for Perfectus refused to disclose the location of Mr. Blackstock to us (counsel actually professed not

---

[3] Perfectus's counsel has continued to deny that Mr. Blackstock doctored the chart and has instead demanded that Vale issue a written apology for bringing this issue to the Court's attention, going so far as to refuse entirely to meet and confer with Vale absent such apology until two days before this submission was due when he finally relented.

[4] A district court may grant a Section 1782 petition if: "(1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a foreign tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 80 (2d Cir. 2012). In addition, the Supreme Court has articulated four discretionary factors: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," in which event "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Intel Corp. v. Advanced Micro Devices,* 542 U.S. 241, 264-65 (2004).

The Honorable Ona T. Wang, p. 4

to know and presumably has not even inquired), Mr. Blackstock is the CEO of Perfectus, a New York corporation located in New York that primarily invests in New York real estate, and Perfectus's filings with the New York Department of State list Mr. Blackstock's address as 555 Madison Avenue, New York, NY.  *See* Exhibit 2 at 2.  The applicants (Vale) and underlying proceedings (the English Proceedings) remain unchanged from the original Application.

Perfectus has offered two meritless objections to us:  that these depositions are inconvenient and burdensome.

*First*, "inconvenience . . . without more, is not a basis to quash a subpoena" for a deposition.  *City of Almaty, Kazakhstan v. Sater*, No. 19-CV-2645 (AJN) (KHP), 2020 WL 2765084, at *3 (S.D.N.Y. May 28, 2020) (citing *Anwar v. Fairfield Greenwich Ltd.*, 297 F.R.D. 223, 226 (S.D.N.Y. 2013)).

*Second*, burden in the context of § 1782 is assessed "by applying the familiar standards of Rule 26 of the Federal Rules of Civil Procedure," *Mees v. Buiter*, 793 F.3d 291, 302 (2d Cir. 2015) – that is, whether the discovery is "relevant to any party's claim or defense and proportional to the needs of the case," Fed. R. Civ. P. 26(b)(1).  The depositions sought are plainly relevant.  As described above, Perfectus's inadequate document production has left major gaps because Perfectus has refused to run searches on its CEO Mr. Blackstock's communications.  The two requested depositions are reasonably calculated to fill this gap and, assuming Mr. Blackstock is Perfectus's designated representative, can both be conducted in a single day with no more than seven hours of testimony in the aggregate.  *See Almaty*, 2020 WL 2765084, at *3 (denying motion to quash a deposition subpoena where the deponent's deposition would be "no more burdensome to her than to any other non-party subpoenaed to give deposition testimony").  As a real estate arm of Mr. Steinmetz himself, deposition discovery of Perfectus is plainly relevant and proportional.

Accordingly, Vale respectfully requests that the Court compel depositions of Perfectus and Gregg Blackstock on mutually convenient dates for the parties and set a deadline by which Perfectus must produce these witnesses in order to avoid further delay.

\* \* \*

Vale thanks the Court for Your Honor's consideration.

The Honorable Ona T. Wang, p. 5

                              Respectfully submitted,

                              */s/ Jeffrey A. Rosenthal*
                              Jeffrey A. Rosenthal
                              jrosenthal@cgsh.com
                              Lisa M. Schweitzer
                              lschweitzer@cgsh.com
                              Lisa Vicens
                              evicens@cgsh.com
                              CLEARY GOTTLIEB STEEN & HAMILTON LLP
                              One Liberty Plaza
                              New York, New York 10006
                              T: 212-225-2000
                              F: 212-225-3999

                              *Counsel for Vale S.A., Vale Holdings B.V., and Vale International S.A.*