# CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

WASHINGTON, D.C. · PARIS · BRUSSELS · LONDON · MOSCOW
FRANKFURT · COLOGNE · ROME · MILAN · HONG KONG · BEIJING
BUENOS AIRES · SÃO PAULO · ABU DHABI · SEOUL · SILICON VALLEY

CRAIG B. BROD
NICOLAS GRABAR
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
DAVID C. LOPEZ
MICHAEL A. GERSTENZANG
LEV L. DASSIN
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
DIANA L. WOLLMAN
JEFFREY A. ROSENTHAL
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
CHANTAL E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY

MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
LILLIAN TSU
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
RISHI ZUTSHI
JANE VANLARE
DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
AUDRY X. CASUSOL
JOHN A. KUPIEC
ABENA A. MAINOO
HUGH C. CONROY, JR.
JOSEPH LANZKRON
MAURICE R. GINDI
KATHERINE R. REAVES
RAHUL MUKHI

ELANA S. BRONSON
MANUEL SILVA
KYLE A. HARRIS
LINA BENSMAN
ARON M. ZUCKERMAN
KENNETH S. BLAZEJEWSKI
MARK E. MCDONALD
F. JAMAL FULTON
PAUL V. IMPERATORE
CLAYTON SIMMONS
CHARLES W. ALLEN
RESIDENT PARTNERS

JUDITH KASSEL
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
HEIDE H. ILGENFRITZ
ANDREW WEAVER
HELENA K. GRANNIS
JOHN V. HARRISON
LAURA BAGARELLA
JONATHAN D.W. GIFFORD
SUSANNA E. PARKER
DAVID W S. YUDIN
KARA A. HAILEY
ANNA KOGAN
BRANDON M. HAMMER
RESIDENT COUNSEL

D: +1 212-225-2086
jrosenthal@cgsh.com

**MEMO ENDORSED**

**VIA ECF**                                    January 26, 2022

The Honorable Ona T. Wang
United States District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

Re:     *In re Application of Vale S.A. et al.*, No. 20-mc-199-JGK-OTW

Dear Judge Wang:

On behalf of Vale S.A., Vale Holdings B.V., and Vale International S.A. (collectively, "Vale"), we regret having to seek the Court's assistance in ordering – for the fourth time – Perfectus Real Estate Corp. ("Perfectus") to appear for its Rule 30(b)(6) deposition as ordered by this Court on January 6, 2022, ECF 117, January 13, 2022, ECF No. 122, and January 19, 2022, ECF No. 124.

Despite this Court's multiple orders, Perfectus's latest tactic has been to advise us that it will refuse to answer questions related to the majority of the topics set out in Vale's Notice of Deposition (Exhibit A). Perfectus has long been aware of these topics as they were largely set forth in the subpoena for Rule 30(b)(6) testimony that Vale served on Perfectus on December 1, 2021 and subsequently filed with the Court on December 2, 2021. ECF 111, Exhibit 5. While the Court denied Vale's request for a deposition at that time without prejudice on the basis that Vale should first review Perfectus's additional productions, Your Honor subsequently ordered the Rule 30(b)(6) deposition of Perfectus on January 6, 2022. ECF 117. Vale thereafter served Perfectus with an updated subpoena and Notice of Deposition, *see* Exhibit A, which did not deviate in substance from the Rule 30(b)(6) topics contained in Vale's original subpoena that was submitted to the Court on December 2, 2021. These topics are all well within the scope of Vale's § 1782 Application:

The Honorable Ona T. Wang, p. 2

- Perfectus's historic and actual ownership structure and its relationship (if any) to Beny Steinmetz and Dag Cramer, defendants in the underlying English proceedings[1] (Deposition Topics 1, 6-10);

- Perfectus's relationship with David Barnett, counsel and advisor to Mr. Steinmetz (Deposition Topic 11);

- Perfectus's relationship with HFZ Capital Group (and its officers and directors), with whom Perfectus and Steinmetz have both engaged in real estate transactions (Deposition Topics 5, 12);

- Any funds paid by Vale to BSG Resources Limited ("BSGR") that were subsequently invested with or provided in any manner to Perfectus, directly or indirectly (Deposition Topic 4);

- Perfectus's process for collecting and reviewing documents in response to Vale's subpoena (Deposition Topics 2, 3, 13-16).[2]

Notwithstanding that it has known about and never objected to Vale's deposition topics for nearly two months, and that this Court has twice had to order Perfectus to appear for the deposition, ECF Nos. 117, 122, Counsel for Perfectus several days ago advised Vale that it will instruct its witness not to testify as to any questions related to topics 4, 6, 7, 8, 9, 10, 11 and 12 at the deposition, which is scheduled to go forward in a week's time on February 2 in Milan, Italy. Counsel for Perfectus has offered no reason why it contends that these topics are not relevant and has refused Vale's multiple offers to meet and confer on these topics. Moreover, even though it is plainly *Perfectus's* burden to seek a Protective Order, it has declined to do so.[3]

Given the significant time and expense that will be wasted next week should Perfectus refuse to answer most questions at its February 2 deposition, as well as the urgency given that this deposition is already occurring after the start of the English trial (because of Perfectus's prior non-compliance and then Vale's agreement to Perfectus's request for an extension of the deposition deadline), Vale respectfully requests that the Court promptly issue yet another order

---

[1]   Claim No. CL-2019-000723 in the High Court of Justice, Business and Property Courts of England and Wales, Commercial Court (QBD).

[2]   Counsel for Perfectus has not indicated its intent to instruct its witness against testifying as to these particular deposition topics.

[3]   *See, e.g.,* Moore's Federal Practice – Civil § 30.50 ("A party unwilling to comply with a deposition notice should file a motion for a protective order."); *Fort Worth Emps.' Ret. Fund v. J.P. Morgan Chase & Co.*, No. 09 Civ. 3701, 2013 WL 6439069, at *2 (S.D.N.Y. Dec. 9, 2013) (collecting cases and noting that it is the deponent's burden to seek a protective order for objections to the scope of the 30(b)(6) deposition notice); *Int'l Bhd. of Teamsters, Airline Div. v. Frontier Airlines, Inc.*, No. 11-cv-02007, 2013 WL 627149, at *6-7, *9 (D. Colo. Feb. 19, 2013) (finding that the deponent "had the responsibility to file a motion for protective order regarding disputed issues" as to the scope of topics to be covered in the deposition); *New England Carpenters Health Benefits Fund v. First DataBank, Inc.*, 242 F.R.D. 164, 166 (D. Mass. 2007) (noting that if the deponent is of the view that the "deposition notice was defective or improper in some way" or that the information sought was obtainable through less burdensome means, then it is the deponent's burden to seek a protective order).

The Honorable Ona T. Wang, p. 3

compelling Perfectus to appear for deposition and answer questions on all of the Rule 30(b)(6) topics.

Respectfully submitted,

*/s/ Jeffrey A. Rosenthal*
Jeffrey A. Rosenthal
jrosenthal@cgsh.com
Lisa M. Schweitzer
lschweitzer@cgsh.com
Lisa Vicens
evicens@cgsh.com
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
T: 212-225-2000
F: 212-225-3999

*Counsel for Vale S.A., Vale Holdings B.V., and Vale International S.A.*

---

Application **DENIED** as premature and/or moot. Perfectus has already been ordered to appear for a Fed. R. Civ. P. 30(b)(6) deposition on February 2, 2022. See ECF 117, 122, 124. Counsel are expected to comply with all applicable rules, including Fed. R. Civ. P. 30(c)(2), and behave as officers of the court. *See Colon v. New York City Hous. Auth.*, No. 16-CV-4540 (VSB) (OTW), 2019 WL 4291667, *2 (S.D.N.Y. Sept. 11, 2019) ("[I]nstructions not to answer should be used sparingly, and counsel should otherwise make your objections so that you make your record and you move on . . . . [A]n objection that a question is irrelevant or outside the scope of noticed topics is not a reason to instruct the witness to not answer the question."). If counsel file any motions based on conduct during the deposition, they must attach a copy of the entire deposition transcript, and the Court will consider sanctions on counsel and/or parties who impede, delay, or frustrate the deposition. Fed. R. Civ. P. 30(d)(2) & 37.

**SO ORDERED.**

_____
Ona T. Wang          1/26/22
U.S.M.J.