# HELLERSTEIN & COMPANY

February 15, 2022

<u>VIA ECF</u>

The Honorable Ona T. Wang
United States Magistrate Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

Re:  In re Application of Vale S.A. et al., No. 20-mc-199-JGK-OTW

Dear Judge Wang:

I write in response to Your Honor's request that Perfectus respond to Vale's document request and support its own request for sanctions against Vale with specific citations to the deposition transcript (ECF 130-1), as well as explain why sanctions are appropriate pursuant to case law and the Federal Rules of Civil Procedure.

Below are a few examples of Vale counsel abusing the discovery process by using the deposition of Perfectus, the entity, in an attempt to circumvent Your Honor's denial of Vale's request to depose Gregg Blackstock personally and examine him on matters outside the scope:

At 21:8-9 of the Deposition Transcript: Question not related to Perfectus or to the document production; Relates to Mr. Blackstock's other business dealings
At 43:5-7 of the Deposition Transcript: Question regarding Mr. Blackstock's knowledge of Bank of Scotland personnel;
At 50:16 of the Deposition Transcript: Question regarding Mr. Blackstock's knowledge regarding Mr. Steinmetz's use of his yacht.
At 262:22 of the Deposition Transcript: Question regarding Mr. Blackstock's communications with Mr. Steinmetz's children;

These questions are outside the scope of Perfectus's knowledge as an entity.  They are, indeed, questions that would be asked of Gregg Blackstock personally, had his deposition been approved by Your Honor.  Vale claims to have noticed these topics in a Notice of Deposition, but that Notice of Deposition was specifically rejected by Your Honor.

Moreover, at 117:2 and 303:14 – 309:25, Vale counsel asked for information covered by the attorney-client privilege and took advantage of the fact that the entities holding that privilege (other than Perfectus) were not represented by counsel and could not object.

Rule 37 of the Federal Rules of Civil Procedure provides for sanctions in the case of abuse of the discovery process.  Granted, those sanctions are directed at a party refusing to disclose – but the logic carries to a party abusing the process to obtain personal information, information outside the scope and conduct a fishing expedition.  In Brandi-Dohrn v. IKB DEUTSCHE INDUSTRIEBANK AG, 673 F. 3d 76 - Court of Appeals, 2nd Circuit (2012), although reversing the district court's decision for other reasons and upholding the 1782 Subpoena, the court recognized the danger of the very kind of abuse perpetrated here by Vale counsel

# HELLERSTEIN & COMPANY

See Euromepa S.A. v. R. Esmerian, Inc., 51 F.3d 1095, 1101 n. 6 (2d Cir.1995) ("Euromepa I") ("[I]f the district court determines that a party's discovery application under Section 1782 is made in bad faith, for the purpose of harassment, or unreasonably seeks cumulative or irrelevant materials, the court is free to deny the application in toto, just as it can if discovery was sought in bad faith in domestic litigation."). Here, the Subpoena has already been upheld, but the risk of abuse still accompanies the process and should be prevented.

Regarding further document production and the documents and testimony produced so far pursuant to this proceeding, we acknowledge ECF No. 133 filed today by Vale counsel notifying Your Honor that the English Proceedings have been dismissed. The Subpoena is, therefore, moot, and Perfectus no longer has any obligation to produce documents.  Moreover, we hereby request that Your Honor order that any documents or testimony obtained pursuant to the Subpoena should be destroyed and not used for any purpose.

Respectfully submitted,

*Joseph Z. Hellerstein*

Joseph Z. Hellerstein