# CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

WASHINGTON, D.C. • PARIS • BRUSSELS • LONDON • MOSCOW
FRANKFURT • COLOGNE • ROME • MILAN • HONG KONG • BEIJING
BUENOS AIRES • SÃO PAULO • ABU DHABI • SEOUL • SILICON VALLEY

CRAIG B. BROD
NICOLAS GRABAR
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
DAVID C. LOPEZ
MICHAEL A. GERSTENZANG
LEV L. DASSIN
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
DIANA L. WOLLMAN
JEFFREY A. ROSENTHAL
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
CHANTAL E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
LILLIAN TSU
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
RISHI ZUTSHI
JANE VANLARE
DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
AUDRY X. CASUSOL
JOHN A. KUPIEC
ABENA A. MAINOO
HUGH C. CONROY, JR.
JOSEPH LANZKRON
MAURICE R. GINDI
KATHERINE R. REAVES
RAHUL MUKHI
ELANA S. BRONSON
MANUEL SILVA
KYLE A. HARRIS
LINA BENSMAN
ARON M. ZUCKERMAN
KENNETH S. BLAZEJEWSKI
MARK E. MCDONALD
F. JAMAL FULTON
PAUL V. IMPERATORE
CLAYTON SIMMONS
CHARLES W. ALLEN
RESIDENT PARTNERS

JUDITH KASSEL
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
HEIDE H. ILGENFRITZ
ANDREW WEAVER
HELENA K. GRANNIS
JOHN V. HARRISON
LAURA BAGARELLA
JONATHAN D.W. GIFFORD
SUSANNA E. PARKER
DAVID W.S. YUDIN
KARA A. HAILEY
ANNA KOGAN
BRANDON M. HAMMER
RESIDENT COUNSEL

D: +1 212-225-2086
jrosenthal@cgsh.com

**VIA ECF**                                                                February 18, 2022

The Honorable Ona T. Wang
United States Magistrate Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

                Re:    *In re Application of Vale S.A. et al.*, No. 20-mc-199-JGK-OTW

Dear Judge Wang:

       We write on behalf of Vale S.A., Vale Holdings B.V., and Vale International S.A. (collectively, "Vale") in response to the letter filed on February 15, 2022 by RFR Holding LLC, RFR Realty LLC, R&S Chrysler LLC, and Aby Rosen (collectively, "RFR"), ECF No. 135. RFR's renewed requests to shift costs incurred responding to Vale's Court-ordered subpoenas should be denied.

       As the Court is aware, the High Court dismissed the underlying English Proceedings on February 15, 2022 based on Vale's admission that its claims were time-barred.  ECF No. 133. After three weeks of trial, Vale discontinued its claims in light of very recent developments on the question of limitations.  As the High Court acknowledged, this dismissal was limited to the procedural question of limitations and thus Vale's Subpoenas were not a "mistake."  ECF No. 135 at 2.  RFR improperly argues that the ultimate outcome in the English Proceedings somehow strengthens its case for cost-shifting in these proceedings.

       As explained in Vale's prior response to RFR's cost-shifting application, ECF No. 96, cost-shifting is appropriate only under exceptional circumstances, and it is inapplicable here.[1] The High Court's dismissal of the English Proceedings on the basis that Vale's claims were time-barred does not negate Vale's right to have sought discovery or otherwise suggest that the

---

[1]     See, e.g., 9 Coquillette et al., Moore's Federal Practice - Civil § 45.33 (2022) ("A nonparty responding to a subpoena is generally required to bear its own costs of production.") (footnote omitted).

"Subpoenas never should have been issued," as RFR baselessly claims. ECF No. 135 at 1. In its July 20, 2020 order, the Court determined, after careful analysis, that Vale had satisfied the requirements of 28 U.S.C. § 1782 and that its requests for discovery were appropriate. See ECF No. 45. The ultimate outcome of the underlying foreign proceedings has no effect on that prior determination, or whether the costs of compliance with the Subpoenas should be now be shifted. See, e.g., Peter v. Nantkwest, Inc., 140 S. Ct. 365, 370-71 (2019) ("This Court's '"basic point of reference" when considering the award of attorney's fees is the bedrock principle known as the '"American Rule"'': Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise.") (citing Supreme Court authority dating back to 1796).

Contrary to this longstanding precedent, RFR implies that this Court's decision on cost-shifting should turn on whether the petitioner seeking discovery for use in foreign proceedings is successful before the foreign tribunal. RFR offers no legal support for this mistaken proposition, which contravenes authority holding that the merits of the underlying foreign action are not relevant to discovery issues in § 1782 cases.[2] Conditioning cost-shifting on the outcome of the foreign proceedings "would undermine the policy [of 28 U.S.C. § 1782] of improving procedures for assistance to foreign and international tribunals by imposing an additional burden on persons seeking assistance from our federal courts for matters relating to international litigation."[3] Where a non-party seeks to shift costs incurred in responding to a Rule 45 subpoena, courts consider three factors, all of which favor Vale and advise against cost-shifting: "'whether the nonparty actually has an interest in the outcome of the case, whether the nonparty can more readily bear the costs than the requesting party and whether the litigation is of public importance.'" In re Honeywell Int'l Sec. Litig., 230 F.R.D. 293, 303 (S.D.N.Y. 2003) (citation omitted).[4] None of these factors is affected by the success at trial of the underlying claims.

Accordingly, Vale respectfully requests that RFR's motion for cost-shifting be denied.

---

[2]   See, e.g., Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247 (2004) (noting the limited scope of § 1782 is to "to provide federal-court assistance in gathering evidence for use in foreign tribunals"); Brandi-Dohrn v. IKB Deutsche Industriebank AG, 673 F.3d 76, 82 (2d Cir. 2012) (noting that federal courts resolving § 1782 disputes generally do not "involve themselves in technical questions of foreign law") (citation omitted); In re Gorsoan Ltd., No. 17-CV-5912 (RJS), 2020 WL 3172777, at *5 (S.D.N.Y. June 15, 2020) (noting that ultimate fact-finding responsibilities rest with the foreign court and the U.S. district court's role is merely to help gather evidence); In re Application of 000 Promneftstroy for an Order to Conduct Discovery for Use in a Foreign Proceeding, 134 F. Supp. 3d 789, 793 (S.D.N.Y. 2015) ("To require that a district court undertake a more extensive inquiry into the laws of the foreign jurisdiction would seem to exceed the proper scope of [§] 1782") (citation omitted); In re Bayer AG, 146 F.3d 188, 192 (3d Cir. 1998), as amended (July 23, 1998) (finding that the admissibility of evidence in the foreign proceeding is not relevant to whether that evidence is discoverable in the U.S. under § 1782, explaining that "it 'would contradict the express purpose of section 1782' if the American court were required to predict the actions of another country's tribunal") (citation omitted); In re Application of the Republic of Ecuador, 735 F.3d 1179, 1182 (10th Cir. 2013) ("The only issue before the district court is discovery; the underlying litigation rests before a foreign tribunal.").

[3]   In re Application of Malev Hungarian Airlines, 964 F.2d 97, 100 (2d Cir. 1992); see also In re Application of Grupo Qumma, No. M 8-85, 2005 WL 937486, at *4 (S.D.N.Y. Apr. 22, 2005) ("Section 1782's 'underlying policy should generally prompt district courts to provide some form of discovery assistance.'") (citing Euromepa S.A. v. R. Esmerian, Inc., 51 F.3d 1095, 1102 (2d Cir. 1995)).

[4]   See, generally, ECF No. 96 at 2-3.

The Honorable Ona T. Wang, p. 3

Respectfully submitted,

*/s/ Jeffrey A. Rosenthal*
Jeffrey A. Rosenthal
jrosenthal@cgsh.com
Lisa Vicens
evicens@cgsh.com
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
T: 212-225-2000
F: 212-225-3999

*Counsel for Vale S.A., Vale Holdings B.V., and Vale International S.A.*