# CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

WASHINGTON, D.C. · PARIS · BRUSSELS · LONDON · MOSCOW
FRANKFURT · COLOGNE · ROME · MILAN · HONG KONG · BEIJING
BUENOS AIRES · SÃO PAULO · ABU DHABI · SEOUL · SILICON VALLEY

CRAIG B. BROD
NICOLAS GRABAR
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
DAVID C. LOPEZ
MICHAEL A. GERSTENZANG
LEV L. DASSIN
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
DIANA L. WOLLMAN
JEFFREY A. ROSENTHAL
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
CHANTAL E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY

MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
LILLIAN TSU
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
RISHI ZUTSHI
JANE VANLARE
DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
AUDRY X. CASUSOL
JOHN A. KUPIEC
ABENA A. MAINOO
HUGH C. CONROY, JR.
JOSEPH LANZKRON
MAURICE R. GINDI
KATHERINE R. REAVES
RAHUL MUKHI

ELANA S. BRONSON
MANUEL SILVA
KYLE A. HARRIS
LINA BENSMAN
ADAM M. ZUCKERMAN
KENNETH S. BLAZEJEWSKI
MARK E. MCDONALD
F. JAMAL FULTON
PAUL V. IMPERATORE
CLAYTON SIMMONS
CHARLES W. ALLEN
RESIDENT PARTNERS

JUDITH KASSEL
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
HEIDE H. ILGENFRITZ
ANDREW WEAVER
HELENA K. GRANNIS
JOHN V. HARRISON
LAURA BAGARELLA
JONATHAN D.W. GIFFORD
SUSANNA E. PARKER
DAVID W.S. YUDIN
KARA A. HAILEY
ANNA KOGAN
BRANDON M. HAMMER
RESIDENT COUNSEL

D: +1 212-225-2086
jrosenthal@cgsh.com

March 17, 2022

**VIA ECF**

The Honorable Ona T. Wang
United States Magistrate Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

      Re:   *In re Application of Vale S.A. et al.*, No. 20-mc-199-JGK-OTW

Dear Judge Wang:

      We write on behalf of Vale S.A., Vale Holdings B.V., and Vale International S.A. (collectively, "Vale") to seek leave from the Court to segregate and preserve all documents produced and designated "Confidential" by Perfectus Real Estate Corp. and Tarpley Belnord Corp. (collectively, "Perfectus") in the above-captioned proceedings (the "1782 Proceedings") rather than destroy them at this time, given that these documents are presently the subject of a subpoena (the response to which is overdue) in a separate action in this District before Judge Broderick and Magistrate Judge Lehrburger.

      As the Court knows, the English Proceedings underlying the 1782 Proceedings were dismissed on February 15, 2022. *See* ECF No. 133. As a result, under the terms of the parties' Protective Order, ECF No. 69, Vale is required to "promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) return[] to the producing party

The Honorable Ona T. Wang, p. 2

or certif[y] as destroyed" all "Confidential Information and any copies thereof."  ECF No. 69 at ¶ 12.  That deadline is today.

On March 4, 2022, Vale S.A. served Perfectus with a subpoena pursuant to Federal Rules of Civil Procedure 26, 45 and 69 (the "Subpoena") in connection with Vale's efforts to execute upon its more than $2 billion judgment (the "Judgment") against BSG Resources Limited ("BSGR") in the action captioned Vale S.A. v. BSG Resources Limited, No. 19-cv-3619 (VSB) (RWL) ("NY Enforcement Proceedings").[1]  In that action, Vale is seeking post-judgment discovery pursuant to Federal Rule of Civil Procedure 69(a)(2) to assist in collection of its Judgment,[2] which includes alter ego discovery from Benjamin Steinmetz ("Steinmetz") pertaining to his assets and the assets of BSGR following an order by Magistrate Judge Lehrburger finding that Vale has made a *prima facie* showing that Steinmetz is the alter ego of BSGR.[3]  Given that Perfectus's documents are relevant to both proceedings, the Subpoena Vale served on Perfectus in the NY Enforcement Proceedings seeks the exact same documents that Vale requested from Perfectus in the 1782 Proceedings.  These documents are relevant in identifying New York real estate assets held directly or indirectly by BSGR, its related entities and/or Steinmetz that may be subject to execution through the NY Enforcement Proceedings.

After meeting and conferring with the other 33 Respondents in the 1782 Proceedings seeking either permission for Vale to use the documents they produced in connection with the NY Enforcement Proceedings or an extension of the document destruction deadline while the parties seek to negotiate a resolution, Vale was able to reach agreement with every one of them. For the reasons discussed in the next paragraph, however, we have been unable to engage only Perfectus.

The Subpoena in the NY Enforcement Proceedings required production by March 16. That deadline has passed without Perfectus producing any documents, serving any Responses and Objections, or filing a motion to quash.  Perfectus is thus now in default.  When Vale attempted to meet and confer with Perfectus, its counsel in the 1782 Proceedings (Mr. Hellerstein) advised us that he does not represent Perfectus in the NY Enforcement Proceedings. Vale subsequently contacted Perfectus's sole officer, director, and employee (Mr. Blackstock, who we deposed last month following this Court's order), and he informed us that he has since resigned.  Neither Mr. Hellerstein nor Mr. Blackstock provided Vale with information as to whether Perfectus has retained new legal counsel or hired any new officer, director, or employee.

---

[1]    On April 4, 2019, the London Court of International Arbitration found BSGR liable for the fraudulent misrepresentations that had been made during the joint venture negotiation process and awarded Vale more than $2 billion in damages, interest, and costs (the "Award").  Award ¶¶ 1004-05.  On April 24, 2019, Vale filed the NY Enforcement Proceedings to recognize and enforce the Award in the United States under the Federal Arbitration Act, and on March 5, 2020, Judge Broderick of the United States District Court for the Southern District of New York granted Vale's petition and issued a $2,172,833,761.15 judgment in Vale's favor.  Judgment, Vale S.A. v. BSG Resources Ltd., No. 19-cv-3619-VSB (S.D.N.Y. Mar. 5, 2020), ECF No. 51.  Magistrate Judge Lehrburger was subsequently assigned to that action and has overseen certain discovery matters.

[2]    EM Ltd. v. Republic of Argentina, 695 F.3d 201, 207 (2d Cir. 2012), aff'd sub nom. Republic of Argentina v. NML Capital, Ltd., 573 U.S. 134 (2014) (explaining that in federal and New York state courts, "broad post-judgment discovery in aid of execution is the norm").

[3]    Order on Motion to Compel at 1, Vale S.A. v. BSG Resources Ltd., No. 19-cv-3619-VSB (S.D.N.Y. Oct. 15, 2021), ECF No. 84 (granting Vale's motion to compel, finding that Vale had "establish[ed] that there is *prima facie* evidence that Steinmetz is BGSR's alter-ego" and ordering Steinmetz to produce all responsive documents).

The Honorable Ona T. Wang, p. 3

In short, Vale has been unable to contact or identify anyone who represents or works for Perfectus to address Perfectus's failure to meet its obligations in connection with the Subpoena.

In light of the above, Vale is loath to destroy the documents it received from Perfectus (after considerable delay, financial expense to Vale and expenditure of judicial resources) at a time when Perfectus is in default of its production obligations under the Subpoena.  Accordingly, Vale seeks leave to retain any documents produced and designated as confidential by Perfectus in a segregated format such that they are inaccessible to Vale's counsel.[4]  Vale and its counsel will have no ability to access the documents unless and until either Perfectus grants Vale permission to use the documents in the NY Enforcement Proceedings or the court in the NY Enforcement Proceedings orders their production.  This approach will also minimize costs for all parties in the event that Perfectus grants permission or the court orders production, and ensures that the documents are not lost forever to the extent that Perfectus has not retained them or may no longer have access to them in light of the resignation of Mr. Blackstock, the custodian of many of these documents.

Thank you for the Court's consideration.

Respectfully submitted,

*/s/ Jeffrey A. Rosenthal*
Jeffrey A. Rosenthal
jrosenthal@cgsh.com
Lisa Vicens
evicens@cgsh.com
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
T: 212-225-2000
F: 212-225-3999

*Counsel for Vale S.A., Vale Holdings B.V., and Vale International S.A.*

cc:    All counsel of record
       The Honorable Robert W. Lehrburger

---

[4]    The documents will be kept in a locked folder within Vale's document database that is only accessible by Cleary Gottlieb's technology practice support group.