# HELLERSTEIN & COMPANY

March 20, 2022

<u>VIA ECF</u>

The Honorable Ona T. Wang
United States Magistrate Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

Re:  In re Application of Vale S.A. et al., No. 20-mc-199-JGK-OTW

Dear Judge Wang:

I write in response to Vale's motion to seek leave from the Court to segregate and preserve all documents produced and designated "Confidential" by Perfectus in the above-captioned proceedings (the "1782 Proceedings").

My response in no way should be construed as an acceptance of service of process on behalf of Perfectus of any subpoena.  Nevertheless, since I represented Perfectus in the 1782 Proceeding, I am compelled to respond to Vale's motion in that proceeding.

Vale's motion should be denied for the following reasons:

Perfectus has not been properly served with the Subpoena.  As Vale correctly asserts in its letter, I have not been retained to represent Perfectus in response to the Subpoena, nor do I have authority to accept service of process.  Regardless, Vale has made no assertions that it even attempted to serve Perfectus with the Subpoena according to the standard procedure pursuant to Rule 45.

In Document Number 138, Your Honor ruled that discovery obtained in the 1782 Proceedings should be subject to the Stipulation and Protective Order.  As Vale correctly asserts, the deadline to return or certify as destroyed any Confidential Documents obtained pursuant to the 1782 Proceedings has passed.  Any requests to maintain confidential documents and not destroy or return should have been filed earlier.

As noted in my previous filing, Vale counsel abused Your Honor's order for a deposition of the entity Perfectus by deposing Gregg Blackstock personally on matters not related to Perfectus or the 1782 document production.  Vale counsel took advantage of the fact that I could not instruct Mr. Blackstock not to answer - and had no standing to assert attorney client privilege on behalf of entities other than Perfectus - to improperly obtain confidential and/or privileged information.

The English Proceedings have been dismissed.  Retroactively, therefore, the 1782 subpoena was issued without authority, and Vale had no authority, as it turns out, to receive any documents or obtain any testimony pursuant to the 1782 subpoena.

# HELLERSTEIN & COMPANY

Vale should not be allowed to use a dismissed foreign proceeding as a way to improperly obtain confidential and privileged information.

Respectfully submitted,

*Joseph Z. Hellerstein*

Joseph Z. Hellerstein