**mwe.com**
Andrew B. Kratenstein
Attorney at Law
akratenstein@mwe.com
+1 212 547 5695

May 11, 2022

**VIA ECF**

Hon. Ona T. Wang
United States District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

Re:   *In re Application of Vale S.A. et al.*, 1:20-mc-00199-JGK-OTW

Dear Judge Wang:

We are counsel to SIGNA Chrysler Holding LLC ("SIGNA"). We write pursuant to the Court's Individual Practices in Civil Cases Rule III(b), to request a conference so that SIGNA may move for an order shifting SIGNA's expenses incurred responding to subpoena (the "Subpoena") served on SIGNA by petitioners Vale S.A., Vale Holdings B.V., and Vale International S.A. (collectively, "Vale").

As the Court knows, the Subpoena was issued in connection with a proceeding in the United Kingdom (the "English Proceedings") brought by Vale against Benjamin Steinmetz and persons or entities affiliated with him to obtain damages and collect on a civil arbitration award and judgment previously obtained by Vale. According to its letter filed with the Court on February 15, 2022, "Vale filed to discontinue the English Proceedings" on February 14, 2022, which application was granted "on the basis of Vale's admission that [its] claims are time barred, bringing an end to the foreign Proceedings" underlying the Subpoenas. (D.E. 133.)

Under Federal Rule of Civil Procedure 45, non-parties must be "protect[ed]" from "significant expense resulting from compliance" with subpoenas. Fed. R. Civ. P. 45(d)(2)(B)(ii). Rule 45 thus *requires* expense shifting whenever non-parties incur significant expenses. *See Koopman v. Robert Bosch LLC*, No. 18-CV-4065, 2018 WL 9917679, at *1 (S.D.N.Y. May 25, 2018) (Rule 45 "make[s] cost shifting mandatory in all instances in which a non-party incurs significant expense from compliance with a subpoena") (citations omitted); *Macnamara v. City of New York*, No. 04Civ.9612, 2006 WL 3298911, at *15 (S.D.N.Y. Nov. 13, 2006) (Rule 45 "requires the Court to protect a non-party from 'significant expense'"); *US Bank Nat'l Ass'n v. PHL Variable Ins. Co.*, No. 12 Civ. 6811, 2012 WL 5395249, at *4-5 (S.D.N.Y. Nov. 5, 2012) (requiring plaintiffs to "bear the search, collection, and production costs associated with compliance with the subpoenas served upon" two nonparties).

When determining whether to shift expenses, courts look first at the reasonableness of the costs to be reimbursed and then considers equitable factors including: "(1) whether the nonparty has an interest in the outcome of the case; (2) whether the nonparty can more readily bear the costs; and (3) whether the litigation is of public importance." *In re Namenda Direct Purchaser Antitrust Litig.*, No. 15CIV7488, 2017 WL 3822883, at *10 (S.D.N.Y. Aug. 30, 2017) (citations omitted). Each factor favors shifting here.



One Vanderbilt Avenue New York NY 10017   Tel +1 212 547 5400   Fax +1 212 547 5444
US practice conducted through McDermott Will & Emery LLP.

Hon. Ona T. Wang
May 11, 2022
Page 2

I.  **SIGNA's Expenses Were Reasonable**

SIGNA retained McDermott Will and Emery LLP ("McDermott") and Epiq Systems ("Epiq") to assist in responding to the Subpoena. SIGNA seeks €194,818.86 for McDermott's fees and expenses and €662,240.69 for Epiq's fees and expenses. The supporting details for these amounts are attached as Exhibits A and B, respectively. Vale thus far refuses to reimburse SIGNA for any of its expenses.

SIGNA collected documents that were potentially responsive to the Subpoena from SIGNA's server, which is located in the European Union. We conferred with Vale's counsel on search parameters and terms. Among other things, SIGNA objected to the over-breadth of the Vale's proposed search, including as to its stated time period, from 2010 to the date of the Subpoenas in March 2021. As we explained to Vale's counsel, SIGNA ended its joint venture and all of its dealings with Mr. Steinmetz and his related entities in 2015. Vale's counsel nonetheless rejected our request to shorten the date range. We also offered a compromise by which SIGNA would provide only documents related to its since-terminated joint venture with Mr. Steinmetz and his entities. Vale's counsel rejected this offer as well. Vale's counsel also agreed to some, but not all, of our requested search term modifications. (*See* Exhibit C.)

SIGNA engaged Epiq to collect documents from its server and to conduct the first-level review. McDermott oversaw and managed Epiq. Much of the data collected was in German. Accordingly, rather than incurring translation expenses, Epiq utilized German-speaking project attorneys for the first-level review and German-speaking counsel at McDermott managed reviewer queries and conducted quality-check review. SIGNA made two productions of non-email documents on August 18, 2021 and November 24, 2021. The search terms parameters provided by Vale returned 135,680 email documents for review. Responsive, non-privileged email documents were produced to Vale on March 28, 2022. In total, SIGNA produced 19,368 documents to Vale in response to the Subpoenas.

McDermott's and Epiq's fees are reasonable. Their rates have been approved by other courts (see Exhibits D and E) and are also in line with prevailing market rates. *See also Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) (an attorney's hourly rate is considered reasonable when it is "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."). Reimbursement of expenses incurred by discovery vendors are also recoverable. *See Woburn Ret. Sys. v. Salix Pharm., Ltd.*, No. 14-CV-8925, 2017 WL 3579892, at *8 (S.D.N.Y. Aug. 18, 2017) (awarding reimbursement for expenses including "an electronic discovery vendor"); *In re Marsh ERISA Litig.*, 265 F.R.D. 128, 150 (S.D.N.Y. 2010) (awarding reimbursement for "ordinary and necessary costs such as . . . computer-assisted document organization, travel and copying"). The detail provided in Exhibits A and B also sufficiently supports SIGNA's application. *See, e.g.*, *Mugavero v. Arms Acres, Inc.*, No. 03 Civ. 05724, 2010 WL 451045, at *7-8 (S.D.N.Y. Feb. 9, 2010) (holding that time detail need only allow the court to "determine the reasonableness of the work performed").

II. **SIGNA Has No Interest in the Outcome of Vale's Case**

Expense shifting is also appropriate because SIGNA had no stake in the English Proceedings and will receive no benefit from them – particularly now that Vale has voluntarily dismissed its claims as time-barred. *See, e.g.*, *Israel v. Carpenter*, No. 95CIV2703, 2002 WL 1424594, at *1 (S.D.N.Y. Jun. 28, 2002)

McDermott
Will & Emery

Hon. Ona T. Wang
May 11, 2022
Page 3

("cost-shifting is warranted both by the fact that the non-parties have no stake in this litigation and by the broad nature of the subpoenas issued by plaintiffs"); *United States v. McGraw-Hill Cos.*, 302 F.R.D. 532, 535 (C.D. Cal. 2014) (Rule 45 "make[s] cost-shifting a matter of course" as "[n]onparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of a litigation to which they are not a part.").

SIGNA expended time, money, and effort at Vale's request for Vale's sole benefit in connection with claims that never should have been brought. Thus, Vale should bear the expenses that it forced SIGNA to incur. *See First Am. Corp.*, 184 F.R.D. 234, 241 (S.D.N.Y. 1998) ("A nonparty's legal fees, especially where the work benefits the requesting party, have been considered a cost of compliance reimbursable under Rule 45(c)(2)(B).").

### III. Vale Can Readily Bear the Expense of the Subpoena Response

Vale can readily bear SIGNA's expenses. Vale is a Brazilian multinational corporation and the "world's largest producer of iron ore, pellets, and nickel." *About Us*, http://www.vale.com/en/aboutvale/pages/default.aspx. Upon information and belief, Vale's estimated revenue in 2020 was over $200 *billion*. *See Vale S.A.*, MARKETWATCH, https://www.marketwatch.com/investing/stock/vale. Vale commenced multiple proceedings across multiple countries in connection with its pursuit of Steinmetz (including the underlying proceeding in the United Kingdom, this proceeding, and another proceeding in this district seeking recognition and enforcement of Vale's arbitration award, Case No. 1:19-cv-03619). Vale is plainly able to pay the costs of the production it required from SIGNA and is more readily able to do so. *See Dow Chem. Co. v. Reinhard*, No. M8-85, 2008 WL 1968302, at *2 (S.D.N.Y. Apr. 29, 2008) (awarding costs where the court "doubt[ed] that . . . the corporate behemoth Dow," the subpoenaing party, "will have any trouble covering the expenses for the production"); *Prescient Acquisition Grp., Inc. v. MJ Publishing Trust*, No. 05 Civ. 6298, 2006 WL 2996645, at *3 (awarding costs to nonparty Bank of America).

### IV. The Underlying Litigation is Not of Public Importance

Where a case involves a private dispute amongst private parties, this factor weighs in favor of reimbursement of a non-party. *See, e.g.*, *Prescient*, 2006 WL 2996645, at *3 (awarding costs where "[t]he dispute is among private parties"); *US Bank Nat'l Ass'n*, 2012 WL 5395249, at *4 (awarding costs because "the litigation involves a purely private dispute.") The English Proceedings were a private dispute. To the extent these claims ever could have been considered of public importance, they cannot be now that they had been voluntarily dismissed as time barred. This factor weighs in favor of expense shifting.

We met and conferred with Vale's counsel by phone on April 28, 2022, but were not able to reach a resolution. Accordingly, SIGNA respectfully requests a conference with the Court concerning its application.

McDermott
Will & Emery

Hon. Ona T. Wang
May 11, 2022
Page 4

Respectfully submitted,

Andrew B. Kratenstein

cc: Counsel of Record (via ECF)

Encls.

McDermott
Will & Emery