# MorrisonCohen LLP

Alvin C. Lin
(212) 735-8873
alin@morrisoncohen.com

February 17, 2023

**BY E-FILING**

Magistrate Judge Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:  *In re Application of Vale S.A., Vale Holdings B.V., et al.,*
Civil Action No. 1:20-mc-00199-JGK-OTW

Dear Judge Wang:

We write, as counsel to HFZ Capital Group LLC and affiliated entities ("HFZ"), pursuant to the Court's Individual Practices in Civil Cases Rule III(b) to request a conference so that HFZ may move for an order shifting HFZ's expenses incurred in responding to the 27 subpoenas (the "Subpoena") served by Vale S.A., Vale Holdings B.V., and Vale International S.A. (together "Vale") which sought to obtain evidence for a proceeding in the United Kingdom (the "English Proceedings").  We met and conferred with Vale's counsel by phone on January 31 and February 10, 2023, but were not able to reach a resolution.

Courts have found "cost shifting *mandatory* in all instances in which a non-party incurs significant expense from compliance with a subpoena" *Koopmann v. Robert Bosch, LLC*, No. 18-CV-4065 (JMF), 2018 WL 9917679, at *1 (S.D.N.Y. May 25, 2018) (emphasis added); *see also Iowa Pub. Employees' Ret. Sys. v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, No. 17 CIV. 6221 (KPF), 2019 WL 7283254, at *2 (S.D.N.Y. Dec. 26, 2019) ("the Court aligns itself with those Courts of Appeals to have considered the issue, and finds that the plain text obligates, and not merely empowers, the Court to protect third parties from significant expenses resulting from compliance with subpoenas").

If the expenses are reasonable, then the Court uses a three factor balancing test to determine whether those reasonable costs should be shifted to the subpoenaing party.  *Koopmann*, 2017 WL 3822883 at *1. "The factors to be considered in determining whether cost-shifting is warranted include (1) whether the nonparty has an interest in the outcome of the case; (2) whether the nonparty can more readily bear the costs; and (3) whether the litigation is of public importance." *In re Namenda Direct Purchaser Antitrust Litig.*, 17 MC 0274 (CM) (JCF), 2017 WL 3822883, at *10 (S.D.N.Y. Aug. 30, 2017) (citing *In re World Trade Center Disaster Site Litig.*, No. 21 MC 100, 2010 WL 3582921, at *1 (S.D.N.Y. Sept. 14, 2010)).

HFZ seeks to shift subpoena compliance costs of $414,029.44, which are reasonable, categorically appropriate, and each of the three factors favor shifting HFZ's Subpoena compliance expenses to Vale.  *See* Declaration of Alvin Lin, dated February 17, 2023 ("Lin Decl.").

February 17, 2023
Page 2

### I. HFZ's Expenses Were Reasonable and Categorically Appropriate

Morrison Cohen's fees of $380,244.47 are reasonable. The hourly rates of the partners ($625.00-$875.00), associates ($465.00-$530.00), and paralegals and clerks ($200.00-$390.00) are within the prevailing rates in this district. *See Sagax Dev. Corp. v. ITrust S.A.*, No. 1:19-CV-3386 (RA) (JW) 2022 WL 2663488, at *2 (S.D.N.Y. Jul. 11, 2022); *City of Almaty, Kazakhstan v. Ablyzov*, 15-CV-5345 (JGK) (KHP), 2022 WL 1406248, at *4-5 (S.D.N.Y. May 4, 2022); *Vista Outdoor Inc. v. Reeves Fam. Tr.*, No. 16 CIV. 5766, 2018 WL 3104631, at *6-7 (S.D.N.Y. May 24, 2018).

The hours expended in complying with the Subpoena too were reasonable. Vale refused to narrow their search terms or the scope of their requests, despite eighteen meet and confers and extensive emails and follow up from Morrison Cohen.[1] Lin Decl. ¶ 9. After extensive review, HFZ made thirteen productions totaling 3,001 documents and 29,469 pages. Lin Decl. ¶ 17. An overwhelming percentage of the hours spent by Morrison Cohen attorneys were related to managing and reviewing the large production for responsiveness and for privilege, as well and meeting and conferring with Vale's counsel.[2] Thus, Morrison Cohen's fees of $380,244.47 are reasonable. Finally, HFZ's incidental discovery costs of $33,784.97 are reasonable. *See Westport Ins. Corp. v. Hamilton Wharton Grp. Inc.*, 483 F. App'x 599, 605 (2d Cir. 2012).

### II. HFZ Has No Interest in the Outcome of the English Proceedings

HFZ plainly is not a party in the English Proceedings and no claim has been brought against HFZ. *See Contant v. Bank of Am. Corp.*, No. 1:17-cv-03139 (LGS) (SDA), 2020 WL 3260958, at *4 (S.D.N.Y. June 17, 2020); *see generally* ECF No 3-36. And Vale admits that HFZ had no interest in the English Proceedings: all Vale alleged here was that HFZ entered into a joint venture, years after any wrongdoing by other parties in other transactions. *See* ECF No. 2

---

[1] As a result, HFZ's incurred expenses were not incurred to "protect its own interests." Rather, the expenses were incurred to comply with Vale's demands after refusing to narrow the scope of their requests. *In re First Am. Corp.*, 184 F.R.D. 234, 241 (S.D.N.Y. 1998).

[2] These costs are plainly subject to shifting under Rule 45. *In re Am. Nurses Ass'n*, 643 F. App'x 310, 314 (4th Cir. 2016) ("attorney's fees stemming from the preparation of discovery status reports, attendance at discovery hearings, privilege review of discovery materials" were appropriate for cost shifting); *Nitsch v. DreamWorks Animation SKG Inc.*, No. 514CV04062LHKSVK, 2017 WL 930809, at *2 (N.D. Cal. Mar. 9, 2017) ("Reimbursable expenses under Rule 45 may include some attorney's fees" including fees incurred in "production-related tasks like document review, creating a privilege log, and drafting protective orders" are compensable expenses resulting from subpoena compliance"); *In re Blue Cross Blue Shield Antitrust Litig.*, No. 2:13-CV-20000-RDP, 2018 WL 11425554, at *6 (N.D. Ala. Oct. 24, 2018) (finding expenses "to perform a privilege and relevance review of potentially responsive documents seems fair and reasonable"); *In re Hornbeam Corp.*, No. 14-CV-24887, 2019 WL 5106768, at *4 (S.D. Fla. Sept. 27, 2019) (awarding attorney's fees on Rule 45 cost shifting motion); *Kahn v. Gen. Motors Corp.*, No. 88 CIV. 2982 (PNL), 1992 WL 208286, at *2 (S.D.N.Y. Aug. 14, 1992) (shifting expenses where "overwhelming majority of the entries listed clearly relate to properly reimbursable activities in connection with the retrieval, identification and review of documents called for by the subpoena").

February 17, 2023
Page 3

(Memorandum of Law) at 7.  Those allegations, standing alone, do not make HFZ an interested party in the English Proceedings.  *In re Namenda*, 2017 WL 3822883, at *10.

### III. Vale Can More Readily Bear the Costs of HFZ's Compliance with the Subpoena

Courts find cost shifting especially appropriate where the requesting party can more readily bear the cost of a non-party's compliance with a subpoena.  *See e.g.*, *In re Namenda*, 2017 WL 3822883, at *10.

Vale can more readily bear the costs of HFZ's compliance with the Subpoena.  Vale is "one of the largest metals and mining companies in the world, based on market capitalization. . . . [and] one of the world's largest producers of iron ore and nickel."  Lin Decl. Ex. 2 at 1.  In 2021, Vale reported $54.5 billion in operating revenues.  *Id.* at 2.  HFZ's **entire portfolio of assets**, created over 18 years, is valued at what Vale's **net income** would generate in approximately five months.  *Compare id.* at 125 (HFZ generated $24.8 billion net income for 2021), *with About Us*, HFZ Capital, https://www.hfzcap.com/about, ("HFZ is presently managing more than $10 billion worth of development") (*last visited* February 17, 2023).  Thus, Vale can more readily bear the costs of HFZ's Subpoena compliance.  *Dow Chem. Co. v. Reinhard*, No. M8-85, 2008 WL 1968302, at *2 (S.D.N.Y. Apr. 29, 2008).

### IV. The English Proceedings are a Purely Private Dispute

Shifting costs to the requesting party is particularly appropriate where an underlying case is a private dispute between parties.  *See e.g.*, *US Bank Nat. Ass'n v. PHL Variable Ins. Co.*, No. 12 Civ. 6811(CM)(JCF), 2012 WL 5395249, at *4 (S.D.N.Y. Nov. 5, 2012) ("the litigation involves a purely private dispute"); *Prescient Acquisition Grp., Inc. v. MJ Publ'g Tr.*, No. 05 Civ.6298(PKC), 2006 WL 2996645, at *3 (S.D.N.Y. Oct. 13, 2006) ("The dispute is among private parties with no public interest considerations").

The English Proceedings relate to a private dispute between Vale and BSG Resources Limited and its principal Benny Steinmetz.  *See* ECF No. 2 (Memorandum of Law) at 3-4; *see also* ECF No. 3-36 (listing one claimant and one defendant).  Vale was the litigant affected financially and, thus, regardless of the amount at issue, the English Proceedings are a private dispute.  *See contra*, *In re World Trade Ctr.*, 2010 WL 3582921, at *2 (S.D.N.Y. Sept. 14, 2010); *but see Contant v. Bank of Am. Corp.*, 2020 WL 3260958, at *4.

Respectfully submitted,

*/s/ Alvin Lin*
Alvin Lin

#11618646 v3 \027217 \0001