UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X

In re Application of Vale S.A., Vale Holdings  :
BV, and Vale International S.A. for an Order
Pursuant to 28 U.S.C. § 1782 to Conduct         :
Discovery for Use in Foreign Proceedings,            Case No. 20-mc-199 (JGK) (OTW)

------------------------------------------------------------------- X

### DECLARATION OF ALVIN LIN IN SUPPORT OF NON-PARTY
### HFZ CAPITAL GROUP LLC'S MOTION TO SHIFT SUBPOENA EXPENSES

I, Alvin Lin, being duly sworn, hereby declare and state as follows:

1. I am a partner at the law firm of Morrison Cohen LLP counsel for non-party HFZ Capital Group LLC and its affiliated entities ("HFZ"). I respectfully submit this declaration in support of HFZ's motion (the "Motion") to shift expenses incurred from responding to the 27 subpoenas (the "Subpoena") served by petitioners Vale S.A., Vale Holdings B.V., and Vale International S.A. (together "Vale") in the above-captioned matter. The information set forth in this declaration is based on my personal knowledge and upon my review of the files and records maintained by my office. As to matters stated upon information and belief, I believe them to be true.

2. HFZ is a neutral and disinterested party with no interest in the outcome of the dispute between Vale and Benny Steinmetz which arises from a failed mining joint venture in Guinea, which resulted in a proceeding in the United Kingdom (the "English Proceedings"). The Subpoena sought to trace funds that Vale alleges the English Proceeding defendants originally obtained from Vale and transferred to HFZ. Through no fault of its own, HFZ has been brought into this complicated action and its tortured history, despite the outcome of the English Proceedings having no impact on HFZ. HFZ has been forced to incur significant legal fees and costs in order to meet the burden of responding to Vale's overly broad requests. Such legal fees

and costs have also been unnecessarily enlarged due to Vale's repeated demands for more documents and information. Under these circumstances and pursuant to well settled law, HFZ is entitled to the cost-shifting of attorneys' fees and costs, all of which are reasonable, from Vale.

3. Morrison Cohen has been required to expend significant resources on behalf of HFZ in connection with this action, totaling approximately $478,258.44 in total fees and costs. As set forth in more detail below, HFZ seeks to shift expenses totaling $414,029.44.

**A. HFZ Attempted to Narrow the Scope of Vale's Broad Requests**

4. In or about September 2020, counsel for HFZ and Vale attended two meet and confers to narrow the scope of the Subpoena's requests. The parties were unable to come to a resolution. On September 14, 2020, HFZ sought to quash the Subpoenas served on HFZ – including because of the extensive burden and expense that they would impose on HFZ – and requesting expense shifting to Vale if the Court required compliance with the Subpoenas. Counsel for HFZ and Vale continued to meet and confer twice in October 2020.

5. On September 17, 2020, Vale strenuously opposed HFZ's application, rejecting HFZ's arguments that the Subpoenas were overbroad and contending (among other things) that that the expense shifting issue should be "deferred".

6. On January 29, 2021, the Court issued an Order (the "January 2021 Order") denying HFZ's and other non-parties' motions to quash, and deferring on HFZ's expense-shifting request. (ECF No. 76 at 8) ("The Court will not consider cost shifting nor order indemnification at this time.").

7. Despite HFZ's attempts to reduce duplication and narrow the scope of the Subpoena, Vale remained obstinate and demanded HFZ answer 15 requests over a 10-year timespan and across over 25 affiliated entities.

8. In or about April 2021, after determining that 10,000 documents were returned in response to Vale's proposed keywords for HFZ's document search, HFZ requested that Vale share in the costs of hiring an outside vendor to conduct a first level review. In response, Vale offered to conduct the entire review of documents, which HFZ declined due to privilege and confidentiality concerns.

9. Vale refused to narrow their search terms or the scope of their requests, and instead insisted on HFZ providing ever more information (including funds tracing charts and organizational charts) and documents (including affiliated entities' property information, wire transfer and payment information, financial statements, and board meeting minutes). Again, these Vale demands sought documents and communications over a 10-year timespan and across over 25 affiliated entities, making each additional demand especially cumbersome. In an unsuccessful attempt to stave off the burden, HFZ and Vale met and conferred eighteen times between September 2020 and January 2022.

B. **Morrison Cohen's Reasonable Attorneys' Fees Incurred**

10. HFZ retained Morrison Cohen to represent HFZ in this matter in or about July 2020. In connection with legal services provided from the inception of Morrison Cohen's representation through October 13, 2022, HFZ has been billed $478,258.44 in fees and expenses in connection with this project. Attached hereto as Exhibit 1 are true and correct copies of Morrison Cohen's invoices to HFZ, containing its daily, chronological, and contemporaneously-recorded billing records through October 13, 2022 (the "Invoices") for those services.[1]

---

[1] The Invoices have been redacted to shield attorney-client privileged information, work product, and other confidential data. By attaching these Invoices, HFZ does not waive and expressly reserves and preserves any and all applicable privileges or protections relating to this information.

11. Certain charges reflected in the Invoices were billed to HFZ for fees incurred on legal issues related to this matter, but for which HFZ is not seeking cost-shifting from Vale (the "Omitted Fees"). The Omitted Fees are marked on the invoices via a mark of "**NO CHARGE**". The Omitted Fees total $39,811.50 in fees incurred for HFZ's motion to quash and $24,417.50 in fees incurred in preparing this Motion.[2] The Omitted Fees remain included in the Invoices for the Court's review.

12. I am familiar with the time and record keeping practices of Morrison Cohen used in this matter (and used generally throughout the firm). Timekeepers typically capture and record time spent on a daily basis, including the amount of time spent and a description of the activities. This time is then released regularly into the firm's computerized billing system which automatically applies the timekeeper's billing rate. Accordingly, the Invoices were prepared from time records contemporaneously made by the firm's timekeepers, each of whom had personal knowledge of the services they were recording. The record of services is a business record of the firm as it was prepared in the regular course of Morrison Cohen's business, it is part of Morrison Cohen's business to make and maintain such records, and the underlying time records were prepared at or near the times the services reflected therein were rendered.

13. The time and charges recorded in the billing system for a matter are organized by date and timekeeper, and are printed on a regular basis, reviewed for billing purposes, and then the bills are printed and transmitted to Morrison Cohen's clients, including HFZ. The collection of the information included in the Invoices, and the sending of the Invoices to HFZ, all occurred in the ordinary course of Morrison Cohen's business.

---

[2] The costs that HFZ incurred (set forth in more detail below) are not part of the Omitted Fees.

14.     In this case, HFZ has incurred fees to Morrison Cohen, based upon its hourly rates and time expended, and none of the attorneys' fees were charged on a contingency basis.  Based on a review of Morrison Cohen's Invoices as well as time entries for July 2020 through October 2022, HFZ has incurred $380,244.47 in fees (excluding the Omitted Fees) related to responding to the Subpoena.  A breakdown of fees by timekeepers through October 2022 (excluding time entered for the Omitted Fees) is as follows:

| Name | Title | Hourly Rates | Timekeeper ID | Hours |
|---|---|---|---|---|
| Adegoke, Dupe | Associate | $465-$475 | DUA | 15.5 |
| Bogale, Tsedey | Associate | $465-$530 | TAB | 441.0 |
| Davis, Chelsey | Paralegal | $295-$350 | CAD | 13.1 |
| Fei, Andrew | Litigation Support | $240 | ANF | 7.0 |
| Frolov, Dimitri | Litigation Support | $290 | DIF | 42.7 |
| Grant, Heretto | Litigation Support | $275 | HLG | 1.0 |
| Klebanoff, New | Litigation Support | $390 | NEK | 7.5 |
| Kennelty, Michael | Paralegal | $335-$390 | MKE | 0.3 |
| Lin, Alvin | Partner | $625-$690 | AL | 125.9 |
| Mahecha, Lucy | Paralegal | $375 | LM | 7.0 |
| Milito, Christopher | Partner | $660-$875 | CM | 49.6 |
| Pichardo, Lisa | Docketing Clerk | $200 | LIP | 0.4 |
| Singleton, Gisselle | Litigation Support | $390-$430 | GLS | 6.9 |
| Sun, Kuo-Ning | Attorney | $300-$350 | KNS | 65.2 |
| Vazquez, Francis | Docketing Clerk | $210 | FRV | 3.6 |
| Wytenus, Christopher | Managing Clerk | $250-$305 | CWY | 0.7 |

15.     As reflected above, this matter was handled efficiently, was staffed appropriately, and the time charges for the services were reasonable and necessary.  Over the course of over two

years, the overwhelming majority of the fees attributed to the matter were for my work, along with the work of Tsedey Bogale (the primary associate on the matter for the majority of the life of the matter) and the work of Christopher Milito (another partner familiar with HFZ).  The detailed time records provide task-based billing indicating exactly what each timekeeper billed, redacted only to protect attorney-client privileged and confidential matters.  Moreover, the timekeepers involved in the matter complemented each other, and worked efficiently, to bring this matter to this stage of litigation.

16. In addition to the fees incurred, HFZ incurred costs (marked on the invoices as disbursements) of $33,784.97 through October 2022, for electronic data storage and searches, court filings, vendor fees, copying and reproduction charges, mailings, and other disbursements. These costs all were incurred in conjunction with the legal services rendered, and constituted ordinary and usual costs for the items reflected thereon.

17. The amount sought for the shifting of HFZ's attorneys' fees and expenses is reasonable and proper in light of the services performed in connection with the Subpoena.  After an extensive document review, including highly sensitive and privilege financial information, HFZ made thirteen productions totaling 3,001 documents and 29,469 pages.  An overwhelming percentage of the hours spent by Morrison Cohen attorneys were for related to managing and reviewing the unnecessarily large production for responsiveness and for privilege.  Analysis of the services provided to HFZ and the nature and course of this litigation effort demonstrates that the requested legal fees are reasonable in relation to the volume and complexity of the analysis and work performed.  Among other things, the legal services provided by Morrison Cohen in connection with this matter, have included the following:

- Reviewing over 10,000 documents for responsiveness and privilege;

- Finalizing redactions and producing over 3,000 documents;

- Responding to email communications from Vale requesting additional information related to produced documents;

- Preparing charts and drafting letters in response to Vale's requests; and

- Preparing for and participating in eighteen telephone conferences with Vale's counsel.

18. Accordingly, HFZ respectfully requests that the Court shift the costs of attorneys' fees, costs, and expenses in the amount of $414,029.44 through October 2022 (comprised of $380,244.47 in attorneys' fees and $33,784.97 in costs), which is the sum total of the Invoices, less the Omitted Fees.

### C. Morrison Cohen, Attorney Biographies And Rates

19. Morrison Cohen is a full service law firm located in New York, New York, which served as counsel to HFZ connection with this action. Tsedey Bogale and I have been the primary Morrison Cohen attorneys working on this matter.

20. I am partner of Morrison Cohen and graduate of Harvard Law School. I have more than 20 years of experience litigating complex commercial litigation, real estate litigation, contract and partnership disputes, litigation involving closely held businesses, and employment and securities matters. My hourly rates are commensurate with typical rates charged by law firms in the community for the services rendered by Morrison Cohen.

21. Christopher Milito is a partner of Morrison Cohen and a graduate Brooklyn Law School. He has more than 20 years of experience litigating complex commercial litigation, real estate and development litigation, contract and partnership disputes, and product liability actions.

His hourly rates are commensurate with typical rates charged by law firms in the community for the services rendered by Morrison Cohen.

22. Tsedey Bogale was an associate of Morrison Cohen from 2019 to 2023. She is a graduate of the University of Pennsylvania Law School and has been practicing law since 2013. Her hourly rates were commensurate with typical rates charged by law firms in the community for the services rendered by Morrison Cohen.

23. Kuo-Ning (Anna) Sun is an attorney with Morrison Cohen and received an LL.M. from Southern Methodist University Law School, as well an LL.B from National Taipei University. She has nearly 15 years' experience as a legal consultant and document review manager. Her hourly rates were commensurate with typical rates charged by law firms in the community for the services rendered by Morrison Cohen.

24. The hourly rates of the paralegals and clerks from our Managing Clerk's Office who worked on this matter over the course of the last two years, are, likewise, commensurate with the rates typically charged by law firms in the community for services similar to the services rendered in this case.

25. As set forth above, while numerous attorneys and staff worked on this matter at various times over the course of over two years, most the fees attributed to the matter result from the work of two attorneys, myself, the primary partner in this matter, and Tsedey Bogale, the primary associate in this matter. Christopher Milito and Kuo-Ning Sun (and Daniel Gilpin, whose time is not being sought because it is part of the Omitted Fees) were assigned to discrete and necessary tasks. This matter was handled efficiently, was staffed appropriately, and the time charges for the services were reasonable and necessary. Morrison Cohen attorneys engaged in extensive efforts to collect and produce the documents sought by the Subpoenas, thus the hours

expended in complying with the Subpoena were reasonable. Accordingly, HFZ incurred reasonable fees and costs in the amount of $414,029.44.

### D. Vale's Financial Condition

26. As part of the Motion, the Court should consider whether Vale can more readily bear the costs of HFZ's compliance with the Subpoena. Attached as Exhibit 2 is a true and accurate copy of the Form 20-F, Annual Report Pursuant to Section 13 or 15(d) of the Securities Exchange Act for 1934 for Vale S.A., for the fiscal year ended December 31, 2021, which is publicly available on Vale's website at https://vale.com/announcements-results-presentations-and-reports#relatorios-anuais and https://api.mziq.com/mzfilemanager/v2/d/53207d1c-63b4-48f1-96b7-19869fae19fe/0e5b0c83-d7c1-4dde-1e8d-98a1cbe18274?origin=1

Dated: New York, New York
February 17, 2023

/s/ Alvin Lin
ALVIN LIN