# CLEARY GOTTLIEB STEEN & HAMILTON LLP

| | | |
|---|---|---|
| **AMERICAS** | One Liberty Plaza | **EUROPE & MIDDLE EAST** |
| NEW YORK | New York, NY 10006-1470 | ABU DHABI |
| SAN FRANCISCO | T: +1 212 225 2000 | BRUSSELS |
| SÃO PAULO | F: +1 212 225 3999 | COLOGNE |
| SILICON VALLEY | | FRANKFURT |
| WASHINGTON, D.C. | clearygottlieb.com | LONDON |
| **ASIA** | | MILAN |
| BEIJING | D: +1 212 225 2086 | PARIS |
| HONG KONG | jrosenthal@cgsh.com | ROME |
| SEOUL | | |

September 25, 2024

**VIA ECF**

The Honorable Ona T. Wang
United States Magistrate Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

Re: <u>In re Application of Vale S.A. et al.</u>, No. 20-mc-199-JGK-OTW

Dear Judge Wang:

      We write on behalf of Vale S.A., Vale Holdings B.V., and Vale International S.A. (collectively, "Vale") in response to the letter brief filed on September 23, 2024 by HFZ Capital Group LLC and affiliated entities (collectively, "HFZ"), ECF 170, seeking to shift to Vale more than $414,000 in costs they allegedly incurred while responding to Vale's third party subpoena.

      In 2010, Vale paid BSGR $500 million to enter into a joint venture related to valuable mining rights in the Republic of Guinea. ECF 2 at 3-4. BSGR then entered into a joint venture with HFZ through which BSGR invested a portion of Vale's $500 million payment. ECF 2 at 7-12. In 2019, an arbitral tribunal found BSGR liable for fraudulent misrepresentations and awarded Vale more than $2 billion. ECF 2 at 4. In July 2020, this Court granted Vale's application to conduct discovery pursuant to 28 U.S.C. § 1782 from a number of real estate entities, including HFZ, for use in proceedings in the High Court of England and Wales (the "English Proceedings") against BSGR's founder and namesake Beny Steinmetz. ECF 45. Vale sought discovery to, *inter alia*, trace the proceeds of its $500 million payment to support its claims in the English Proceedings. ECF 2 at 6. HFZ made its final production to Vale on January 26, 2022. The High Court dismissed Vale's claims as time barred and Vale terminated these proceedings on February 15, 2022. ECF 133. More than an entire year later, HFZ filed an untimely letter seeking to shift its costs to Vale. ECF 157, 158. Vale filed its opposition within three business days. ECF 160.

      The Court ordered a telephonic pre-settlement conference on December 21, 2023. ECF 162. Counsel for HFZ failed to appear. HFZ never offered an explanation for its absence;

instead, pretending that it had skipped nothing, HFZ simply filed a new letter with the Court two months later seeking to "renew[]" its request for leave to file its cost-shifting motion. ECF 163.[1]

## I. HFZ Is Not Entitled to Cost-Shifting

A nonparty responding to a Rule 45 subpoena "is generally required to bear its own costs of production."[2] In assessing an application to shift costs incurred in responding to a Rule 45 subpoena, courts consider three factors: "[1] whether the nonparty actually has an interest in the outcome of the case, [2] whether the nonparty can more readily bear the costs than the requesting party and [3] whether the litigation is of public importance."[3]

All three factors counsel against cost-shifting here. *First,* HFZ was not a disinterested third party with no stake in the underlying litigation. Mr. Steinmetz and related entities entered into a joint venture with HFZ and invested in at least 12 HFZ properties in the years following BSGR's receipt of the $500 million from Vale.[4] During this period, Mr. Steinmetz communicated extensively with HFZ's principals about managing the BSG-HFZ joint venture's assets and real estate investment opportunities in New York.[5] *Second,* HFZ was a large real estate developer with more than $10 billion in assets, and was able to bear these costs.[6] Courts in the Second Circuit have declined to shift costs when a subpoena recipient had more than enough resources to bear the costs of compliance, regardless of the size of the applicant.[7] *Third,*

---

[1] If the Court awards any costs to HFZ, which it should not for the reasons described here, that amount should be offset by costs incurred by Vale in preparing for and participating in the December 21, 2023 conference that HFZ did not attend. See Del Rio v. 257 SG Pizza Corp., No. 19-CV-3426 (OTW), 2021 WL 1907413, at *2 (S.D.N.Y. Apr. 6, 2021) (ordering plaintiff to reimburse defendant for full fees and costs associated with Court-scheduled conference that plaintiff failed to attend).

[2] 9 Daniel R. Coquillette et al., Moore's Federal Practice § 45.33 (3d. 2022); In re World Trade Ctr. Disaster Site Litig., No. 21 MC 100(AKH), 2010 WL 3582921, at *1 (S.D.N.Y. Sept. 14, 2010) ("Under Federal Rule of Civil Procedure 45, a party issuing a subpoena is not required to bear the subpoenaed nonparty's cost of compliance.") (citations omitted).

[3] In re Honeywell Int'l, Inc. Sec. Litig., 230 F.R.D. 293, 303 (S.D.N.Y. 2003) (citation omitted).

[4] See ECF 2 at 7-8; ECF 3, Ex. ZZ (Steinmetz Blackberry extraction identifying properties); ECF 3, Ex. BBB (BSG Real Estate Org Chart); ECF 160, Ex. A, Ex. B (Email from HFZ counsel identifying "materials prepared by individual(s) working on behalf of Mr. Steinmetz using accounting records located at HFZ's office"); see also Wells Fargo Bank, N.A. v. Konover, 259 F.R.D. 206, 206 (D. Conn. 2009) (denying costs where non-party had "material involvement and strong interest in" a "central transaction[] being challenged as a fraudulent transfer in [underlying] case"); Cornell v. Columbus McKinnon Corp., No. 13-cv-02188-SI, 2015 WL 4747260, at *5 (N.D. Cal. Aug. 11, 2015) (the fact that the non-party was "substantially involved in the underlying transaction" weighed "against shifting costs") (citation omitted).

[5] See Vale S.A. v. BSG Resources Ltd., No. 19-cv-3619-VSB (S.D.N.Y. May 14, 2021), ECF 74, Ex. 50, Email from C. Papachristophorou to B. Steinmetz, Jan. 25, 2013 ("we need to . . . talk a bit more about the HFZ JV and future strategy"); id. Ex. 51, Email from Luv Shah to B. Steinmetz, Apr. 11, 2013 (referring to "BSG Real Estate in its newly formed joint venture with HFZ Capital").

[6] Jim Vinoski, New Properties Partnership Bets Big On Legacy Manufacturing Sites, Forbes (Feb. 13, 2019), https://www.forbes.com/sites/jimvinoski/2019/02/13/new-properties-partnership-bets-big-on-legacy-manufacturing-sites/.

[7] See Chevron Corp. v. Donziger, No. 11 Civ 0691 (LAK), 2013 WL 1087236, at *33 (S.D.N.Y. March 15, 2013) (denying request to shift $1 million in costs where subpoena was not an undue burden on non-party given "its size (reportedly over $300 million in gross revenues in 2012), and its economic interest in this controversy"); Nike, Inc. v. Wu, No. 13 Civ. 8012 (CM), 2020 WL 257475, at *14 (S.D.N.Y. Jan. 17, 2020) (denying cost-shifting by "large financial institution[s] with billions of dollars in revenues and trillions of dollars in assets"); Progressive

the underlying foreign litigation was of public importance because it brought to light significant fraud and a prominent scheme of bribery of public officials[8] and advanced the important policy goal of increasing reciprocal international cooperation in judicial proceedings.[9]

Even when the above three-factor test is satisfied and a court elects to shift costs, the nonparty bears the burden of demonstrating that its costs are "reasonable."[10] HFZ's application for $414,029.44 is "extremely high and objectively unreasonable,"[11] and far exceeds the amounts awarded in all of the cases HFZ has cited.[12] Further, HFZ's application seeks reimbursement for fees that are *never* appropriately shifted.[13] HFZ's bills reveal entries related to its cost-shifting application and its opposition to Vale's subpoena,[14] as well as categories of entries considered inappropriate for cost-shifting, including privilege review,[15] communications with other subpoena recipients,[16] and disbursements after the claim was terminated.[17]

Accordingly, Vale respectfully requests that the Court deny HFZ's motion in its entirety.

---

Sterilization, LLC v. Turbett Surgical, LLC (In re Kaleida Health), No. 21-MC-34V(F), 2021 U.S. Dist. LEXIS 146218 at *6-7, 14 (W.D.N.Y. Aug. 4, 2021) (declining cost-shifting for company with $1.8 billion in revenue).

[8] In re First Am. Corp., 184 F.R.D. 234, 242 (S.D.N.Y. 1998) ("strong public interest" in lawsuit involving global bank fraud). While HFZ attempts to distinguish In re First Am. Corp. as involving "one proceeding of many spawned by the largest bank fraud in world history," ECF 170 at 3, here too the underlying fraud claims "spawned" multiple proceedings all over the world – in jurisdictions including the U.S., England, Guinea, and Switzerland.

[9] See In re Metallgesellschaft AG, 121 F.3d 77, 80 (2d Cir. 1997).

[10] Sands Harbor Marina Corp. v. Wells Fargo Ins. Servs. of Or., Inc., 09-CV-3855 (J5)(AYS), 2018 WL 1701944, at *4 (Mar. 31, 2018) (citing Blum v. Stenson, 465 U.S. 886, 897 (1984)).

[11] Valcor Eng'g Corp. v. Parker Hannifin Corp., No. 8:16-cv-00909-JVS-KESx, 2018 WL 3956732, at *3 (C.D. Cal. July 12, 2018); see also Nike, Inc. v. Wu, 2020 WL 257475, at *2. While HFZ contends that Valcor is distinguishable because the attorneys' fees sought primarily "arose from discovery motions," ECF 170 at n.1, HFZ likewise seeks reimbursement of fees related to its cost-shifting application and its opposition to Vale's subpoena, see infra n.14. HFZ's attempt to distinguish Nike, Inc. v. Wu, ECF 170 at n.1, fares no better. There, non-party banks undertook costly steps in their production at their own discretion, and because the expenses did not "flow directly from a Rule 45 subpoena," they were not compensable. Nike, Inc. v. Wu, 2020 WL 257475, at *14.

[12] See, e.g., Koopman v. Robert Bosch LLC, No. 18-CV-4065, 2018 WL 9917679 (S.D.N.Y. May 25, 2018) (awarding up to $30,000 in costs); Contant v. Bank of Am. Corp., No. 1:17-cv-03139 (LGS) (SDA), 2020 WL 3260958 (S.D.N.Y. June 17, 2020) (awarding $17,500 in fees); Prescient Acquisition Grp., Inc. v. MJ Publishing Trust, No. 05 Civ. 6298, 2006 WL 2996645 (awarding $35,767.50 in fees and $7,147.64 in expenses).

[13] See Contant, 2020 WL 3260958, at *5 ("Certain of the time billed during this period, for which FXCM seeks reimbursement, is not reasonably charged to Plaintiffs since such time was not spent in connection with subpoena compliance, but rather was spent seeking to avoid compliance or seeking to obtain fees for FXCM").

[14] See, e.g., ECF 158, Ex. 1 at 51 (billing 4.7 hours for "research on federal rules regarding attorney's fees . . . [and] communications with team regarding attorney's fees"); id. at 52 ("calculate legal bills that relate to subpoena compliance"); id. at 33 ("draft objections and responses to subpoena; narrow document production").

[15] See, e.g., ECF 158, Ex. 1 at 41 (billing 4.4 hours to "review and analyze documents for privileged designation"); id. at 52 (billing 4.2 hours to "draft privilege log of designated documents"). Courts in this circuit have held that time spent on privilege review is ineligible for cost-shifting. See US Bank Nat'l Ass'n v. PHL Variable Ins. Co., No. 12 Civ. 6811(CM)(JCF), 2012 WL 5395249, at *4 (S.D.N.Y. 2012) (ordering that "non-parties shall bear their own costs of reviewing the documents for privilege").

[16] This includes over $3,500 for calls with counsel for other subpoenaed entities. See ECF 158, Ex. 1 at 24.

[17] This includes over $8,000 in data hosting fees from after February 2022 (after Vale's claims in the English Proceedings were dismissed), see ECF 158, Ex. 1 at 45-47, 54-56. HFZ relies on Westport Ins. Corp. v. Hamilton Wharton Grp. Inc., 483 F. App'x 599 (2d Cir. 2012) for the proposition that HFZ's "incidental discovery costs" are reasonable, ECF 70 at n.2, but this misses the point. Many of HFZ's entries have nothing to do with compliance with the subpoenas. See, e.g., id. Ex. 1 at 23 (entries related to drafting motion to withdraw as counsel for Nir Meir); id. at 50 (entries "review[ing] HFZ documents" that opposing counsel identified for use in depositions).

3

Respectfully submitted,

*/s/ Jeffrey A. Rosenthal*
Jeffrey A. Rosenthal
jrosenthal@cgsh.com
*Counsel for Vale S.A., Vale Holdings B.V., and Vale International S.A.*

cc: All Counsel of Record (via ECF)